# Attachment D

AFFIDAVIT OF WILLIAM B. PURPURA

I, William B. Purpura, affirm that I am over the age of eighteen and am competent to make this affidavit upon personal knowledge:

1.  I am an attorney located in Baltimore, MD.  I have approximately thirty two years of experience in criminal defense work.  I was admitted to the California bar in 1977.  In 1978 I was admitted to the Maryland bar and the bar of the United States District Court for the District of Maryland.  In addition, I am a member of the United States District Court for Washington, D.C., the Eastern District of New York, and the Central District of California.

2.  Although my practice has a civil component, I primarily provide counsel for criminal defendants.  Over the past seven years, I have almost exclusively worked in the federal court system.  I represented my first federal defendant in 1977.  Since that time, I have represented well over one hundred defendants in federal court.  I have probably conducted over fifty federal jury trials.

3.  In my experience there is an extremely high likelihood of conviction in federal court.  This is the result of several factors including the skill and resources of Government counsel, the generally strong evidence in the cases that they bring, and the general favorability of federal juries for the Government's position.  It is further my experience that there is almost always a substantial difference in the length of a sentence imposed after a guilty plea and a guilty verdict.

4.  In light of these aspects of federal court practice, the negotiation of a plea agreement, in most cases,  offers the best outcome for a defendant.  If the Government does not make an offer, competent counsel must consider proposing an offer himself, but it is extremely rare in federal cases for there to be no plea offer at all.  In order to determine whether to advise a client to take a plea, first, the attorney must consider the strength of the Government's evidence.  Second, the attorney must consider the seriousness of the punishment the defendant will face should he be unsuccessful at trial.  If the attorney believes the evidence of guilt is overwhelming and the possible punishment severe, counsel adhering to any standards of professional care will vigorously pursue a plea in order to mitigate the defendant's sentencing exposure.

5.  I have reviewed the facts and circumstances of this case.  In such a case I cannot fathom not seeking a plea.  It would have been the only route with any chance of succeeding in resulting a sentence less than life.  Unless a client is of such an age that a term of years and a life sentence are essentially the same thing, a plea that will avoid a life sentence is an absolutely necessity in federal practice.  Failing to pursue a plea in this case was a breach of the standard of care.

6.  It is my understanding that the breach here was made worse by the fact that the Assistant United States Attorney may have indicated the Government's amenability to a plea as late as jury selection.  The Government requested that the defendant make a proffer, an offer which counsel rejected without asking their client whether he was interested in it.  Failing to

present this offer to the client was a breach of counsel's legal and ethical obligations as well as outside the standard of care in federal criminal practice in which a life sentence is at stake.

7.     In a case such as this, where the defendant is a first offender, I would expect a plea offer to be in the range of thirty years, dependant somewhat on whether the defendant was interested in cooperating with the Government and what the extent of his cooperation would be.

I hereby certify under the penalties of perjury that the statements herein are true and correct to the best of my knowledge, information, and belief.

Date ___DECEMBER 12, 2011___          Signed _____