The Law Office of

# Marta K. Kahn, LLC

8 East Mulberry Street
Baltimore, MD 21202

tel: 410-299-6966
fax: 443-927-7216
mkkahn@yahoo.com

May 18, 2012

The Honorable Peter J. Messitte
United States District Court Judge
United States District Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

    *United States v. James Flood*, Criminal No. PJM-03-457

Dear Judge Messitte:

    Enclosed please find the Affidavit of trial counsel Michael E. Lawlor, which will serve as Attachment C to the §2255 petition currently pending in the above captioned matter.

    Thank you for your consideration.

Sincerely,

Marta K. Kahn

Enclosure

# ATTACHMENT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

                               *

         Respondent       *    Criminal No.  PJM-03-457

                               *

    v.                       *    Civil No.

                               *

JAMES FLOOD            *

                               *

         Petitioner        *

                               *

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION OF MICHAEL LAWLOR

I, Michael Lawlor, Esq., under penalty of perjury, affirm the following to be true and correct to the best of my recollection and belief.

1.   I, along with John McKenna, was counsel for Mr. Flood at trial and at sentencing in Criminal No. PJM 03-0457, in which Mr. Flood was charged with: kidnapping resulting in death and related offenses.

2.   At trial, Mr. Flood was convicted of all counts in the indictment.

3.   I also represented Mr. Flood in his unsuccessful appeal to the Fourth Circuit.

4.   I have reviewed Mr. Flood's §2255 Motion and spoken with Ms. Kahn about it. I believe that the allegation that Mr. McKenna and I were ineffective in failing to seek a pre-trial resolution of this case is correct. This was my first federal trial and I was appointed as Mr. McKenna's second chair some time into the case. Our failure to seek a pre-trial resolution of this case was not based on any strategic decision. We didn't do it because, in all honesty, as much as it pains me to say it, we didn't know better. I have had any number of cases like Mr. Flood's since the time of this case and have never failed to actively seek out a plea offer and make a recommendation to the client about

the propriety of accepting the plea.   By way of example, in 2008 I was counsel for Willie Mitchell in the United States District Court for the District of Maryland during his trial for murder in aid of racketeering and other counts. Although Mr. Mitchell was "flesh and blood" and refused to speak with me, I still sought out a plea from the government and presented it to him and urged him to accept it.

Our decision not to seek a plea, to the degree that constituted a decision as opposed to mere inaction, was not based on our view that the trial was one we would likely succeed at nor was it based on any reluctance to plead guilty by Mr. Flood.    We knew that the case posed problems for any number of reasons:  The use of Mr. Flood's car and cellphone during the crime.  His identification by an uninterested witness.  His efforts to conceal the crime by lying to the Grand Jury and disposing of the car utilized during the kidnapping. We were aware that the case was fraught with problems and that, if convicted, the penalty was mandatory life.

During jury selection, I was approached by Ms. Wilkinson about the prospect of pleading.  Mr. McKenna and I met with her and Ms. Johnston that same night, after trial.   We were informed that in order to receive an offer, Mr. Flood would have to proffer.  Mr. McKenna and I discussed this and decided preferring at this stage of the case was too risky.    We failed, however, to permit Mr. Flood to make an election about proffering.   That said, we did discuss the notion of pleading guilty with him and he was not reluctant to do so. He had some concerns about the amount of time he might have to serve, naturally, but did not indicate he would not plead guilty.

I believe that Mr. McKenna and my failure to seek out a plea in this case, well in advance of the trial, fell below the standard of care for practicing attorneys in this District.    As I stated, given the chance to approach the case again, knowing what I know at this stage of my career, I would take all reasonable steps to secure a plea offer in this case. We did not and I am very regretful of that course of conduct in Mr. Flood's case.

5.    I have reviewed the remainder of Mr. Flood's petition and can state the following to the best of my recollection:

a.   I don't believe we would have tried to join our trial with that of Mr. Wilson.  This decision had been reached prior to my entering my appearance but my recollection is that Mr. Wilson gave a statement to the police implicating Mr. Flood.

b.   Regarding the multiplicity argument, I recall raising this at sentencing and on direct appeal, both unsuccessfully.

c.   Pertaining to the *Batson* issue, I do not recall contemplating such a motion.   Our failure was not purposeful.

d.   Our failure to deliver evidence promised in opening, assuming the opening can be read as such, was based on rulings made by the Court during trial.  At some point, I recall, the government indicated that they possessed evidence of other criminal activity by Mr. Flood that it was prepared to present and we altered our strategy accordingly.

e.   I do not agree that we conceding the elements of the offense.   Our position at trial was that Mr. Flood was neither present at nor aware of the kidnapping of the victim and did not participate in a conspiracy to commit the act or the substantive act.   We conceded those things that we had to concede, the use of the car and cellphone, for example, while pushing out theory when we could.

f.   I have no recollection at this time about why we did not ask for the limiting instruction pertaining to Ms. Massey's testimony.

This is a summary of my recollection of the case as it pertains to Mr. Flood's allegations.  If called to testify, I could provide additional detail.

I affirm under the penalty of perjury that the foregoing affirmation is true and correct.

Michael E. Lawlor