**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**PETER J. MESSITTE**                                                    **6500 CHERRYWOOD LANE**
**UNITED STATES DISTRICT JUDGE**                                         **GREENBELT, MARYLAND  20770**
                                                                         **301-344-0632**

October 23, 2012

Deborah Johnston, Esquire                    Sandra Wilkinson, Esquire
Office of the U.S. Attorney                  Office of the U.S. Attorney
6500 Cherrywood Lane, Suite 400              36 S Charles Street, Fourth Floor
Greenbelt, MD 20770                          Baltimore, MD 21201

    Re:    *Lighty v. United States*, Civil No. PJM 12-3065, Crim. No. 03-0457
           *Flood v. United States*, Civil No. 11-3563, Crim. No. 03-0457

Dear AUSAs Johnston and Wilkinson:

Petitioners in the referenced cases have filed their respective Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Both contend, among other things, that during the trial their attorneys rendered ineffective assistance of counsel when they failed to object to the Government's allegedly improper use of its preemptory strikes.  The allegation of both Petitioners is that the Government sought to strike women, and in particular, African-American women ("the *Batson* contention").  This argument is substantially briefed in Lighty's Motion.  The Government has already filed its Response to Flood's Motion, which addressed his *Batson* contention, but has not yet responded to Lighty's Motion.

Given the circumstances, a separate briefing schedule may be appropriate with respect to this ineffective assistance claim so that the Court can address the contention in the two cases at the same time. Accordingly, the Government is **DIRECTED** to consult with counsel for Lighty and Flood, and then submit a proposed briefing schedule that bifurcates its briefing on the *Batson* contention from the balance of Lighty's contentions.  The Government should also seek to agree on the timetable for responding to the balance of Lighty's Motion.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                        Sincerely yours,

                                        /s/

                                        Peter J. Messitte

cc:    Court File
       Julie Brain, Esquire (via ECF notification)
       Molly Theresa Cusson, Esquire (via ECF notification)
       Marta Karin Kahn, Esquire (via ECF notification)