OFFICE OF THE **FEDERAL PUBLIC DEFENDER**
FOR THE DISTRICT OF DELAWARE

**EDSON A. BOSTIC**
FEDERAL PUBLIC DEFENDER

**JULIE BRAIN**
CHIEF, CAPITAL HABEAS UNIT

**KARL D. SCHWARTZ**
ASSISTANT,
FEDERAL PUBLIC DEFENDER

November 5, 2012

The Honorable Peter J. Messitte
United States District Judge for the
District of Maryland
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

   Re: *United States v. Kenneth J. Lighty and James Flood*, Case No. 03-
     cr-00457-PJM
     *United States v. Kenneth J. Lighty*, Case No. 12-civ-3065-PJM
     *United States v. James Flood*, Case No. 11-civ-3563-PJM

Dear Judge Messitte:

   Pursuant to the Court's October 23, 2012, Order, [Doc. 436], on November 2, 2012, the government conferred with undersigned counsel for Mr. Lighty and counsel for Mr. Flood regarding a proposed briefing schedule in the above-captioned matter. With respect to the *Batson/J.E.B.* claim that the Defendants' Motions have in common, the parties agreed that, as an initial matter, each should be granted access to the strike lists reflecting the peremptory strikes that each party exercised during jury selection at trial and that the Jury Clerk's Office presently maintains. Accordingly, a Consent Motion for Access to Juror Strike Lists is being filed with the Court concurrently with this letter.

   Undersigned counsel and the government were unable to agree, however, on the order in which their various pleadings should be filed following the Court's ruling on the Consent Motion. As they have informed the Court, [Doc. 440], the government takes the position that Mr. Lighty must file a legal brief on the merits of his claims before it files any responsive pleading with respect to Mr. Lighty's Motion. Mr. Lighty respectfully disagrees, and submits that the Rules Governing § 2255 Proceedings for the United States District Courts dictate a different procedure.

   The Rules Governing § 2255 Proceedings direct that such a proceeding be initiated by the movant's filing of a "motion to vacate, correct, or set aside sentence." Rule 2(a). Thereafter, unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party if not entitled to relief" such that summary dismissal is appropriate, "the judge must order the United States attorney to file an answer,

1

motion or other response within a fixed time." Rule 4(b). The movant may then submit a reply within the time allotted by the judge. Rule 5(d).

There is no requirement that a § 2255 motion contain legal argument or authority. Rule 2(b)(1)-(3) requires only that the motion set forth "all of the grounds for relief available to the moving party," "the facts supporting each ground," and "the relief requested." "[A] habeas corpus petition or civil rights complaint need *only* set forth facts giving rise to the cause of action." *Bounds v. Smith*, 430 U.S. 817, 825 (1977) (emphasis added).[1] A petition "need not plead the law." *Johnson v. Puckett*, 929 F.2d 1067, 1070 (5th Cir. 1991). Indeed, "[n]o statute or rule requires that a petition identify a legal theory or include citations to legal authority." *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994). And the Appendix of Forms to the § 2255 Rules expressly instructs a movant: "Do not argue or cite law. Just state the specific facts in support of your claim." *See also* Randy Hertz & James S. Liebman*, Federal Habeas Corpus Practice and Procedure* § 29.1 (6th ed. 2011) ("The Rules Governing Section 2254 Cases in the United States District Courts require specificity and detail in pleading facts, but they do not require the initiatory pleading to be, nor usually should it be, a brief on the law. Nor need the petitioner file simultaneously with the petition a comprehensive legal memorandum"). Numerous district courts have recognized in both § 2255 and § 2254 cases that a petitioner is neither required nor typically permitted to include legal citations in a petition. *See, e.g., United States v. Westry*, 2007 WL 2051264 at *4 n.3 (S.D. Ala.); *Robinson v. Birzgalis*, 311 F. Supp. 908, 909-10 (D. Kan. 1970); *Elkanich v. Alexander*, 315 F. Supp. 659, 662 (D. Kan. 1970); *United States ex rel. Walton v. Russell*, 297 F. Supp. 197, 198 (W.D. Pa. 1969); *Coonts v. Wainwright*, 282 F. Supp. 893, 896 (M.D. Fla. 1968). All that is appropriate for the movant to include are "the controlling constitutional or statutory authorities for his claims," Hertz & Liebman*, supra*, § 11.6, as Mr. Lighty's Motion does.

This procedure is supported by sound practical considerations. It is inappropriate and potentially wasteful of resources to include legal argument in a petition because "it almost inevitably would be incomplete pending further exploration of the facts and might mislead the court into reaching the merits in advance of necessary factfinding procedures. Hertz & Liebman, *supra*, § 11.7(d). Accordingly, "efficiency concerns often lead courts to defer briefing on the law until all factfinding and other preliminary procedures have been exhausted." *Id.* at § 29.1.

Mr. Lighty submits that, as to the *Batson/J.E.B.* claim the appropriate first step following disclosure of the strike lists is for Mr. Lighty to prepare and submit an amended motion, incorporating any relevant factual information contained in those lists. Once that amended motion is filed, the government should be directed to file a response thereto under

---

[1] Some of the authorities cited herein discuss the issue in the context of 28 U.S.C § 2254 proceedings rather than 28 U.S.C § 2255 proceedings. In this respect, however, there is no analytical difference between the two and authorities applicable in one context have equal bearing in the other. *See* Hertz & Liebman, *supra*, § 41.4(b) ("the form and contents of initiatory section 2255 pleadings should be basically the same as the form and contents of initiatory habeas corpus pleadings").

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

Rule 4(b) of the Rules Governing § 2255 Proceedings, to be followed by a reply by Mr. Lighty.  In light of the government's consent to disclosure of the strike lists, it is practical and appropriate for the government's response and Mr. Lighty's reply to include briefing on both the merits of the claim and the proper procedure for its resolution.

With respect to the balance of Mr. Lighty's claims, the necessary next step is for the government to file its answer and for Mr. Lighty to file his reply.  Mr. Lighty respectfully submits that his Motion amply demonstrates that summary dismissal pursuant to § 2255 Rule 4(b) is inappropriate in this case.  *See, e.g., United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (noting that summary dismissal in § 2255 proceedings "is 'warranted' only if a habeas petitioner's allegations 'when viewed against the record . . .' are 'palpably incredible' or 'patently frivolous or false'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977).  Accordingly, once the pleadings on the *Batson/J.E.B.* claim have been completed, the Court should direct the government to file an answer to the remaining claims, to be followed by a reply by Mr. Lighty.  Once any disputed factual issues have thereby been identified, Mr. Lighty will seek permission to engage in any necessary and appropriate fact-development procedures, such as discovery and supplementation of the record, and, if necessary, an evidentiary hearing. Upon the Court's resolution of Mr. Lighty's requests, merits briefing of the balance of Mr. Lighty's claims should then be ordered.

Mr. Lighty has attached a proposed scheduling order that incorporates the procedures suggested in this letter.

Respectfully submitted,

/s/ Julie Brain
Julie Brain
Julie_brain@fd.org
Karl Schwartz
Karl_schwartz@fd.org
Capital Habeas Unit
Delaware Federal Defender Office
800 King Street
Suite 200
Wilmington, DE 19801
302-573-6010

/s/ Seth Rosenthal
Seth A. Rosenthal (D. Md. Bar No. 10780)
sarosenthal@venable.com
Gilead I. Light
gilight@venable.com
Molly T. Geissenhainer (D. Md. Bar No. 18390)

3

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

mtgeissenhainer@venable.com
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
202-344-4000

*Counsel for Kenneth Jamal Lighty*