UNITED STATES OF AMERICA, )
)
       *Plaintiff*, )    Case No. 03-cr-00457-PJM
)
v. )
)
KENNETH JAMAL LIGHTY, )
)
       *Defendant*. )

## PETITIONER'S MOTION FOR DISCOVERY REGARDING CLAIMS OTHER THAN CLAIM I IN HIS MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to Rule 6 of the Rules on Motion Attacking Sentence Under Section 2255, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Due Process Clause of the Fifth Amendment, the Eighth Amendment, and this Court's Order dated November 19, 2012 (ECF No. 449), Petitioner Kenneth Jamal Lighty ("Mr. Lighty") respectfully requests leave to conduct the following discovery related to claims other than Claim I in his motion for relief under 28 U.S.C. § 2255:

1.     **CLAIM II – TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE AT THE GUILT PHASE.** In Claim II of his Motion, Mr. Lighty alleges that his trial counsel rendered ineffective assistance at the guilt phase of his trial by, *inter alia*, failing to adequately investigate and present evidence that an individual named Tony Mathis, and not Mr. Lighty, killed Eric Hayes. (ECF No. 451 at 32-37.) Mr. Lighty requests leave to conduct the following discovery with respect to this aspect of his Claim:

A. Deposition of Tamika Hampton. Tamika Hampton was Mathis's girlfriend and the mother of his children. The transcript of her testimony before the grand jury in this case reveals that she is in possession of a great deal of information that is incriminatory of Mathis and evidence of his violent character. *See* Ex. 1, attached. Mr. Lighty seeks to depose Ms. Hampton to discover the full extent of the information that she possesses relevant to his Claim.

B. Production of Documents by the Government. Mr. Lighty also seeks an order directing the Government to produce any and all information in its possession in whatever form it is maintained implicating Tony Mathis in the homicide of Mr. Hayes, whether as principal or accessory; any and all information regarding the carjacking of James Flood Jr. between January 2, 2001 and January 2, 2002; any and all information implicating Francisco Brittingham and/or Roberto Brittingham and/or any of their associates in the carjacking of James Flood Jr.; any and all information suggesting that the motive for the abduction of Eric Hayes was retaliation for a robbery, carjacking and/or assault committed by Fransciso Brittingham, Roberto Brittingham and/or any other individual; any statements, oral or written, and transcripts of any testimony before the grand jury of Francisco Brittingham, Roberto Brittingham and Paul Hill; and any information suggesting that there was a close relationship between James Flood, Jr. and Tony Mathis and/or the absence of such a relationship between James Flood Jr. and Tony Mathis on the one hand and Kenneth Lighty and/or Lorenzo Wilson on the other.

C. Production of Documents by the Government. Mr. Lighty also seeks an order directing the Government to produce any and all pretrial statements made to the Government and/or law enforcement by Tamika Hampton, Eugene Scott, Anthony

Leftwich or Robert Smith, in whatever form maintained, including recorded statements, written statements, oral statements and notes taken during interviews.

D. Deposition of Caprecia Yarborough. Caprecia Yarborough was the girlfriend of Eric Hayes at the time of the homicide; she gave information to police suggesting that the actual target of the abduction was Antoine Forrest.

E. Subpoena for Mathis's Prince George's County Detention Center Records. The Government presented evidence at trial that one of Hayes's abductors said that he had recently been released from jail. The Government further presented evidence that Mr. Lighty had been released from jail on October 21, 2001, in support of its claim that Mr. Lighty was the abductor who made the comment. Court records show that Tony Mathis was also released from jail in October, 2001, specifically from the Prince George's County Detention Center, though the precise date of his release is unclear. The records of the facility will prove precisely which day in October, 2001 that Mathis was released.

2. Also in Claim II of his Motion, Mr. Lighty alleges that his trial counsel rendered ineffective assistance at the guilt phase by failing to adequately discover, investigate and present available evidence to mitigate the overwhelming prejudice that Mr. Lighty suffered as a result of the erroneous admission of evidence regarding a separate homicide that occurred on Afton Street. (ECF No. 451 at 43-50.) Mr. Lighty requests leave to conduct the following discovery with respect to this aspect of his Claim:

A. Production of Documents by the Government. Mr. Lighty also seeks an order directing the Government to produce any and all information in its possession and

not previously disclosed, in whatever form it is maintained, regarding the Afton Street homicide. The Government disclosed certain information to Mr. Lighty's trial counsel prior to trial. However, the Government is in possession of additional information regarding the incident that was not disclosed. On November 13, 2012, counsel for Mr. Lighty travelled to the FBI Resident Agency in Calverton, Maryland to view the exhibits that were admitted at trial. During the course of that review, counsel opened one of the boxes that was present and observed what appeared to be documents and physical evidence relating to the Afton Street incident that were not contained in the discovery provided to trial counsel. Counsel saw, for example, a .40 caliber handgun that was recovered from the vehicle believed to have been used by the Afton Street shooters and not mentioned in any previously disclosed discovery materials. Before counsel could examine the complete contents of the box, however, the Assistant United States Attorney in attendance forbade any further review, stating that the box had accidentally been included among the trial exhibits being made available for review.

