**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA      :

 v.                      :       **CRIMINAL NO.  PJM  03-cr-0457**

KENNETH JAMAL LIGHTY,      :

**...oooOooo...**

**RESPONSE OF THE UNITED STATES OF AMERICA**
**TO DEFENDANT'S  EX PARTE MOTION FOR FOSTER CARE RECORDS**

The United States of America, by and through its undersigned counsel, hereby respectfully submits the following in response to the Defendant's *Ex Parte* Motion for Foster Care Records:

1. The defendant has filed an *ex parte* motion for foster care records.  Specifically, the defendant requests the court to "provide counsel with an appropriate order for the production of the records."

2. The defendant is not entitled to discovery as a matter of right when he files a petition pursuant to 28 U.SC.  2255. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, he must establish good cause for such discovery. Section 2255, Rule 6(a).  "Good cause" for discovery exists when a petition for habeas corpus establishes a prima facie case for relief.  *See Harris v. Nelson*, 394 U.S. 286, 290 (1969).  A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief.  *Bracy*, 520 U.S. at 908-09; s*ee also United States v. Roane,* 378 F.3d 382(4th Cir. 2004) (finding trial judge

1

did not abuse his discretion in denying the bulk of the defendant's discovery requests, and permitting only limited discovery for additional forensic testing).

3. In the instant motion, the defendant asserts that there are foster care records that exist which contain information about the defendant during a time when the defendant was receiving care in a foster home in Prince George's County. The defendant further avers that these records "also typically identify social workers and other agency employees who provided direct services to the defined foster family, and who can provide valuable insight and observations of the dynamic within the home and the manner in which the Petitioner and other were treated." Def. Mot. at ¶ 3.

4. The defendant does not provide the specific allegations required to demonstrate "good cause" for his requested discovery. Although the defendant apparently seeks these records to support his ineffective assistance of counsel claim, he fails to detail how these records would substantiate or otherwise be relevant to such a claim. To the contrary, the trial record demonstrates that trial counsel thoroughly investigated the defendant's background. Numerous family members, including the defendant's uncle and grandmother, testified during the penalty phase. Trial counsel retained the services of a licensed social worker, Lori James-Monroe, who prepared and presented to the jury a life history of the defendant, which included the drug and alcohol problems of his parents, and which referenced the defendant's mental health, medical and school records. To the extent that petitioner's counsel does not already have a copy of Ms. James-Monroe's report, undersigned counsel is willing to provide a copy to petitioner's counsel.

5. Given the trial record below, the defendant has failed to explain how these records are relevant to the narrow issue in his pending 18 U.S.C. § 2255 motion regarding ineffective assistance of counsel. Consequently, the defendant has failed to demonstrate the requisite "good cause" for the requested discovery and his request for a court order for the production of the foster care records should, as a matter of law, be denied.

6. However, while the defendant has failed to satisfy the "good cause" requirement under Rule 6, and neither Rule 6 nor the case law provide for more liberal discovery in death penalty cases, the government recognizes the defendant's claims arguably concern the reasonableness of his trial counsel's presentation during the penalty phase. Consequently, the Government defers to the Court on the propriety of granting the defendant's requested relief, and only requests that if the Court issues an order for production of the records, then a copy of the records be provided to government counsel as well.

For the foregoing reasons, the government respectfully takes no position on the Defendant's pending motion for Foster Care Records.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____
James Crowell, IV
Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys

3

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 27th day of May, 2014, a copy of the foregoing Response of the United States of America To Defendant's Ex Parte Motion For Foster Care Records Pretrial Motions was forwarded by Electronic Filing to counsel of record for Kenneth Jamal Lighty.

_____/s/_____
James Crowell IV
Assistant United States Attorney