

575 SEVENTH STREET NW   WASHINGTON, DC 20004
T 202.344.4000   F 202.344.8300   www.Venable.com

Seth A. Rosenthal

t: 202.344.4741
f: 202.344.8300
sarosenthal@venable.com

November 18, 2014

Hon. Peter J. Messitte
U.S. District Court for
  the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

> Re:    *United States v. Lighty and Flood*, Case No. 03-cr-457-PJM

Dear Judge Messitte:

On behalf of Defendant Kenneth Lighty, I write in response to your order of October 30, 2014, in which you direct the parties to inform you about their plans for merits briefing on Defendants' claims that the government exercised peremptory strikes on the following prohibited bases:  (i) gender; (ii) a combination of gender and race; (iii) religious affiliation; and (iv) proxies for race.  Defendant James Flood's counsel, Marta Kahn, has authorized me to represent that Mr. Flood joins in this response.

As per the Court's suggestion, Defendants Lighty and Flood will submit a concise opening merits brief and, as needed, a reply, which will:

1.    Explain why Defendants' claims of discrimination in jury selection are valid, with (i) summaries of the relevant facts and analysis from prior briefs and precise cross-references to the pertinent pages, *see* ECF Nos. 454, 471, 485, 501, and (ii) particularized analysis of why the government's strikes of each of several individual female jurors violated *J.E.B.-Batson, see, e.g., Batson v. Kentucky,* 476 U.S.79, 99 n.22 ("The standard we adopt under the Federal Constitution is designed to ensure that a State does not use peremptory challenges to strike *any* black juror because of his race") (emphasis added); *United States v. Lane,* 866 F.3d 103, 105 (4th Cir. 1989) ("striking only one black prospective juror for a discriminatory reason violates a black defendant's equal protection rights, even when other black jurors are seated and even when valid reasons are articulated for challenges to other black prospective jurors").

2.    Explain why Defendants are entitled to an evidentiary hearing under 28 U.S.C. § 2255(b), not only to prove the merits of their claims, but to establish that the ineffective assistance of Defendants' prior counsel furnishes cause to overcome any procedural default of their claims that the government discriminated against prospective jurors on the basis of gender and gender/race. *See, e.g. United States v. Blondeau,* 480 F.App'x 241, 242 (4th Cir. 2012), *citing United States v.*



*Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) (Under Section 2255, "an evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue.").

Because of the intervening Thanksgiving holiday and existing briefing obligations in other cases, the government has agreed to give us until Monday, December 15, to submit our opening brief. We will file a consent motion, together with a proposed order, setting forth an agreed revised briefing schedule.

Thank you for your consideration.

Respectfully submitted,

Seth Rosenthal

cc:   Julie Brain
      Karl Schwartz
      Marta Kahn
      James Crowell
      Deborah Johnston
      Sandra Wilkinson