```
 1                  UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF MARYLAND

 3
    UNITED STATES OF AMERICA      )
 4                                )
           vs.                    ) CASE NO. 8:03-cr-00457-PJM-1
 5                                ) and 8:03-cr-00457-PJM-3
    KENNETH JAMAL LIGHT and       )
 6  JAMES EVERETT FLOOD, III,     )
                                  )
 7          Defendants.           )
    _____)
 8

 9        TRANSCRIPT OF PROCEEDINGS - TELEPHONIC CONFERENCE
            BEFORE THE HONORABLE PETER J. MESSITTE
10            WEDNESDAY, APRIL 12, 2017; 4:00 P.M.
                      GREENBELT, MARYLAND
11

12  FOR THE GOVERNMENT:

13      Deborah Johnston, Assistant United States Attorney
        UNITED STATES ATTORNEY'S OFFICE
14      6500 Cherrywood Lane, Suite 200
        Greenbelt, MD  20770
15
        Sandra Wilkinson, Assistant United States Attorney
16      UNITED STATES'S ATTORNEY'S OFFICE
        36 S. Charles Street, Fourth Floor
17      Baltimore, MD  21201

18

19

20
        Proceedings recorded by mechanical stenography, transcript
21  produced by computer.

22  _____

23
                       CINDY S. DAVIS, RPR
24               FEDERAL OFFICIAL COURT REPORTER
                 6500 CHERRYWOOD LANE, SUITE 200
25                    GREENBELT, MD  20770
```

```
 1  FOR DEFENDANT LIGHTY:

 2       Eric Zuckerman, Assistant Federal Public Defender
         OFFICE OF THE FEDERAL PUBLIC DEFENDER
 3       800 N. King Street, Suite 200
         Wilmington, DE  19801
 4
    FOR DEFENDANT FLOOD:
 5
         Marta K. Kahn, Esquire
 6       The Law Office of Marta K. Kahn, LLC
         8 E. Mulberry Street
 7       Baltimore, MD  21209

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2           THE COURT:  Counsel, this is Judge Messitte here, and
 3   we're on the record.  I'd like to start by having counsel
 4   identify themselves, so let's start with the U.S. attorneys.
 5   Who do we have from the Government?
 6           MS. JOHNSTON:  Good afternoon, Your Honor.  It's
 7   Deborah Johnston and Sandy Wilkinson.
 8           THE COURT:  Very good.  And for defendant Lighty?
 9           MR. ZUCKERMAN:  Good afternoon, Your Honor.  Eric
10   Zuckerman from the Federal Public Defender for Delaware.
11           THE COURT:  You're the only one?
12           MR. ZUCKERMAN:  Yes, Your Honor.  As I said to your
13   clerk, Seth Rosenthal and Ms. Brain were unavailable for the
14   call today because we were under the impression that it was
15   just to schedule the telephonic conference with Your Honor.
16           THE COURT:  Right; understood.  And for Mr. Flood?
17           MS. KAHN:  Good afternoon.  Marta Kahn for Mr. Flood.
18           THE COURT:  Well, you're right, Mr. Zuckerman.  We
19   set this up as a conference call to set up a conference call,
20   but it occurred to me since everybody would have somebody on
21   the line in one form or another, I could take advantage a
22   little bit and sort of -- we'll have another conference call,
23   but let me tell you what I'm looking for and what you need to
24   be thinking about when we have our next conference call.
25           Obviously, the overarching thing is to set up a timeline
```

1  to see how we move along with all pending issues.  And so
2  that's our overarching concern.
3         The next two questions are where are we at the moment and
4  what is next, but part of that question involves to what extent
5  are there overlapping issues as between the two defendants that
6  we should attack jointly or separately.
7         So I don't know.  Maybe for the Government,
8  Ms. Wilkinson, Ms. Johnston, do you want to maybe start with
9  this and tell us where you think we are?  I don't really have a
10 preference of order.  I just need to get some sense of
11 whatever.  And anybody who wants to jump in and tell us -- I
12 don't need you to give me the dates now; that's not the
13 important thing.
14            MS. JOHNSTON:  Your Honor, I believe that what we
15 had, in terms of what was common between Mr. Flood and
16 Mr. Lighty, was merely the Batson issue, which the Court ruled
17 on in the original 2255.
18         And then, two, there have been supplemental 2255s filed
19 by both with regard to the Johnson decision and whether or not
20 924 -- kidnapping is a crime of violence for the purposes of
21 924(c).  So that was the supplemental motion that was filed by
22 both of them.  We filed a motion to stay, and the action on
23 that amended 2255 petition is awaiting action by the Fourth
24 Circuit on the issue.
25         I don't believe there's anything else in Mr. Flood's

