

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Deborah A. Johnston*
*Assistant United States Attorney*
*Deborah.Johnston@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-4032*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

May 19, 2017

Honorable Peter J. Messitte
District Judge, U.S. District Court
United States Courthouse
6500 Cherrywood Lane, Suite 200
Greenbelt, MD  20770

      Re:  <u>United States v. Kenneth Lighty and James Flood</u>, Criminal No. PJM-03-457

Dear Judge Messitte:

      During the recent conference call with all parties on April 12, 2017, the Court asked for a status letter to the Court in advance of the May 25, 2017 conference call at 4:45 p.m. (government counsel to initiate).   The parties have reviewed the docket sheet and consulted with one another and jointly report:

      **A.     Issues Common to Defendants Flood and Lighty.**

      The only overlapping claim that remains pending pertains to motions filed by both defendants (Docket #527/528 (Flood) and Docket #530 (Lighty) after the Supreme Court's decision in *United States v. Johnson, 135 S.Ct. 2551 (2015)*(ruling that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague and in violation of due process).

      As to Lighty's *Johnson* pleading (Docket #530), the government moved to stay the briefing schedule due to the pendency of two cases before the Fourth Circuit that raise the same issues raised in the motions (Docket #531).  The Court granted the stay by paperless Order on 7/19/2016 (Docket #535) as to both defendants.  Presently, the Fourth Circuit decisions are being held pending the outcome of a similar case before the Supreme Court, which should be decided before the end of the Supreme Court's term in late June.  The Court has not yet ordered a response from the government to the *Johnson* motions.

      **B.  Issues Pertaining Only to Defendant Flood**

      Flood's Motion to Vacate under 28 U.S.C. § 2255 (Docket #'s 396, 409, 417) has been fully briefed but the Court has not yet ruled on it.

**C.     Issues Pertaining Only to Defendant Lighty**

In addition to the *Johnson* issue discussed above, claims II through IX of Lighty's Motion to Vacate under 2255 (Docket #434) remain pending.  Lighty filed a motion seeking discovery as to these claims in a pleading captioned Motion for Discovery Regarding Claims Other Than Claim I in His Motion for Relief Under 28 U.S.C. 2255 (Docket #463, filed 2/11/2013).  The issues in Docket #463 were fully briefed (the Government's Response is Docket #467; the Defendant's Reply is Docket #470).  On September 23, 2013, the Court heard argument on the issues raised in Docket 463 but has not yet ruled.   On May 15, 2017, the Government ordered a transcript of the September 23, 2013 hearing because it appears one has not yet been prepared.

Lighty has requested a new deadline of June 30, 2017 for submitting a revised motion for discovery because, upon recent review, counsel believes it can eliminate certain requests but would like to add additional ones.  The government strongly objects to additional discovery requests at this stage of the proceedings but if the Court allows, the parties propose a deadline of June 30, 2017 for submitting a revised motion for discovery.  The government will file a response by July 17, 2017 and Lighty has requested 21 days to file a reply (August 7, 2017).  The government believes 10 days as allowed by the Local Rules is more appropriate for the filing of any Reply.

Once Docket 463 and any new request by Lighty for discovery (if permitted by the Court) are resolved, the Court should set a briefing schedule for the Government's Response to the remaining issues in Lighty's 2255 Motion (Docket #434) and any Reply.  A proposed schedule is set forth below.

**D.     Proposed Schedule**

The Court asked the parties for a proposed schedule.  To the extent the parties disagree, Lighty's proposal are in blue below. The government proposes a shorter period based on the procedural history of this case and notes its proposal in red.

| | |
|---|---|
| Government Response to Lighty's 2255 Claims II to IX | 60 days after either completion of ordered discovery or denial of discovery motion. |
| Lighty's Motion in Support of Evidentiary Hearing under Rules 7 & 8 (Government's Objects to any additional Motion in Support of an Evidentiary Hearing) and Reply to Government's Response | 180/30 days from Government's Response to Lighty's 2255 Claims II to IX |

| Government's Opposition to Motion in Support of Evidentiary Hearing | If the Court allows Lighty's Motion for Evidentiary Hearing (Government objects), 60/30 days from Lighty's Motion in Support of Evidentiary Hearing |
|---|---|
| Lighty's Reply | 45/15 days from Government's Opposition to Motion in Support of Evidentiary Hearing |
| **If the Court allows an Evidentiary Hearing (Government Objects):** | |
| Lighty's Brief in Support of 2255 | 120/45 days after transcripts from any evidentiary hearing are complete. |
| Government's Opposition to Lighty's Brief | 60/30 days after Lighty's Brief |
| Lighty's Reply to Opposition | 45/15 days after Government's Opposition |

Once the Court rules on the proposed schedule, the government will provide a proposed Order for the Court's consideration.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

/s/

By:_____

Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys

cc:  Seth A. Rosenthal, Counsel for Lighty
Eric Zuckerman, Counsel for Lighty
Marta Kahn, Counsel for Flood

3