UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

UNITED STATES OF AMERICA  :  Criminal Action No.

   v.                     :  PJM 03-0457

KENNETH LIGHTY, et al,    :  Greenbelt, Maryland

      Defendant.        :  Thursday, May 25, 2017
_____/  4:30 P.M.

TRANSCRIPT OF STATUS TELECONFERENCE
BEFORE THE HONORABLE PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:   SANDRA WILKINSON, Esquire
                      DEBORAH JOHNSTON, Esquire
                      United States Attorneys Office
                      Southern Division
                      6500 Cherrywood Lane, Suite 200
                      Greenbelt, Maryland 20770
                      301-344-4235

FOR THE DEFENDANT     SETH A. ROSENTHAL, Esquire
KENNETH LIGHTY:       Venable, LLP
                      575 Seventh Street, NW
                      Washington, D.C.  20004
                      202-344-4741

                      JULIE BRAIN, Esquire
                      127 Church Street, 2nd Floor
                      Philadelphia, PA 19106
                      267-639-0417

                      ERIC ZUCKERMAN, Esquire
                      Office of the Federal Public Defender
                      800 North King Street, Suite 200
                      Wilmington, Delaware  19801
                      302-573-6010

OFFICIAL COURT REPORTER:  LINDA C. MARSHALL,(301) 344-3229
        COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES

APPEARANCES CONTINUED:

FOR THE DEFENDANT      MARTA KARIN KAHN, Esquire
JAMES FLOOD:            The Law Office of Marta K. Kahn, LLC
                       8 East Mulberry Street
                       Baltimore, Maryland   21202
                       410-299-6966

**P–R–O–C–E–E–D–I–N–G–S**

THE COURT:  Counsel, good afternoon.  Judge Messitte here.  Would you identify -- I'll go down the list and ask you to identify.

First for the government?

MS. WILKINSON:  Sandy Wilkinson and Debbie Johnston.

THE COURT:  All right.  And for Defendant Lighty?

MR. ROSENTHAL:  This is Seth Rosenthal for Mr. Lighty.

MR. ZUCKERMAN:  This is Eric Zuckerman for Mr. Lighty from the Federal Public Defender.

MS. BRAIN:  And Julie Brain.  Good afternoon, Your Honor.

THE COURT:  All right.  And for Defendant Flood?

MS. KAHN:  Martha Kahn, Your Honor.

THE COURT:  Okay.  Well, I think you know in general why we're all here today which is to try and map out where we are on a number of issues.  And I don't know that you need to reiterate your positions in your paper to me, because we do have some thoughts that might facilitate things and here is the first.

It looks like with the possible exception of one issue that Mr. Flood's motion is ready to be decided.  And the one issue would be the one involving what?  Where is that last issue?

THE LAW CLERK:  The *Johnson*.

THE COURT:  The *Johnson* issue which would be common with Lighty.  So I guess I put it to you, Ms. Kahn, whether you are prepared pending, let's say, oral argument to have the Court just go ahead and decide that large part of the Flood case?

MS. KAHN:  I mean, with the exception that, obviously, I still want a hearing on the issues in the petition and argument as well.

THE COURT:  What do you mean a hearing as well as --

Well, hold up.  A hearing as well as argument, what's the hearing you're asking for?

MS. KAHN:  Yeah.  So, I requested an evidentiary hearing in the petition because there's a variety of ineffective assistance of counsel issues raised that have competing -- at least, I submitted affidavits.  And I actually can't recall if the government averred something in their response that they submitted their affidavit on, issue regarding failure to negotiate a plea.  So, you know, I still would request a hearing on that.

But you know, beyond that, I mean, as sort of a matter of general principle, I don't necessarily object to having the balance of it adjudicated, you know, aside from what Mr. Lighty is going to go ahead and do.

THE COURT:  Okay.  Well -- and pairing the *Johnson* issue for the two cases.

MS. KAHN:  Correct.

THE COURT:  In other words, I can defer *Johnson* in Flood and then address it in Lighty.  And whatever the outcome is in one, it is in the other, right?

MS. KAHN:  Yeah, I mean, the *Johnson* will be a purely legal matter, so that will be fairly straightforward to resolve them both.  And then -- yeah, I think we can go ahead separately after that.  So if the Court wants to --

THE COURT:  Very good.

What is the government take of that approach on Flood?

MS. WILKINSON:  That's fine, Your Honor.  We obviously think the Court can resolve the 2255 now without a hearing and an evidentiary hearing, but, yeah, separating them is fine.

THE COURT:  Well, I don't actually have all the pleadings with me and certainly don't have them committed to memory, but did the government in that opposition also oppose a hearing?

MS. WILKINSON:  Yes, I believe we did, Your Honor.

THE COURT:  What about having oral argument on the whole motion, including the request for hearing sometime toward the end of the summer and then we'll see where we come out?

In other words, if we spend --

MS. WILKINSON:  We defer to the Court, Your Honor, but to us it's a fairly routine 2255 and we don't usually have oral argument, but we'll defer to the Court, of course.

THE COURT:  Well, the reason I say that is this is one

where it seems to have been litigated up so much, it's not really -- it doesn't really hurt, I suppose, to have oral argument by the end of the summer, because I think, candidly, we will probably have worked our way largely through an opinion in the Flood case by that time.  But it never hurts just as a -- just as a matter of caution, I guess, to walk through it.

I'm inclined to say without really studying it carefully that it's unlikely that I will grant a hearing, an evidentiary hearing, but I haven't really studied that yet.  And seems to me that given the fact that Mr. Flood is not going anywhere any time soon, if I were to decide on the basis of the argument that a hearing, evidentiary hearing was proper, we could also -- we could decide that then and there.

So, Julie, where do you look toward the end of July then for --

Is it end of July?  Anybody out of commission completely?

MS. WILKINSON:  It's actually March I think that everybody --

MS. KAHN:  Yeah, I'm not generally out of commission, Your Honor.  I should be able to certainly find something at the end of July.

THE COURT:  And government?

MS. WILKINSON:  I'm looking right now.  I think the end of July is fine, not the first week.  I'll have hearings in

front of Judge Titus on the 24th and the 25th all day, but the 26th and 27 and 28 should be fine.

THE COURT:  How do we look on that, Julie?

THE LAW CLERK:  You're fine on all of those days, except for lunch time.

THE COURT:  All right.  So, we're talking at most a couple hours.  So we're talking the 26th or 27th?

THE LAW CLERK:  The 26th, 27th and 28th.

THE COURT:  Just give me a second here.

Well, what about the 27th, 10:00 a.m.?