B.      Production of Documents by the Government. Mr. Lighty also seeks an order directing the Government to produce any and all information in its possession and not previously disclosed, in whatever form it is maintained, regarding the shooting up of Mr. Lighty and Mr. Wilson's neighborhood the night before the Afton Street shooting by an individual suspected to be the target of the Afton Street shooting and others who were reported to be traveling in a burgundy Ford Expedition.

C.      Subpoena to Prince George's County Police Department. Mr. Lighty seeks leave to issue a subpoena duces tecum to the Prince George's County Police Department directing production of any and all information in its possession and not

previously disclosed, in whatever form it is maintained, regarding the Afton Street homicide; and any and all information in whatever form it is maintained regarding the shooting up of Mr. Lighty and Mr. Wilson's neighborhood the night before the Afton Street shooting by an individual suspected to be the target of the Afton Street shooting and others who were reported to be traveling in a burgundy Ford Expedition.

3.      Also in Claim II of his Motion, Mr. Lighty alleges that his trial counsel rendered ineffective assistance at the guilt phase by failing to adequately discover, investigate and present evidence that key Government witness Charles Whitley was an experienced informant who had a history of parlaying information about alleged criminal acts of others into legal and other benefits for himself. (ECF No. 451 at 57-58.) Mr. Lighty requests leave to conduct the following discovery with respect to this aspect of his Claim:

A.      Subpoena to Prince George's County Police Department. Mr. Lighty seeks leave to issue a subpoena duces tecum to the Prince George's County Police Department directing production of all information in whatever form it is maintained regarding Charles Whitley's contact with law enforcement, including all arrests, stops, interviews, investigations and other encounters, whether or not resulting in formal charges against him; and all information in whatever form it is maintained regarding Charles Whitley's cooperation, offers to cooperate or refusals to cooperate with any law enforcement agency or official by Charles Whitley in connection with any matter, including but not limited to homicide investigations and/or prosecutions, investigations and/or prosecutions of violations of the laws governing controlled substances and investigations and/or prosecutions of other crimes of violence. The information shall include, but not be limited to, all instances of cooperation, offers to cooperate or refusals

to cooperate, regardless of whether Mr. Whitley was ever called to testify in a judicial proceeding, gave a written or recorded statement or ultimately provided any useable information. It shall include all instances in which law enforcement officers or other officials attempted to verify information given by Mr. Whitley and the results of those attempts, and the particular nature of any consideration provided to Mr. Whitley in return for actual or expected cooperation, including but not limited to monetary payment, relocation, reduction or dismissal of criminal charges, decisions not to prosecute, and the prosecution's actual or promised representation to a tribunal regarding Mr. Whitley's cooperation.

B.    Production of Documents by the Government.  Mr. Lighty also seeks an order directing the Government to produce any and all information in its possession in whatever form it is maintained regarding cooperation, offers to cooperate or refusals to cooperate with any law enforcement or prosecutorial agency or official by Charles Whitley in connection with any matter, including but not limited to homicide investigations and/or prosecutions, investigations and/or prosecutions of violations of the laws governing controlled substances and investigations and/or prosecutions of other crimes of violence.  The information shall include, but not be limited to, all instances of cooperation, offers to cooperate or refusals to cooperate regardless of whether Mr. Whitley was ever called to testify in a judicial proceeding, gave a written or recorded statement or ultimately provided any useable information.  It shall include all instances in which law enforcement officers or other officials attempted to verify information given by Mr. Whitley and the results of those in exchange for cooperation in the investigation of any incident, as the particular nature of any such consideration, including but not limited to

6

monetary payment, relocation, reduction or dismissal of charges, declination of prosecution, and the government's actual or promised representation to a tribunal regarding Mr. Whitley's cooperation.

C.      Subpoena for Whitley's Prince George's County Detention Center Records.   Mr. Lighty seeks leave to issue a subpoena duces tecum to the Prince George's County Detention Center for any and all records in its possession regarding the incarceration of Charles Whitley, to include, but not be limited to, a complete history of the dates on which Whitley was committed to, and released from, the facility, and any indications that Whitley was at any time cooperating with law enforcement, such as separation orders, housing assignments, restrictions on movement within the facility, incident reports, correspondence, visitation logs, and requests for contact with or access to law enforcement officials.

D.      Deposition of Detective Sean Chaney.  Mr. Lighty seeks leave to depose Detective Sean Chaney of the Prince George's County Police Department regarding his knowledge of Whitley's cooperation with law enforcement in this and all other cases.

E.      Deposition of Charles Whitley.  Mr. Lighty seeks leave to depose Charles Whitley himself on the subject of his cooperation with law enforcement in cases other than this one.