1  2255 -- now, I haven't looked at it in a while, and Ms. Kahn
2  correct me -- that is common with Mr. Lighty's 2255.
3          MS. KAHN: Your Honor, this is Marta Kahn. That's my
4  position as well.
5          THE COURT: Okay. And you're speaking for Mr. Flood.
6          MS. KAHN: Mr. Flood, yes.
7          THE COURT: And what about for Lighty?
8          MR. ZUCKERMAN: Your Honor, I believe that's our
9  position as well but, like I said, I don't want to speak
10 definitively without having the rest of my team present who
11 have been on the case from the beginning.
12         THE COURT: So in terms of -- and I understood there
13 might be a request for discovery that Lighty was going to file;
14 did I have that correct?
15         MS. JOHNSTON: I think the Court ruled on all of the
16 discovery motions.
17         THE COURT: I thought I did. I certainly did in
18 connection with the issue of Batson, but whether there was a
19 broader discovery motion.
20         MS. JOHNSTON: Your Honor, there was a broader one,
21 but I thought, when I looked at the docket earlier today, you
22 had ruled on that motion as well. But I'd have to look back at
23 the docket to see if you had.
24         THE COURT: Okay, fair enough.
25         MS. JOHNSTON: For some reason, I believe you had

```
 1  ruled on both of the motions for discovery.
 2            THE COURT:  Okay.  Here's what I'd like then, and
 3  what I'd like you to do -- and you can do it by e-mail with
 4  each other.  You don't need to include me in it.  I'd like you
 5  to come back to me ready, maybe in a conference in the next few
 6  weeks -- and I'll have Rob step in in a minute and we'll set
 7  it -- with a timeline in terms of what -- do you feel that you
 8  need to even go together on the same timeline, or does it make
 9  sense, maybe because we have the same U.S. attorney in both
10  cases, to do a little bit of staging?  Think about that.
11       Because what I want, really, is a timeline as to what's
12  next, what's the timeline for that, what's after that, etc.
13  You can talk about that with each other, just pass around some
14  suggestions.  I don't need to get the dates from you today.
15  That's what I want you to be doing, which is why I jumped in
16  today.  So is that approach acceptable with everybody?
17            MS. JOHNSTON:  Certainly, Your Honor.  We can
18  conference with defense counsel and come up with a proposed
19  schedule in terms of what --
20            THE COURT:  Let me ask Robin to come in for a minute.
21  Let's schedule another phone conference for one afternoon where
22  we talk through the matters that we need to talk through.  And
23  then we'll be good.
24       Apparently -- okay, Zack Lerner, who is with me, is
25  covering this for Julia Siegel, who is away.  But Lighty does
```

1  have a pending motion for discovery.  What docket entry is
2  that?  It's 463, which may be the broader one.  So give that a
3  look in the meantime, Mr. Zuckerman, and see whether that's
4  still viable.  Not now, but between now and then, when you get
5  back with your other counsel.
6          MR. ZUCKERMAN:  Certainly.
7       (Robin Shea, judicial assistant, enters office.)
8          THE COURT:  Rob, what would be a good time in the
9  next few weeks where we might have open time to have another
10 conference like this?  Just take one second.  We'll see if we
11 can't pick a date and give you a couple weeks.  Two or three
12 weeks.  Is three weeks okay?  Is that about right?
13         MS. JOHNSTON:  Yes, Your Honor, that should be fine.
14         THE COURT:  Let's see what you've got.
15         THE JUDICIAL ASSISTANT:  You're in trial, so we can
16 do something at 4:45 p.m.
17         THE COURT:  Yeah, we can do it later because I do
18 have a trial that starts about that time, but let's see where
19 we are.
20      (Ms. Shea steps out of the room.)
21         THE COURT:  So I won't send out an order at this
22 point until I -- I've told you the issues that I want to cover.
23 The next time we talk, when we have dates, we'll cover it with
24 an order that has, actually, the dates set out, so that the
25 docket kind of stays with us on this.  Robin will be right

1  back.
2      Well, let me ask you this right off hand. Ms. Johnston,
3  Ms. Wilkinson, did you respond to the Johnson motion?
4          MS. JOHNSTON: No, Your Honor. We filed a motion to
5  stay pending rulings from the Fourth Circuit.
6          THE COURT: Okay. And we're still waiting on that?
7          MS. JOHNSTON: I'd have to check. I haven't looked
8  recently, but I can certainly let the Court know what the
9  status of that is.
10         THE COURT: Well, there's always stuff coming down,
11 and I'm never quite sure what anymore either. So check on
12 that, because if there has been a decision, I want you to file
13 a response to the pleading, obviously.
14         MS. JOHNSTON: Certainly, Your Honor.
15     Mr. Zuckerman, is Mr. O'Toole still in the case?
16         MR. ZUCKERMAN: No, Your Honor. He was trial
17 counsel.
18         THE COURT: So it's Seth Rosenthal and Julie Brain
19 and Karl Schwartz?
20         MR. ZUCKERMAN: Karl Schwartz is no longer on the
21 case as well. Tiffani Hurst is the Capital Habeas Unit chief
22 at my office.
23         THE COURT: What's her name?
24         MR. ZUCKERMAN: Tiffani Hurst, H-u-r-s-t.
25         THE COURT: Has she entered an appearance?