MS. WILKINSON:  That's fine with the government, Your Honor.

MS. KAHN:  That's fine for Mr. Flood too.  Thank you.

THE COURT:  We'll see where we are then.  Allow a total of a couple of hours.  As I said, we'll start working in the opinion as best we can now and subject to obviously wherever we come out on oral argument.

Okay.  So that essentially would take care of Mr. -- what remains in Mr. Flood's case; is that correct?

MS. KAHN:  Except for the *Johnson* issue, yes.

THE COURT:  Okay.

All right.  Now, let's see where we go with the Lighty issue.  And let me start with you, Mr. Rosenthal, on that. Where, where do you think --

And I assume that you -- candidly, we might as well

wait on Lighty until we take care of Flood and see where we are

there.  We don't need to cram Lighty in between.  So we're

talking about something into the fall almost certainly.

MR. ROSENTHAL:  Yeah, so we have a few things, Your

Honor, as Ms. Wilkinson's letter indicate.  I mean, the first

is, you know, there is pending a discovery motion on all issues

in our 2255 petition, save for the issue that Your Honor has

already decided on JEB/Batson, and that motion has been pending

for some time.

There's actually is one inaccuracy in Ms. Wilkinson's

letter and I think it's just because neither the government nor

we had a transcript for the September, 2013 hearing.  As it

turns out, that discovery motion was not argued back in December

-- September of 2013.

THE COURT:  Right, I think my law clerk put in some

serious time agreeing with you.

MS. BRAIN:  We literally just got the transcript, I

think, today.

MS. WILKINSON:  And we got it two days ago, Sandy, so

we would agree.  But, yeah, that argument was only on discovery

related to the JEB/Batson claim, not on our discovery motion on

any other claim.  So if Your Honor is inclined to hear argument

on the discovery motion, we would still need to do that.

But before that happens, Your Honor, you know, there

has been a significant amount of time that's elapsed before our

investigation has progressed, and we feel like we need a little time.  It shouldn't be much.  We propose until June 30th to amend our discovery motion.  We think we can take out certain requests because they've been obviated by our investigation and we think we might need to add a couple of additional requests.  I think it probably will come out in the wash in terms of the amount of discovery being requested.

But we think that makes the most sense given the -- given the lapse in time between then, when we first filed the discovery motion and now four years later.

THE COURT:  And what are you talking about, 30 days?

MR. ROSENTHAL:  Yeah, we would ask that it be due on June 30th, the revised discover motion.

MS. WILKINSON:  And, Your Honor, our position is just that it's not the amount of the discovery that's being requested.  It's that it's about three or four years late and we would object to any additional requests for discovery.

THE COURT:  Well, I'm not granting the discovery at this point.  I'm just entertaining the request.

MS. WILKINSON:  Right.  No, I understand that, Your Honor.

THE COURT:  And it may be that -- I'm inclined to grant it, first of all, to give them additional 30 days.  And really, here is why.  I mean, if I in evaluating the claim determine that the additional claims or so nominal, unique and

so on, so forth, they may go out on that ground alone.

However, they're also going to discard certain things and there's no reason why we can't clean up the request before we go further.  So, I would say 30 days is fine to clean it up and let me see what the request for discovery looks like today.

Now, the government doesn't have to respond, but you can.  I mean, it's up to you.

MS. WILKINSON:  I'm sure we will, Your Honor.

THE COURT:  All right.  Then you'll need -- how much time will you need to respond to the request for the modified discovery?

MS. WILKINSON:  Why don't we just put the ordinary time, the two weeks and then we can get more time if we need to?

THE COURT:  Okay, that's fine, that's fine.  And reply if you want to do that.  I don't know that I'm inclined at this point to say we're going to set it in for oral argument.  That's really something I need to look at more carefully because I candidly have not been much one for discovery in these post-conviction cases and it's going to probably take something to move me on that, and I'll see where I am when I see what the initial request and response is.

So it's quite possible without prejudicing, obviously, my actual decision that I would decide that there is no appropriate further discovery to go into it.  So I won't set a hearing date on that the way I would on the Lighty motion.

So, maybe the thing then is to see what we get from, from both sides on the Lighty Motion for Discovery.  And then, obviously, I would decide that before we get on to the merits of the 2255 claim.  How does that sound?

I mean, I would not set a date.  I would not set a date for the merits argument yet.  I almost certainly will grant oral argument after briefing on that, but I don't -- I don't want to put some timetable on that because I don't know where I'm going to be on my timetable.

Go ahead.

MS. WILKINSON:  I mean, it's basically -- it flows from the Court's resolution of discovery issues.

MR. ROSENTHAL:  That's correct.  And I think we differ on the time and we differ on what should follow your ruling on the discovery motion.

THE COURT:  Well, stop there a minute.

MR. ROSENTHAL:  Both sides agree that whatever happens should -- you know, on the subsequent briefing should follow Your Honor's ruling on discovery motion.  We agree with that.

THE COURT:  So what -- we're arguing differing then, maybe I missed that.

MR. ROSENTHAL:  And I'm sorry.  If we can kind of nail down specific dates for the revised discovery motion and the government's opposition and any reply.

THE COURT:  You said 30 days for your revised motion,

two weeks.

MR. ROSENTHAL:  We'd ask for June 30th.

THE COURT:  All right.  June 30th is fine.

And government's response two weeks thereafter?

MS. WILKINSON:  Yes, sir.

THE COURT:  Reply ten days thereafter?

MS. WILKINSON:  Yes, sir.

THE COURT:  All right.  Then I have it and now I don't know what my timeline is going to be to decide that.  That's where we're leaving things open at that point until I resolve it.  And I will -- if I in the first few looks-over discovery seems appropriate, then we'll see where we are.  But if it doesn't, we'll proceed to indicate -- I'll proceed to indicate that there should be --

Well, further briefing, I suppose, on what remains. Is that right or are you otherwise briefed on this?

MR. ROSENTHAL:  We are not briefed on this, Judge. And we have simply filed our petition without, you know, supporting papers, evidence or argument.  So that's what we would anticipate comes next after the discovery is granted and completed, or the discovery motion is decided.  We think that the next thing that happens under the rules is that the government would respond to our petition and then we would file a motion in support of an evidentiary hearing, which would include, you know, the arguments in support of an evidentiary

hearing and any evidence that we have to offer to justify an evidentiary hearing.

MS. WILKINSON: That's where -- we're looking on our proposed schedule. We're on the first line and then now you're on the second line, right, Seth? So that first line is the government's response to the claim and then your response, your motion in support of an evidentiary hearing which is also your reply. That's what you're referring to, Seth?