4.      Also in Claim II of his Motion, Mr. Lighty alleges that his trial counsel rendered ineffective assistance by failing to discover, investigate and present evidence that an individual named Maurice Gray was implicated in the Afton Street homicide that was introduced against

7

Mr. Lighty during the guilt phase.  (ECF No. 451 at 58.)  Mr. Lighty requests leave to conduct the following discovery with respect to this aspect of his Claim:

A.      Subpoena to Prince George's County Police Department.  Mr. Lighty seeks leave to issue a subpoena duces tecum to the Prince George's County Police Department directing production of all information in whatever form it is maintained regarding the role of Maurice Gray in the January 31, 2002, homicide of Antoine Newbill on Afton Street, Temple Hills, Maryland, including but not limited to the affidavit in support of the search warrant that was executed at Mr. Gray's residence, 10904 Phillips Drive, Upper Marlboro, Maryland, on February 23, 2002; any reports, notes, correspondence or other documents relating to obtaining and executing that search warrant; any and all evidence implicating Mr. Gray in the homicide of Mr. Newbill, whether as principal or accessory.

B.      Production of Documents by the Government.  Mr. Lighty also seeks an order directing the Government to produce any and all information in its possession in whatever form it is maintained regarding the role of Maurice Gray in the January 31, 2002, homicide of Antoine Newbill on Afton Street, Temple Hills, Maryland, including but not limited to the affidavit in support of the search warrant that was executed at Mr. Gray's residence, 10904 Phillips Drive, Upper Marlboro, Maryland, on February 23, 2002; any reports, notes, correspondence or other documents relating to obtaining and executing that search warrant; any and all evidence implicating Mr. Gray in the homicide of Mr. Newbill, whether as principal or accessory.

5.     **CLAIM IV – MR. LIGHTY WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS BECAUSE THE GOVERNMENT ENGAGED IN PROSECUTORIAL MISCONDUCT.**  In Claim IV of his Motion, Mr. Lighty alleges that his constitutional right to a fair trial was violated by prosecutorial misconduct on the part of the Government, which included the failure to disclose material impeaching information regarding Charles Whitley and his history of cooperation with law enforcement as an informant.  (ECF No. 451 at 82-83)  The information requested by Mr. Lighty in paragraph 3, above, is also directly relevant to this Claim.

6.     In Claim IV of his Motion, Mr. Lighty alleges that his constitutional right to a fair trial was violated by prosecutorial misconduct on the part of the Government, which included the failure to disclose material exculpatory information implicating Maurice Gray in the Afton Street homicide.  (ECF No. 451 at 84-85)  The information requested by Mr. Lighty in paragraph 4, above, is also directly relevant to this aspect of Mr. Lighty's Claim.

7.     **CLAIM VI – TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE AT THE PENALTY PHASE.**  In Claim VI of his Motion, Mr. Lighty alleges that his constitutional right to the effective assistance of counsel at the penalty phase of his trial was violated, *inter alia*, by the failure of his counsel to adequately investigate and present available mitigating evidence.  (ECF No. 451 at 103-49.)  Mr. Lighty requests leave to issue the following subpoenas duces tecum with respect to this aspect of his Claim:

A.     District of Columbia Family Court – Juvenile and Neglect Branch for any and all records maintained regarding contacts between the court and Denise Lighty, Mr. Lighty's deceased mother.

B. District of Columbia Department of Health for any and all records of Mr. Lighty's birth and post-birth hospital stay at D.C. General Hospital, including records stored under the name of his mother, Denise Lighty.

C. Maryland Division of Corrections for its complete, unredacted file on Mr. Lighty and his incarcerations in the Division's facilities.

D. Georgia Department of Public Health – Vital Records Office for the birth certificates of Mr. Lighty's deceased maternal great grandfather, John Henry Smith, and his maternal grandmother, Nancy Smith (Westfield).

E. Prince George's County Division of Social Services for any and all records maintained regarding Mr. Lighty's maternal grandmother, Nancy Westfield, including but not limited to records of her service as a foster parent.

8. The information requested in Paragraphs 1 – 4 above in connection with Claim IV of Mr. Lighty's Motion, which alleges ineffectiveness of trial counsel at the guilt phase, is also directly relevant to this Claim. The prejudice that flowed from counsel's constitutionally inadequate performance at the guilt phase – particularly as to counsel's failure to adequately investigate and present evidence of, *e.g.,* Tony Mathis' responsibility for Hayes' murder, the Afton Street homicide and Charles Whitley's history of cooperation with the Government – affected not only the jury's guilt phase verdict, but also their sentencing decision.

WHEREFORE, for the foregoing reasons and the reasons explained in the accompanying Memorandum of Law, Mr. Lighty respectfully requests that this motion for discovery be granted.

Dated:  February 11, 2012

Respectfully submitted,

 /s/ Julie Brain
Julie Brain
JulieBrain1@yahoo.com
Attorney at Law
127 Church Street
2nd Floor
Philadelphia, PA 19106
(267) 639 0417

/s/ Karl Schwartz
Karl Schwartz
Karl_schwartz@fd.org
Capital Habeas Unit
Delaware Federal Defender Office
800 King Street
Suite 200
Wilmington, DE 19801
302-573-6010

/s/ Seth Rosenthal
Seth A. Rosenthal (D. Md. Bar No. 10780)
sarosenthal@venable.com
Molly T. Cusson (D. Md. Bar No. 18390)
mtcusson@venable.com
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
202-344-4000

*Counsel for Kenneth Jamal Lighty*