1          MR. ZUCKERMAN:  I believe she has, yes.

2          THE COURT:  Any other -- on Flood, I've got
3  Rosenthal, McKenna, Kahn, and Lawlor.  Who are --

4          MS. JOHNSTON:  I don't think Mr. Lawlor is involved
5  anymore either, Your Honor.

6          MS. KAHN:  Mr. McKenna and Mr. Lawlor were trial
7  counsel, and Mr. Rosenthal is counsel for Lighty.  So it's just
8  me.

9          THE COURT:  And I have Jim Crowell control and Allen
10 Loucks, but they're not in the case either, I assume, for the
11 Government?

12         MS. KAHN:  I'm sorry, I didn't hear what you said.

13         THE COURT:  Jim Crowell and Allen Loucks are also
14 listed on the docket.  They're not in the case anymore?

15         MS. KAHN:  No.  I'm sorry.  I'm the sole 2255
16 counsel.

17         THE COURT:  Mr. Zuckerman, tell me your first name
18 again.

19         MR. ZUCKERMAN:  Eric, E-r-i-c.

20         THE COURT:  Let's see what's going on out there.  I
21 can't imagine we're still fooling around here.

22     Mr. Zuckerman, do you intend to enter your appearance in
23 the case, or have you?

24         MR. ZUCKERMAN:  I have to discuss that matter with my
25 chief.  I am not sure whether I will be entering or not.

1              THE LAW CLERK:  It's printing now, the possible
2    dates.
3              THE COURT:  All right, a lot of dates.  Let's do
4    this.  May 22nd to May 25th, May 30, may 31, June 1, June 2.
5              MS. KAHN:  Anytime that week, Your Honor; is that
6    what you're saying?
7              THE COURT:  Yes, 4:45 p.m.  But what I'm saying, we
8    have open -- some of the other dates we have openings.  For
9    example -- and it's not going to be that long.  It's really a
10   ten minute, maybe, maximum conference.  So if we did it at
11   4:45, it wouldn't be a problem.  Do you want to do it the end
12   of May, May 30th?
13             MS. JOHNSTON:  Your Honor, the week of May 22nd is
14   fine.
15             THE COURT:  Well, let's take toward the end there.
16   Why don't we take the 25th, which is the end of the week, at
17   4:30 or 4:45.  We'll send out a notice to you, 4:45 on the 25th
18   of May.
19             MS. JOHNSTON:  Would the Court like us to coordinate
20   that?
21             THE COURT:  Yes, if you would, if you'd coordinate
22   that.  And also, of course, your conversations in the interim.
23             MS. KAHN:  Your Honor, if I may, I think maybe the
24   week before counsel together can get a letter to the Court
25   saying what we think is outstanding.  So it will be like a

```
 1  table or checklist of what the Court can look at.  We should be
 2  able to do that together, so it will be a really short hearing.
 3          THE COURT:  I agree, it should be very short if I
 4  have something in writing from you.  Basically, I just want to
 5  make sure I am where I am and so on.
 6          MS. KAHN:  Counsel, I will get with you separately
 7  and perhaps we can get that letter written by the 18th.  So
 8  let's all take a look at the docket sheet and see what's
 9  outstanding, and then we can let Your Honor know what the
10  checklist will be at our conference call.
11          THE COURT:  So it will be a teleconference then on
12  the 25th of May at 4:45 p.m. and -- do we initiate that?
13  You'll give us a dial-in number, Government?
14          MS. JOHNSTON:  Yes, Your Honor, we'll do that.
15          THE COURT:  Okay, very good.  Anything else then?
16          MS. JOHNSTON:  I don't believe so, Your Honor.
17          THE COURT:  Nice holiday to everyone then.  Talk to
18  you soon.
19      (The teleconference concluded at 3:15 p.m.)
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, Cindy S. Davis, Federal Official Court Reporter in and for the United States District Court for the Southern District of Maryland, do hereby certify that I reported, by machine shorthand in my official capacity, the proceedings had in the case of United States of America versus Kenneth Jamal Lighty and James Everett Flood, III, case number PJM-03-0457-1 and PJM-03-0457-3, in said court on April 12, 2017.

I further certify that the foregoing 11 pages constitute the official transcript of said proceedings, as taken from my machine shorthand notes to the best of my ability.

In witness whereof, I have hereto subscribed my name this 18th day of April, 2017.

*Cindy S. Davis*

_____
**CINDY S. DAVIS, RPR**
**FEDERAL OFFICIAL COURT REPORTER**