MR. ROSENTHAL: Correct.

MS. WILKINSON: On our proposed schedule, Your Honor, Subsection D, Seth is referring to the second line, the second box.

THE COURT: The Motion in Support?

MS. WILKINSON: Yes.

MR. ROSENTHAL: And, Your Honor, that's basically what we did on the JEB/Batson claims if you'll recall. Your Honor denied the Motion for Discovery on those claims and then set in a briefing schedule where we briefed up our Motion for Evidentiary Hearing, slash, Brief on the Merits.

I think the government chose not to oppose because they relied on their opposition to our discovery motion, and then Your Honor ruled on that. But we did have an opportunity to brief up request for an evidentiary hearing, which Your Honor denied. And then you also went ahead and denied the merits of the claim.

But that's how it worked on the other claim and it --

we thought that that's what the rules require for --

THE COURT:  Okay.  But does it make sense to put in

any firm time until the discovery motion is decided or is that

already incorporated in your schedule?  You have 100 --

MR. ROSENTHAL:  Speaking for Mr. Lighty, we did

propose some things and the government counter-proposed some

things, but we don't think it's necessary to do until Your Honor

decides the discovery motion.

THE COURT:  Yeah, I think that -- doesn't it make more

sense for me to decide that motion and then convene another

status motion and see where we are?

MR. ROSENTHAL:  Fine with Mr. Lighty.

MS. WILKINSON:  Yeah, this is all just a proposal in

terms of the number days after you decide the discovery motion,

so I think we're all in agreement about that.

THE COURT:  Well, I won't fix it now, but it seems

about right in terms of what it ought to be, but let's wait and

see.  I mean, let's see where we are.  We could end up by the

time all this stuff gets briefed, we're toward the end of the

year already and then we'll just see what comes down.

Okay.  Well, I think -- is there anything else then we

need to decide right now?

MS. JOHNSTON:  Your Honor, this is Deborah Johnston.

Just one thing, Your Honor.  With the discovery

motion, with all of the responses being completed by the end of July, I don't know if the Court wants to pick a date the early fall to schedule that status conference if the Court thinks it's going to be able to resolve it in that time period, rather than we just leave it open-ended. I think that was one of the problems that's gotten us where we are today.

THE COURT: Well, what that does is put a bite on me to get an opinion out by a time certain and I never know.

Got to remember, change law clerk's in August.

MS. JOHNSTON: Right.

THE COURT: New law clerks, they inherent a pile of stuff and, you know, some of them will say, well, what does it mean to prosecute somebody for theft? You say, well, all right, let's start from the beginning, you know. So you're asking me to give these guys --

I'm joking, of course. I mean, they come in a little better prepared than that, but not much. So let me -- I don't want to commit myself to a time I can't fulfill.

MS. WILKINSON: Your Honor, I guess the only other thing is a brief -- a response time for the government's *Johnson* motion. And given that we're -- this is going to work on parallel tracks and I think that there are attorneys in our office who are helping us with all these *Johnson* claims that may be --

I don't know. What do you think, Debbie, 60 days?

MS. JOHNSTON:  From today?

THE COURT:  Wait a second, wait a second.

From Mr. Rosenthal's standpoint, is the *Johnson* argument fully briefed yet?  I gather not.

MR. ROSENTHAL:  This is Mr. Rosenthal.

I mean, I think we're waiting on the Fourth Circuit to decide two cases that are really going to be dispositive of both Mr. Flood's and Mr. Lighty's *Johnson* claims.  And the Fourth Circuit is now waiting on the Supreme Court to decide a very similar issue, which it should do obviously by the end of June.

THE COURT:  Yes, so I --

MS. WILKINSON:  You're right about that 100 percent, so we should just leave it --

THE COURT:  I wouldn't push the people on the *Johnson* issue then.  We've got a long timeline on that.  Let's --

MS. WILKINSON:  No, you're right.

THE COURT:  Besides, it's going to get folded into the Lighty case anyway, so let's see where we come out.

Even, frankly -- I mean, I don't like to be this pessimistic or whatever you'd say, we may decide the whole Lighty case, except for the *Johnson* motion, if it doesn't get resolved in the right courts at the right time, so that's fine.

I think all you have to do from the government's standpoint is, tell the folks who are working on that motion not to worry about it in the context of this particular case, these

particular cases.

MS. WILKINSON:  Perfect and thank you.

Thank you, Seth.

THE COURT:  We'll then issue an order -- we'll issue an order then that kind of sets out what we take to be the ruling today in terms of timeline and I think that we can get going.  But I do promise you in Flood, we will get into the case for sure this summer and should be ready to move on that, okay.

Anything else?

MS. WILKINSON:  Not from the government.

MR. ROSENTHAL:  Not for Mr. Lighty, Your Honor.

THE COURT:  All right, folks.  Thank you very much.

I think last time I had you on line, I said, have a nice holiday.  I can say the same thing again, it's coming up.

All right.  Talk to you soon, bye-bye.

(The matter concluded at 5:06 p.m.)

CERTIFICATE OF COURT REPORTER

I, Linda C. Marshall, certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/
_____
Linda C. Marshall, RPR
Official Court Reporter

| **/** | **able [2]**  6/21 15/4 | **B** |
|---|---|---|

**/s [1]**  18/7

**0**

**03-0457 [1]**  1/4
**0417 [1]**  1/19
**0457 [1]**  1/4

**1**

**100 [2]**  14/5 16/12
**10:00 a.m [1]**  7/10
**127 [1]**  1/18
**19106 [1]**  1/18
**19801 [1]**  1/21

**2**

**200 [2]**  1/12 1/21
**20004 [1]**  1/16
**2013 [2]**  8/12 8/14
**2017 [1]**  1/6
**202-344-4741 [1]**  1/16
**20770 [1]**  1/13
**21202 [1]**  2/3
**2255 [4]**  5/11 5/23 8/7 11/4
**24th [1]**  7/1
**25 [1]**  1/6
**25th [1]**  7/1
**267-639-0417 [1]**  1/19
**26th [3]**  7/2 7/7 7/8
**27 [1]**  7/2
**27th [3]**  7/7 7/8 7/10
**28 [1]**  7/2
**28th [1]**  7/8
**2nd [1]**  1/18

**3**

**30 [4]**  9/11 9/23 10/4 11/25
**301 [1]**  1/24
**301-344-4235 [1]**  1/13
**302-573-6010 [1]**  1/22
**30th [4]**  9/2 9/13 12/2 12/3
**3229 [1]**  1/24
**344-3229 [1]**  1/24

**4**

**410-299-6966 [1]**  2/4
**4235 [1]**  1/13
**4741 [1]**  1/16
**4:30 [1]**  1/6

**5**

**575 [1]**  1/15
**5:06 [1]**  17/16

**6**

**60 [1]**  15/25
**6010 [1]**  1/22
**6500 [1]**  1/12
**6966 [1]**  2/4

**8**

**800 [1]**  1/21

**A**

**a.m [1]**  7/10

**able [2]**  6/21 15/4
**about [9]**  5/18 7/10 8/3 9/11 9/16 14/16 14/18 16/12 16/25
**above [1]**  18/4
**above-entitled [1]**  18/4
**Action [1]**  1/3
**actual [1]**  10/23
**actually [4]**  4/14 5/13 6/18 8/10
**add [1]**  9/5
**additional [4]**  9/5 9/17 9/23 9/25
**address [1]**  5/2
**adjudicated [1]**  4/21
**affidavit [1]**  4/16
**affidavits [1]**  4/14
**after [4]**  5/7 11/7 12/20 14/15
**afternoon [2]**  3/2 3/11
**again [1]**  17/14
**ago [1]**  8/19
**agree [3]**  8/20 11/17 11/19
**agreeing [1]**  8/16
**agreement [1]**  14/16
**ahead [5]**  4/4 4/22 5/6 11/10 13/24
**AIDED [1]**  1/24
**al [1]**  1/5
**all [22]**
**Allow [1]**  7/14
**almost [2]**  8/3 11/6
**alone [1]**  10/1
**already [3]**  8/8 14/5 14/21
**also [5]**  5/15 6/13 10/2 13/7 13/24
**am [1]**  10/20
**amend [1]**  9/3
**AMERICA [1]**  1/3
**amount [3]**  8/25 9/7 9/15
**another [1]**  14/11
**anticipate [1]**  12/20
**any [6]**  6/11 8/22 9/17 11/24 13/1 14/4
**Anybody [1]**  6/16
**anything [2]**  14/22 17/9
**anyway [1]**  16/18
**anywhere [1]**  6/11
**APPEARANCES [2]**  1/10 2/1
**approach [1]**  5/9
**appropriate [2]**  10/24 12/12
**are [15]**  3/17 4/3 7/14 8/1 9/11 12/12 12/16 12/17 14/12 14/19 15/6 15/22 15/23 16/7 16/24
**argued [1]**  8/13
**arguing [1]**  11/20
**argument [15]**  4/3 4/7 4/9 5/18 5/24 6/3 6/12 7/17 8/20 8/22 10/16 11/6 11/7 12/19 16/4
**arguments [1]**  12/25
**as [13]**  4/7 4/8 4/8 4/9 4/9 4/19 6/5 6/6 7/15 7/16 7/25 8/5 8/12
**aside [1]**  4/21
**ask [3]**  3/3 9/12 12/2
**asking [2]**  4/10 15/14
**assistance [1]**  4/13
**assume [1]**  7/25
**at [9]**  4/13 6/21 7/6 9/18 10/15 10/17 12/10 16/22 17/16
**attorneys [2]**  1/11 15/22
**August [1]**  15/9
**averred [1]**  4/15

**B**

**back [1]**  8/13
**balance [1]**  4/21
**Baltimore [1]**  2/3
**basically [2]**  11/11 13/15
**basis [1]**  6/11
**Batson [3]**  8/8 8/21 13/16
**be [20]**
**because [8]**  3/18 4/12 6/3 8/11 9/4 10/17 11/8 13/20
**been [5]**  6/1 8/8 8/25 9/4 10/18
**before [5]**  1/8 8/24 8/25 10/3 11/3
**beginning [1]**  15/14
**being [3]**  9/7 9/15 15/1
**believe [1]**  5/17
**Besides [1]**  16/17
**best [1]**  7/16
**better [1]**  15/17
**between [2]**  8/2 9/9
**beyond [1]**  4/19
**bite [1]**  15/7
**both [4]**  5/6 11/2 11/17 16/7
**box [1]**  13/12
**BRAIN [3]**  1/17 3/11 3/11
**brief [3]**  13/19 13/23 15/20
**briefed [5]**  12/16 12/17 13/18 14/20 16/4
**briefing [4]**  11/7 11/18 12/15 13/18
**but [22]**
**bye [2]**  17/15 17/15
**bye-bye [1]**  17/15

**C**

**can [10]**  5/1 5/6 5/11 7/16 9/3 10/7 10/13 11/22 17/6 17/14
**can't [3]**  4/14 10/3 15/18
**candidly [3]**  6/3 7/25 10/18
**care [2]**  7/18 8/1
**carefully [2]**  6/8 10/17
**case [7]**  4/4 6/5 7/19 16/18 16/21 16/25 17/7
**cases [4]**  4/24 10/19 16/7 17/1
**caution [1]**  6/6
**certain [3]**  9/3 10/2 15/8
**certainly [4]**  5/14 6/21 8/3 11/6
**CERTIFICATE [1]**  18/1
**certify [1]**  18/2
**change [1]**  15/9
**Cherrywood [1]**  1/12
**chose [1]**  13/20
**Church [1]**  1/18
**Circuit [2]**  16/6 16/9
**claim [7]**  8/21 8/22 9/24 11/4 13/6 13/25 14/1
**claims [5]**  9/25 13/16 13/17 15/23 16/8
**clean [2]**  10/3 10/4
**clerk [4]**  3/25 7/4 7/8 8/15
**clerk's [1]**  15/9
**clerks [1]**  15/11
**come [5]**  5/20 7/17 9/6 15/16 16/18
**comes [2]**  12/20 14/21
**coming [1]**  17/14
**commission [2]**  6/16 6/20
**commit [1]**  15/18
**committed [1]**  5/14
**common [1]**  4/1

**C**

competing [1]  4/13
completed [2]  12/21 15/1
completely [1]  6/17
COMPUTER [1]  1/24
COMPUTER-AIDED [1]  1/24
concluded [1]  17/16
conference [1]  15/3
context [1]  16/25
CONTINUED [1]  2/1
convene [1]  14/11
conviction [1]  10/19
correct [5]  4/25 7/19 11/13 13/9 18/3
could [3]  6/13 6/13 14/19
counsel [2]  3/2 4/13
counter [1]  14/7
counter-proposed [1]  14/7
couple [3]  7/7 7/15 9/5
course [2]  5/24 15/16
COURT [12]  1/1 1/24 4/3 5/7 5/11 5/22
 5/24 15/2 15/3 16/9 18/1 18/8
Court's [1]  11/12
courts [1]  16/22
cram [1]  8/2
Criminal [1]  1/3

**D**

D.C [1]  1/16
date [4]  10/25 11/5 11/6 15/2
dates [1]  11/23
day [1]  7/1
days [9]  7/4 8/19 9/11 9/23 10/4 11/25
 12/6 14/15 15/25
Debbie [2]  3/6 15/25
DEBORAH [2]  1/11 14/24
December [1]  8/13
decide [12]  4/4 6/11 6/13 10/23 11/3
 12/9 14/11 14/15 14/23 16/7 16/9 16/20
decided [4]  3/22 8/8 12/21 14/4
decides [1]  14/9
decision [1]  10/23
Defendant [5]  1/6 1/14 2/2 3/7 3/13
Defender [2]  1/20 3/10
defer [3]  5/1 5/22 5/24
Delaware [1]  1/21
denied [3]  13/17 13/24 13/24
determine [1]  9/25
did [5]  5/15 5/17 13/16 13/22 14/6
differ [2]  11/13 11/14
differing [1]  11/20
differing then [1]  11/20
discard [1]  10/2
discover [1]  9/13
discovery [29]
discovery motion [1]  14/9
dispositive [1]  16/7
DISTRICT [3]  1/1 1/1 1/9
DIVISION [2]  1/2 1/12
do [13]  3/18 4/8 4/22 6/14 7/3 7/24 8/23
 10/15 14/8 15/25 16/10 16/23 17/7
does [4]  11/4 14/3 15/7 15/12
doesn't [5]  6/2 10/6 12/13 14/10 16/21
don't [17]  3/17 4/20 5/13 5/14 5/23 8/2
 10/12 10/15 11/7 11/7 11/8 12/8 14/8
 15/2 15/17 15/25 16/19

**E**

early [1]  15/2
East [1]  2/3
elapsed [1]  8/25
else [2]  14/22 17/9
end [10]  5/20 6/3 6/14 6/16 6/22 6/25
 14/19 14/20 15/1 16/10
ended [1]  15/5
entertaining [1]  9/19
entitled [1]  18/4
ERIC [2]  1/20 3/9
Esquire [6]  1/10 1/11 1/14 1/17 1/20 2/2
essentially [1]  7/18
et [1]  1/5
evaluating [1]  9/24
Even [1]  16/19
everybody [1]  6/19
evidence [2]  12/19 13/1
evidentiary [10]  4/11 5/12 6/9 6/12
 12/24 12/25 13/2 13/7 13/19 13/23
except [3]  7/5 7/20 16/21
exception [2]  3/21 4/5

**F**

facilitate [1]  3/19
fact [1]  6/10
failure [1]  4/16
fairly [2]  5/5 5/23
fall [2]  8/3 15/3
Federal [2]  1/20 3/10
feel [1]  9/1
few [2]  8/4 12/11
file [1]  12/23
filed [2]  9/9 12/18
find [1]  6/21
fine [13]  5/10 5/12 6/25 7/2 7/4 7/11
 7/13 10/4 10/14 10/14 12/3 14/13 16/22
firm [1]  14/4
first [9]  3/5 3/20 6/25 8/5 9/9 9/23 12/11
 13/4 13/5
fix [1]  14/17
FLOOD [10]  2/2 3/13 4/4 5/2 5/9 6/5
 6/10 7/13 8/1 17/7
Flood's [3]  3/22 7/19 16/8
Floor [1]  1/18
flows [1]  11/11
folded [1]  16/17
folks [2]  16/24 17/12
follow [2]  11/14 11/18
foregoing [1]  18/2
forth [1]  10/1
four [2]  9/10 9/16
Fourth [2]  16/6 16/8
frankly [1]  16/19
front [1]  7/1
fulfill [1]  15/18
fully [1]  16/4
further [3]  10/4 10/24 12/15

**G**

gather [1]  16/4
general [2]  3/15 4/20
generally [1]  6/20

**down [3]**  3/3 11/23 14/21
**due [1]**  9/12

**get [8]**  10/13 11/1 11/3 15/8 16/17 16/21
 17/6 17/7
gets [1]  14/20
give [3]  7/9 9/23 15/15
given [4]  6/10 9/8 9/9 15/21
go [9]  3/3 4/4 4/22 5/6 7/22 10/1 10/4
 10/24 11/10
going [12]  4/22 6/10 10/2 10/16 10/19
 11/9 12/9 15/4 15/21 16/7 16/17 17/7
good [3]  3/2 3/11 5/8
got [4]  8/17 8/19 15/9 16/15
gotten [1]  15/6
government [13]  1/10 3/5 4/15 5/9 5/15
 6/23 7/11 8/11 10/6 12/23 13/20 14/7
 17/10
government's [5]  11/24 12/4 13/6 15/20
 16/23
grant [3]  6/8 9/23 11/6
granted [1]  12/20
granting [1]  9/18
Greenbelt [2]  1/5 1/13
ground [1]  10/1
guess [3]  4/2 6/6 15/19
guys [1]  15/15

**H**

had [2]  8/12 17/13
happens [3]  8/24 11/17 12/22
has [4]  8/7 8/8 8/25 9/1
have [20]
haven't [1]  6/9
having [2]  4/20 5/18
hear [1]  8/22
hearing [22]
hearings [1]  6/25
helping [1]  15/23
here [5]  3/3 3/16 3/19 7/9 9/24
hold [1]  4/9
holiday [1]  17/14
Honor [24]
Honor's [1]  11/19
HONORABLE [1]  1/8
hours [2]  7/7 7/15
how [4]  7/3 10/9 11/4 14/1
However [1]  10/2
hurt [1]  6/2
hurts [1]  6/5

**I**

I'll [4]  3/3 6/25 10/20 12/13
I'm [11]  6/7 6/20 6/24 9/18 9/19 9/22
 10/8 10/15 11/9 11/22 15/16
identify [2]  3/3 3/4
if [15]  4/14 5/7 5/21 6/11 8/22 9/24
 10/13 10/15 11/22 12/11 12/12 13/16
 15/2 15/3 16/21
in [47]
inaccuracy [1]  8/10
inclined [4]  6/7 8/22 9/22 10/15
include [1]  12/25
including [1]  5/19
incorporated [1]  14/5
indicate [3]  8/5 12/13 12/13
ineffective [1]  4/12
inherent [1]  15/11
initial [1]  10/21

**I**

**into [4]**  8/3 10/24 16/17 17/7
**investigation [2]**  9/1 9/4
**involving [1]**  3/23
**is [49]**
**issue [13]**  3/21 3/23 3/24 4/1 4/16 4/24 7/20 7/23 8/7 16/10 16/15 17/4 17/4
**issues [5]**  3/17 4/6 4/13 8/6 11/12
**it [39]**
**it's [16]**  5/23 6/1 6/8 6/18 8/11 9/15 9/16 9/16 10/7 10/19 10/22 11/11 14/8 15/3 16/17 17/14

**J**

**JAMES [1]**  2/2
**JEB [3]**  8/8 8/21 13/16
**JEB**/Batson **[3]**  8/8 8/21 13/16
**Johnson [12]**  3/25 4/1 4/23 5/1 5/4 7/20 15/20 15/23 16/3 16/8 16/14 16/21
**Johnson issue [1]**  7/20
**JOHNSTON [3]**  1/11 3/6 14/24
**joking [1]**  15/16
**JUDGE [4]**  1/9 3/2 7/1 12/17
**JULIE [4]**  1/17 3/11 6/14 7/3
**July [5]**  6/14 6/16 6/22 6/25 15/2
**June [5]**  9/2 9/13 12/2 12/3 16/10
**June 30th [4]**  9/2 9/13 12/2 12/3
**just [14]**  4/4 6/5 6/6 7/9 8/11 8/17 9/14 9/19 10/12 14/14 14/21 14/25 15/5 16/13
**justify [1]**  13/1

**K**

**KAHN [4]**  2/2 2/2 3/14 4/2
**KARIN [1]**  2/2
**KENNETH [2]**  1/5 1/15
**kind [2]**  11/22 17/5
**King [1]**  1/21
**know [18]**  3/15 3/17 4/17 4/19 4/21 8/6 8/24 10/15 11/8 11/18 12/9 12/18 12/25 15/2 15/8 15/12 15/14 15/25

**L**

**Lane [1]**  1/12
**lapse [1]**  9/9
**large [1]**  4/4
**largely [1]**  6/4
**last [2]**  3/23 17/13
**late [1]**  9/16
**later [1]**  9/10
**law [7]**  2/2 3/25 7/4 7/8 8/15 15/9 15/11
**least [1]**  4/14
**leave [2]**  15/5 16/13
**leaving [1]**  12/10
**legal [1]**  5/5
**let [3]**  7/23 10/5 15/17
**let's [7]**  4/3 7/22 14/18 14/19 15/14 16/15 16/18
**letter [2]**  8/5 8/11
**LIGHTY [18]**  1/5 1/15 3/7 3/8 3/9 4/2 4/21 5/2 7/22 8/1 8/2 10/25 11/2 14/6 14/13 16/18 16/21 17/11
**Lighty's [1]**  16/8
**like [4]**  3/21 9/1 10/5 16/19
**LINDA [3]**  1/24 18/2 18/8

**line [5]**  13/4 13/5 13/5 13/11 17/13
**list [1]**  3/3
**literally [1]**  8/17
**litigated [1]**  6/1
**little [2]**  9/1 15/16
**LLC [1]**  2/2
**LLP [1]**  1/15
**long [1]**  16/15
**look [3]**  6/14 7/3 10/17
**looking [2]**  6/24 13/3
**looks [3]**  3/21 10/5 12/11
**looks-over [1]**  12/11
**lunch [1]**  7/5

**M**

**make [2]**  14/3 14/10
**makes [1]**  9/8
**map [1]**  3/16
**March [1]**  6/18
**MARSHALL [3]**  1/24 18/2 18/8
**MARTA [2]**  2/2 2/2
**Martha [1]**  3/14
**MARYLAND [4]**  1/1 1/5 1/13 2/3
**matter [5]**  4/19 5/5 6/6 17/16 18/4
**may [5]**  1/6 9/22 10/1 15/23 16/20
**maybe [2]**  11/1 11/21
**me [11]**  3/18 5/14 6/10 7/9 7/23 10/5 10/20 14/11 15/7 15/14 15/17
**mean [14]**  4/5 4/8 4/19 5/4 8/5 9/24 10/7 11/5 11/11 14/19 15/13 15/16 16/6 16/19
**memory [1]**  5/15
**merits [4]**  11/3 11/6 13/19 13/24
**MESSITTE [2]**  1/8 3/2
**might [3]**  3/19 7/25 9/5
**minute [1]**  11/16
**missed [1]**  11/21
**modified [1]**  10/10
**more [3]**  10/13 10/17 14/10
**most [2]**  7/6 9/8
**motion [32]**
**move [2]**  10/20 17/8
**MR [5]**  3/9 3/9 7/18 16/8 17/11
**Mr. [12]**  3/8 3/22 4/21 6/10 7/13 7/19 7/23 14/6 14/13 16/3 16/5 16/8
**Mr. Flood [2]**  6/10 7/13
**Mr. Flood's [3]**  3/22 7/19 16/8
**Mr. Lighty [4]**  3/8 4/21 14/6 14/13
**Mr. Rosenthal [2]**  7/23 16/5
**Mr. Rosenthal's [1]**  16/3
**MS [4]**  3/11 4/2 8/10
**much [6]**  6/1 9/2 10/9 10/18 15/17 17/12
**Mulberry [1]**  2/3
**my [4]**  8/15 10/23 11/9 12/9
**myself [1]**  15/18

**N**

**nail [1]**  11/22
**necessarily [1]**  4/20
**necessary [1]**  14/8
**need [10]**  3/17 8/2 8/23 9/1 9/5 10/9 10/10 10/13 10/17 14/23
**negotiate [1]**  4/17
**neither [1]**  8/11
**never [2]**  6/5 15/8
**New [1]**  15/11

**next [2]**  12/20 12/22
**nice [1]**  17/14
**no [5]**  1/3 9/20 10/3 10/23 16/16
**nominal [1]**  9/25
**nor [1]**  8/11
**North [1]**  1/21
**not [18]**  6/1 6/10 6/20 6/25 8/13 8/21 9/15 9/18 10/18 11/5 11/5 12/17 13/20 15/17 16/4 16/24 17/10 17/11
**NOTES [1]**  1/24
**now [11]**  5/11 6/24 7/16 7/22 9/10 10/6 12/8 13/4 14/17 14/23 16/9
**number [2]**  3/17 14/15
**NW [1]**  1/15

**O**

**object [2]**  4/20 9/17
**obviated [1]**  9/4
**obviously [6]**  4/5 5/10 7/16 10/22 11/3 16/10
**offer [1]**  13/1
**office [4]**  1/11 1/20 2/2 15/23
**OFFICIAL [2]**  1/24 18/8
**okay [8]**  3/15 4/23 7/18 7/21 10/14 14/3 14/22 17/8
**on [57]**
**one [9]**  3/21 3/22 3/23 5/3 5/25 8/10 10/18 14/25 15/5
**only [2]**  8/20 15/19
**open [2]**  12/10 15/5
**open-ended [1]**  15/5
**opinion [3]**  6/4 7/16 15/8
**opportunity [1]**  13/22
**oppose [2]**  5/15 13/20
**opposition [3]**  5/15 11/24 13/21
**or [8]**  7/7 9/16 9/25 12/16 12/19 12/21 14/4 16/20
**oral [7]**  4/3 5/18 5/23 6/2 7/17 10/16 11/7
**order [2]**  17/4 17/5
**ordinary [1]**  10/12
**other [6]**  5/1 5/3 5/21 8/22 14/1 15/19
**otherwise [1]**  12/16
**ought [1]**  14/18
**our [14]**  6/4 8/7 8/21 8/25 9/3 9/4 9/14 12/18 12/23 13/3 13/10 13/18 13/21 15/22
**out [12]**  3/16 5/20 6/16 6/20 7/17 8/13 9/3 9/6 10/1 15/8 16/18 17/5
**outcome [1]**  5/2
**over [1]**  12/11

**P**

**P-R-O-C-E-E-D-I-N-G-S [1]**  3/1
**p.m [2]**  1/6 17/16
**PA [1]**  1/18
**pairing [1]**  4/23
**paper [1]**  3/18
**papers [1]**  12/19
**parallel [1]**  15/22
**part [1]**  4/4
**particular [2]**  16/25 17/1
**pending [3]**  4/3 8/6 8/8
**people [1]**  16/14
**percent [1]**  16/12
**Perfect [1]**  17/2

## P

**period [1]** 15/4
**pessimistic [1]** 16/20
**PETER [1]** 1/8
**petition [5]** 4/6 4/12 8/7 12/18 12/23
**Philadelphia [1]** 1/18
**pick [1]** 15/2
**pile [1]** 15/11
**PJM [1]** 1/4
**plea [1]** 4/17
**pleadings [1]** 5/14
**point [3]** 9/19 10/16 12/10
**position [1]** 9/14
**positions [1]** 3/18
**possible [2]** 3/21 10/22
**post [1]** 10/19
**post-conviction [1]** 10/19
**prejudicing [1]** 10/22
**prepared [2]** 4/3 15/17
**principle [1]** 4/20
**probably [3]** 6/4 9/6 10/19
**problems [1]** 15/6
**proceed [2]** 12/13 12/13
**proceedings [1]** 18/3
**progressed [1]** 9/1
**promise [1]** 17/7
**proper [1]** 6/12
**proposal [1]** 14/14
**propose [2]** 9/2 14/7
**proposed [3]** 13/4 13/10 14/7
**prosecute [1]** 15/13
**Public [2]** 1/20 3/10
**purely [1]** 5/4
**push [1]** 16/14
**put [6]** 4/2 8/15 10/12 11/8 14/3 15/7

## Q

**quite [1]** 10/22

## R

**raised [1]** 4/13
**rather [1]** 15/4
**ready [2]** 3/22 17/8
**really [7]** 6/2 6/2 6/7 6/9 9/24 10/17 16/7
**reason [2]** 5/25 10/3
**recall [2]** 4/14 13/16
**record [1]** 18/3
**referring [2]** 13/8 13/11
**regarding [1]** 4/16
**reiterate [1]** 3/18
**related [1]** 8/21
**relied [1]** 13/21
**remains [2]** 7/19 12/15
**remember [1]** 15/9
**reply [4]** 10/14 11/24 12/6 13/8
**REPORTER [3]** 1/24 18/1 18/8
**request [8]** 4/17 5/19 9/19 10/3 10/5 10/10 10/21 13/23
**requested [3]** 4/11 9/7 9/16
**requests [3]** 9/4 9/5 9/17
**require [1]** 14/2
**resolution [1]** 11/12
**resolve [4]** 5/5 5/11 12/10 15/4
**resolved [1]** 16/22
**respond [3]** 10/6 10/10 12/23

**response [6]** 4/15 10/21 12/4 13/6 13/6 15/20
**responses [1]** 15/1
**revised [3]** 9/13 11/23 11/25
**right [23]**
**ROSENTHAL [4]** 1/14 3/8 7/23 16/5
**Rosenthal's [1]** 16/3
**routine [1]** 5/23
**RPR [1]** 18/8
**ruled [1]** 13/22
**rules [2]** 12/22 14/2
**ruling [3]** 11/14 11/19 17/6

## S

**said [3]** 7/15 11/25 17/13
**same [1]** 17/14
**SANDRA [1]** 1/10
**Sandy [2]** 3/6 8/19
**save [1]** 8/7
**say [9]** 4/3 5/25 6/7 10/4 10/16 15/12 15/13 16/20 17/14
**schedule [5]** 13/4 13/10 13/18 14/5 15/3
**second [6]** 7/9 13/5 13/11 13/11 16/2 16/2
**see [14]** 5/20 7/14 7/22 8/1 10/5 10/20 10/20 11/1 12/12 14/12 14/19 14/19 14/21 16/18
**seems [4]** 6/1 6/10 12/12 14/17
**sense [3]** 9/8 14/3 14/11
**separately [1]** 5/6
**separating [1]** 5/12
**September [2]** 8/12 8/14
**serious [1]** 8/16
**set [5]** 10/16 10/24 11/5 11/5 13/17
**SETH [6]** 1/14 3/8 13/5 13/8 13/11 17/3
**sets [1]** 17/5
**Seventh [1]** 1/15
**should [9]** 6/21 7/2 11/14 11/18 11/18 12/14 16/10 16/13 17/8
**shouldn't [1]** 9/2
**sides [2]** 11/2 11/17
**significant [1]** 8/25
**similar [1]** 16/10
**simply [1]** 12/18
**sir [2]** 12/5 12/7
**slash [1]** 13/19
**so [31]**
**some [7]** 3/19 8/9 8/15 11/8 14/7 14/7 15/12
**somebody [1]** 15/13
**something [5]** 4/15 6/21 8/3 10/17 10/19
**sometime [1]** 5/19
**soon [2]** 6/11 17/15
**sorry [1]** 11/22
**sort [1]** 4/19
**sound [1]** 11/4
**SOUTHERN [2]** 1/2 1/12
**Speaking [1]** 14/6
**specific [1]** 11/23
**spend [1]** 5/21
**standpoint [2]** 16/3 16/24
**start [3]** 7/15 7/23 15/14
**STATES [4]** 1/1 1/3 1/9 1/11
**status [3]** 1/8 14/12 15/3
**STENOTYPE [1]** 1/24
**still [3]** 4/6 4/17 8/23

**stop [1]** 11/16
**straightforward [1]** 5/5
**Street [4]** 1/15 1/18 1/21 2/3
**studied [1]** 6/9
**studying [1]** 6/7
**stuff [2]** 14/20 15/12
**subject [1]** 7/16
**submitted [2]** 4/14 4/16
**Subsection [1]** 13/11
**subsequent [1]** 11/18
**Suite [2]** 1/12 1/21
**summer [3]** 5/20 6/3 17/8
**support [4]** 12/24 12/25 13/7 13/13
**supporting [1]** 12/19
**suppose [2]** 6/2 12/15
**Supreme [1]** 16/9
**sure [2]** 10/8 17/8

## T

**take [6]** 5/9 7/18 8/1 9/3 10/19 17/5
**Talk [1]** 17/15
**talking [4]** 7/6 7/7 8/3 9/11
**TELECONFERENCE [1]** 1/8
**tell [1]** 16/24
**ten [1]** 12/6
**terms [4]** 9/6 14/15 14/18 17/6
**than [2]** 15/4 15/17
**thank [4]** 7/13 17/2 17/3 17/12
**that [87]**
**that's [18]** 5/10 7/11 7/13 8/25 9/15 10/14 10/14 10/16 11/13 12/9 12/19 13/3 13/8 13/15 14/1 14/2 15/6 16/22
**theft [1]** 15/13
**their [3]** 4/15 4/16 13/21
**them [5]** 5/6 5/12 5/14 9/23 15/12
**then [26]**
**there [9]** 6/13 8/2 8/6 8/24 10/23 11/16 12/14 14/22 15/22
**there's [3]** 4/12 8/10 10/3
**thereafter [2]** 12/4 12/6
**these [4]** 10/18 15/15 15/23 16/25
**they [5]** 4/15 10/1 13/21 15/11 15/16
**they're [1]** 10/2
**they've [1]** 9/4
**thing [5]** 11/1 12/22 14/25 15/20 17/14
**things [6]** 3/19 8/4 10/2 12/10 14/7 14/8
**think [28]**
**thinks [1]** 15/3
**this [15]** 3/8 3/9 5/25 9/19 10/15 12/16 12/17 14/14 14/20 14/24 15/21 16/5 16/19 16/25 17/8
**those [2]** 7/4 13/17
**thought [1]** 14/2
**thoughts [1]** 3/19
**three [1]** 9/16
**through [2]** 6/4 6/6
**Thursday [1]** 1/6
**time [20]**
**timeline [3]** 12/9 16/15 17/6
**timetable [2]** 11/8 11/9
**Titus [1]** 7/1
**today [6]** 3/16 8/18 10/5 15/6 16/1 17/6
**too [1]** 7/13
**total [1]** 7/15
**toward [3]** 5/19 6/14 14/20
**tracks [1]** 15/22

## T

**transcript [4]** 1/8 8/12 8/17 18/3
**TRANSCRIPTION [1]** 1/24
**try [1]** 3/16
**turns [1]** 8/13
**two [6]** 4/24 8/19 10/13 12/1 12/4 16/7

## U

**under [1]** 12/22
**understand [1]** 9/20
**unique [1]** 9/25
**UNITED [4]** 1/1 1/3 1/9 1/11
**unlikely [1]** 6/8
**until [5]** 8/1 9/2 12/10 14/4 14/8
**up [9]** 4/9 6/1 10/3 10/4 10/7 13/18 13/23 14/19 17/14
**us [3]** 5/23 15/6 15/23
**usually [1]** 5/23

## V

**variety [1]** 4/12
**Venable [1]** 1/15
**very [3]** 5/8 16/9 17/12

## W

**wait [4]** 8/1 14/18 16/2 16/2
**waiting [2]** 16/6 16/9
**walk [1]** 6/6
**want [4]** 4/6 10/15 11/8 15/18
**wants [2]** 5/7 15/2
**was [4]** 6/12 8/13 8/20 15/5
**wash [1]** 9/6
**Washington [1]** 1/16
**way [2]** 6/4 10/25
**we [75]**
**We'd [1]** 12/2
**we'll [9]** 5/20 5/24 7/14 7/15 12/12 12/13 14/21 17/4 17/4
**we're [13]** 3/16 7/6 7/7 8/2 10/16 11/20 12/10 13/3 13/4 14/16 14/20 15/21 16/6
**We've [1]** 16/15
**week [1]** 6/25
**weeks [3]** 10/13 12/1 12/4
**well [18]** 3/15 4/7 4/8 4/9 4/9 4/23 5/13 5/25 7/10 7/25 9/18 11/16 12/15 14/17 14/22 15/7 15/12 15/13
**went [1]** 13/24
**were [1]** 6/11
**what [25]**
**what's [1]** 4/9
**whatever [3]** 5/2 11/17 16/20
**when [2]** 9/9 10/20
**where [20]**
**wherever [1]** 7/16
**whether [1]** 4/2
**which [6]** 3/16 4/1 12/24 13/7 13/23 16/10
**who [2]** 15/23 16/24
**whole [2]** 5/19 16/20
**why [4]** 3/16 9/24 10/3 10/12
**WILKINSON [2]** 1/10 3/6
**Wilkinson's [2]** 8/5 8/10
**will [11]** 5/4 5/5 6/4 6/8 9/6 10/8 10/10 11/6 12/11 15/12 17/7
**Wilmington [1]** 1/21

**without [4]** 5/11 6/7 10/22 12/18
**won't [2]** 10/24 14/17
**words [2]** 5/1 5/21
**work [1]** 15/21
**worked [2]** 6/4 14/1
**working [2]** 7/15 16/24
**worry [1]** 16/25
**would [19]**
**wouldn't [1]** 16/14

## Y

**yeah [10]** 4/11 5/4 5/6 5/12 6/20 8/4 8/20 9/12 14/10 14/14
**year [1]** 14/21
**years [2]** 9/10 9/16
**yes [6]** 5/17 7/20 12/5 12/7 13/14 16/11
**yet [3]** 6/9 11/6 16/4
**you [42]**
**you'd [1]** 16/20
**you'll [2]** 10/9 13/16
**you're [7]** 4/10 7/4 13/4 13/8 15/14 16/12 16/16
**your [33]**

## Z

**ZUCKERMAN [3]** 1/20 3/9 3/9