UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

UNITED STATES OF AMERICA  :  Criminal Action No.

    v.                    :  PJM 03-0457

KENNETH LIGHTY, et al,    :  Greenbelt, Maryland

        Defendant.        :  September 23, 2013
_____/   10:10 A.M.


TRANSCRIPT OF MOTION PROCEEDINGS
BEFORE THE HONORABLE PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

APPEARANCES:
FOR THE GOVERNMENT:      JAMES A. CROWELL, IV
                         DEBORAH JOHNSTON, Esquire
                         United States Attorneys Office
                         Southern Division
                         6500 Cherrywood Ln Ste 200
                         Greenbelt, Maryland 20770
                         301-344-4235

FOR THE DEFENDANT        SETH A. ROSENTHAL, Esquire
KENNETH LIGHTY:          Venable, LLP
                         575 Seventh Street, NW
                         Washington, D.C.  20004
                         202-344-4741

                         JULIE BRAIN, Attorney at Law
                         127 Church Street, 2nd Floor
                         Philadelphia, PA 19106
                         267-639-0417

                         KARL DAVID SCHWARTZ, Esquire
                         Law Office of Karl D. Schwartz
                         P.O. Box 8846
                         Ulkins Park, PA 19027
                         215-450-3391


OFFICIAL COURT REPORTER:  LINDA C. MARSHALL,(301) 344-3229
        COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES

APPEARANCES CONTINUED:

FOR THE DEFENDANT     MARTA KARIN KAHN, Esquire
JAMES FLOOD:          The Law Office of Marta K. Kahn, LLC
                      8 East Mulberry Street
                      Baltimore, Maryland   21202
                      410-299-6966

**P–R–O–C–E–E–D–I–N–G–S**

THE DEPUTY CLERK:  PJM 2003-0457, United States of America versus Kenneth Lighty, et al.  The matter is before the Court for a motions hearing.

THE COURT:  All right.  Counsel, identify yourselves for the government and then for the defendant.

MR. CROWELL:  Good morning, Your Honor.  James Crowell and Deborah Johnston on behalf of the United States.

MR. ROSENTHAL:  Seth Rosenthal for Mr. Lighty.

MR. SCHWARTZ:  Good morning, Your Honor.  Carl Schwartz also on behalf of Mr. Lighty.

MS. BRIAN:  Good morning, Your Honor.  Julie Brian for Mr. Lighty.

MS. KAHN:  Good morning, Your Honor.  Marta Kahn for Mr. Flood.

THE COURT:  All right.  I don't know whether you have anything preliminarily to say, do you, or are you ready to just jump in and argue?  I have, perhaps, a few questions that are preliminary to our discussion if you have nothing else.

It doesn't look to me like defendant has briefed the issue of procedural default on the grounds that somehow that comes up when we get to the merits.  Problem being that if there's an issue of procedural default, seems to me that the lense through which I look at this request changes.  That it isn't the government coming in having to respond as it would

have been responded at trial had the issue been raised, but was there ineffective assistance on the part of counsel in failing to raise it.

In other words, there's a double hurdle here that has to be crossed. And it's difficult for me to jump right in and assume that we're arguing this as if we were at trial, because there really is that second hurdle; really, that first hurdle from where we are.

So I'd like defendant to address that issue first. No dispute that this issue was not raised at trial and what you're asking me to do is immediately assume that it was, treat it as if it was questioned. So what do we --

And as I understand it, you've not briefed that point and maybe you're asking for more time to do it, but I don't see how I can even look at the -- tell me I'm wrong -- the discovery motion until I know what the lense is that I'm looking at it through.

Mr. Rosenthal.

MR. ROSENTHAL: Yes. I think you can look at it, Your Honor. First of all, we would like the opportunity to brief up the procedural default issue if you think that is going to be determinative of the outcome.

THE COURT: I don't know that it's determinative only in the sense that it may be relevant in terms of the standard by which I evaluate what you're looking for and I suppose you need

to answer, but does that also bear on the issue of prima facie case for discovery purposes?

MR. ROSENTHAL:  But let's put that aside because there are two context, at least, in which Mr. Lighty has raised the *J.E.B./Batson* claim.  One is as a stand-alone claim and the other is as Your Honor has rightly said, as ineffective -- through the ineffective assistance of counsel gateway.

And there the government in its papers says, there is no issue with respect to procedural default there if the defense can show that there is -- that there was deficient performance by trial counsel in failing to raise the claim.  And if it can show prejudice in terms of the claim being meritorious, then we acknowledge that, essentially, you get to the result, right, you get to the merits.

So with respect to raising this claim under the ineffective assistance of counsel rubric, we do get right to discovery point, because --

THE COURT:  Even by -- just by raising it, you say.

MR. ROSENTHAL:  Well, no.  I mean, obviously, we have to prove that there is good cause for discovery, so we have to prove a prima facie case for relief using ineffective assistance of counsel in the failure to make a challenge based on discrimination on gender and a combination of gender and race.

So we do have to make that good faith -- good cause showing in the first instance, that is true, and we believe

we've done that on the papers.  But you don't have to decide the procedural default issue first in order to determine whether discovery is warranted.  You simply have to determine whether or not, A, there is reason to believe that the claim could be meritorious that we made out a prima facie claim of discrimination in jury selection; and, B, that by failing to raise that challenge at the trial court and by failing to raise it on appeal as well, trial and appellant counsel were deficient in their performance.

THE COURT:  All right.  Mr. Crowell, you want to respond?

MR. CROWELL:  Judge, the ineffective assistance claim would not be default, but that the underlying *Batson* claims were default and that's the point here.  And with respect to the prima facie showing of good cause under Rule 6, it's important to recognize where we are.

We're not in a criminal trial.  This is a civil proceeding under habeas.  And under Rule 6, the discovery rules were not amplified.  *Brady* is still the same.  *Jencks* is still the same.  You're not entitled to more discovery because you want to go on a fishing expedition in the government's files in search of some issue.

As we look at -- as a procedural matter, they can't overcome that initial default of having defaulted the underlying *Batson* challenge.  If we look at the ineffective assistance

claims, we end up going through -- you're not entitled to anymore additional discovery for -- simply because you make allegations about what some statistical analysis might say.  We can get into the merits of all those things, but as an initial matter, it's important to recognize where we are procedurally and the legal standard that applies to that.

Much of petitioner's briefs are talking about, it appeared to counsel this happened, it appeared that the strikes were for the basis of that.  The record is limited to the extant record.  You don't get to depose the government's counsel understanding why they think the way they thought.  You don't get to look at the government's notes.  You don't get to get more discovery than you would have been entitled to had you made a timely challenge.  And that's kind of the larger point here with -- on this narrow issue of discovery.

As a front-loaded question, under the Fourth Circuit, you can't get to -- to discovery if you cannot show that you have a likely, a likelihood of success.  And here the petitioners can't show that because they defaulted in the first instance.

And to the extent the discovery they're looking for would somehow suggest that there was bad faith or that the prosecutors engaged in unconstitutional strikes, the record is bereft of any indicia of that.  So, if we're looking just at those narrow hurdles, I don't think petitioner's counsel can

overcome, just as the Court recognizes, the first hurdle.  And then if we look at the narrow ineffective assistance hurdle, they can't get past them.

THE COURT:  Well, I mean, here's the way I see it really.  You can correct me if you want to or tell me why we end run this, but if we are taking this as an ineffective assistance claim only because it hasn't been raised earlier, then the question is, what did defense counsel do and was it substandard.  That's the question, not did the government come forward and give a neutral reason as to why they selected jurors that may have not included women or African-American women.  That's a different inquiry.  The second level inquiry, if you will.

Because if the answer to the first question is, no, what he did was not substandard.  And the focus is on what he did or didn't do.  That's the question.  And there it seems to me the burden clearly is on the defendant to show that.  It's not on the government to show that they gave a neutral reason.  I mean, you may get there if you show that the actions are substandard.

Here's the issue that I've got and, you know, obviously, these are all serious matters, so I don't mean to deflect.  But, look, the problem with raising this issue directly on appeal is counsel did not have the opportunity at trial, nor did I to pursue what might have been an opportunity to clarify and to correct.

I mean, here we are six years later and we're asked to reconstruct what was done based on a supposition that nobody made at the time. And that's a rough proposition for counsel for the government, in fairness to the government; to the Court who had no opportunity to say, well, look, let's ask some more questions about these people. Let's find out exactly what's going on here.

And it's just assumed right away that -- and I don't know why counsel did it or not. I mean, why defense counsel acted as he did. He may have done it tactically. I mean, it's possible that he said, let's pass it and I'll raise it on a 2255. I hope not, but that's always a possibility. Or he thought, I've got a balanced jury here.

I mean, I noted, for example, that two of the people that are alleged to have been struck by the government were also struck by the defendant. How do I count those against the government? I mean, I haven't had a chance to digest all of that, but that's what I thought about first.

Second point which I raise for defendant is -- I don't want to get ahead of myself on this. Second point I raise is that I understand there is some discovery that is permissible with regard to 2255 filings. I want to know, though, whether in fact there has been allowed by case law the kind of discovery sought here of the prosecutors six years after the issue really was matured and wasn't raised at the trial level.

I mean, that -- I'm thinking, is there a case that really has held this ever?  It seems sort of improbable.  Maybe there is.  I understand that, yes, you can raise a request for discovery down the line, but in this context, discovering everything that the prosecutor did and thought, taking the depositions, sending interrogatories, getting their notes.  It's frankly a large proposition that I hadn't confronted before.

And if you know, Mr. Rosenthal, that there is such a thing, that there are cases that have specifically so held, I'd certainly like my attention drawn to them.  I didn't see that in your papers, but maybe you've got a response.

MR. ROSENTHAL:  Your Honor, we have not cited any case where this particular issue was squarely before a district court on a Rule 6 Motion for Discovery.  We can certainly look for those cases, but we don't have it.

I guess, the important thing here is that now that we actually do have the prosecutors' reasons on the record, they have submitted their reasons, and so in terms of determining whether there is good cause for discovery, whether the claim might have been viable, we're at stage three of the *J.E.B./Batson* analysis.  And anything that might be relevant, any historical evidence that might be relevant to the government's reasons for their strikes, you know, ought to be brought to bear.

If there is evidence out there and we're not saying

there is, but there very well might be, but to the extent that there is evidence out there that could inform the Court's determination about whether there was or wasn't discrimination with respect to particular strikes of female jurors or African-American female jurors, then let's see what's out there.

I mean, there are cases in post-conviction and I don't know if it was done during the Rule 6 discovery process or whether defense counsel was able to get it through their own investigation, but let's take, for instance, you know, the *Miller-El v. Cockrell* series of cases in the Supreme Court.

And obviously, there was substantial evidence of discrimination in that case. The Supreme Court twice had to tell the Fifth Circuit to do the right thing there. You, obviously, don't have to make out what the defense was able to make out in *Miller-El* in order to establish a case of discrimination in jury selection. But in *Miller-El*, some of that evidence regarding the office's pattern or history of discrimination was unearthed in post-conviction proceedings.

THE COURT: How was that information though developed? Were prosecutors deposed and their notes subpoenaed?

MR. ROSENTHAL: You know, I don't know in *Miller-El* how --

THE COURT: That's another issue, leaving aside procedural default. I mean, this is such a large proposition to basically open everything that the prosecutors have done.

Let me just say another thing.  If you took the procedural default question, first, you'd be wondering what the defense counsel did.  That would be the inquiry rather than what the prosecutors did.  Why did he do what he did other than speculate?  Maybe there's something in his file that indicates.  Or would the government be entitled to discovery -- I'm sort of thinking this out -- of what he did so they can argue procedural default.

MR. ROSENTHAL:  First of all, again, happy to brief up this particular issue if you want.  But second of all, with respect to why defense counsel did what he did or whether he did something consciously or not, I mean, both Mr. Flood and Ms. Kahn can speak for Mr. Flood, and Mr. Lighty have given you declarations from trial counsel saying we didn't make any conscious decision not to make a *J.E.B./Batson* challenge here.  It was an oversight.

With respect to Mr. Lighty's trial counsel, experienced trial counsel, he had never been through the simultaneous blind striking procedure that Your Honor used in this case.

THE COURT:  I don't think it's unusual for this court.  Maybe it was for that counsel, I don't know.

MR. ROSENTHAL:  Right.  But in any event, he talks in his declaration that's now before you about how he didn't recognize, but should have recognized it in time in order to

make a credible *J.E.B./Batson* challenge or even to -- even to make an assessment about whether you've got a credible *J.E.B./Batson* challenge, what you need to do is say, time out, Court, after the jury is selected and before they're sworn and say, can I please have the night now to take a look at, you know, all the strikes that were done to determine whether we've got impermissible discrimination. That's what has to happen.

THE COURT: Well, that would be a very thorough thing. You could simply look at the composition of the jury, make your motion, come up and have it denied or make -- say what you can say, but you can see whether one out of 18 is a woman or not. You can see that.

MR. ROSENTHAL: You can see who is on the jury, but you don't necessarily know until you sit down and take a look at each side's strikes, who struck whom. And so, it will take -- it will, if counsel is doing what he or she should, take some time to determine whether or not there is a viable claim for unconstitutional discrimination against a particular juror. And counsel didn't do that in this case.

And at least with respect to Mr. Lighty's trial counsel, you've got a declaration in front of you saying, it was an oversight, I messed up.

I'm sorry that I forget what's in Mr. Lawlor's declaration, but I think it's something similar. So, you do have that evidence in front of you with respect to making that

threshold determination on ineffective assistance of counsel, as you said, about whether the performance was deficient in the first place before you get to second inquiry about, okay, if it was deficient, do we have a prima facie case for discrimination?

THE COURT: All right. I assume --

MR. ROSENTHAL: But we would submit you've got both in front of you now, Judge.

THE COURT: All right. I assume counsel for Mr. Flood joins in the argument.

MS. KAHN: Yes, Your Honor.

THE COURT: All right. Well, the question I've got is, what do we do today? I mean, do I make a ruling on discovery? I don't want to prejudice the defendant either, but it seems to me I've got to get my issues lined up first before I say, for example, to the defendant -- to the government, yeah, go ahead, make some discovery, assuming I could do that.

I mean, again, one of -- for me, one of the, I would say, things that slows me down, not to say impediment is I'd like to see a case where prosecutors were asked six years after the fact to give the kind of information that you're seeking here. And if you think there's case law out there, I'd sure like to see it. But then there's the procedural default issue. So the question is, what do I do with your request for discovery at this point?

Mr. Crowell, I need you to address that. I know

you're all loaded and ready to go on this, but I've got some of these obstacles that are, sort of, standing in my way.

MR. CROWELL:  Your Honor, I looked at and I think that was kind of a point that I skipped over when we first started is looking at the procedural posture.  If we look at the categories and I went through each of the things that the defendant is requesting, the petitioner is requesting.  If we look at that first quest is the contemporaneous notes of AUSAs Johnston and Wilkerson.  And in support of that, petitioner's counsel argues *Miller-El.*

*Miller-El* has absolutely no application to the current case.  That was a case in which there was an office policy of systemic discrimination against African-American jurors.  There was six or seven different issues that the Supreme Court recognized of why that case had to be sent back.  None of that is relevant here.  None of that is present here.

Here the Court had two prosecutors with half a century of prosecuting cases ably in this courthouse with a record bereft of any misconduct ever.  Frankly, serving as the moral compass of the U.S. Attorneys Office.

This second category, looking at the documents, all the documents the government obtained during any member of the venire from which the jury was drawn.  Again, there's no rule of discovery.  These unusual categories, I think, you know, petitioner counsel is right, they can't find a case because

there is no such a case where a *Batson* challenge wasn't made by trial counsel, a *Batson* challenge wasn't made on appeal and six years later, 11 years after a murder, six years after trial they now seek this kind of broad category of government notes to which they wouldn't have been entitled had they made a timely *Batson* challenge.

So we would ask as you kind of look through the actual categories, we would ask the Court to deny the Motion for Discovery. They're not entitled to -- the discovery they request from the government, they're not entitled to. Some of the discovery though is really best propounded to the jurors' office. They're asking for what the jurors' notes are, the jurors' questionnaires and these type of indicia.

THE COURT: Wait a second. Didn't everybody get the questionnaires?

MR. CROWELL: Yes.

THE COURT: Were they all turned back in, is that what happened?

MR. CROWELL: Yes, sir.

THE COURT: Mr. Rosenthal, you got a point? Did you want to say something?

MR. ROSENTHAL: Yes. So, yes, Your Honor, we did get the strike list and the questionnaires which we already had from the Lighty case, but we're now requesting the strike list from the other death penalty cases that the government --

THE COURT:  From *Higgs* or more than *Higgs* too?

MR. ROSENTHAL:  *Higgs* and *Haynes*.

MR. CROWELL:  And *Taylor* and *Moses* and *Arguetta* and *Dinkins*, and *Gilberts* and *Meyers* and so on.

THE COURT:  This counsel, did Ms. Johnston, Ms. Wilkerson prosecute those cases?

MR. CROWELL:  No, Your Honor.  That would have been AUSAs Trusty, Ms. Wilkerson and a couple of other different counsel tried those various cases.  This is kind of a --

You know, these type of discovery request exemplify what the Fourth Circuit has said petitioner's counsel is not allowed to do, which is to go search, fishing for some kind of issue to support.  They have reached a conclusion much like a statistical analysis.  They have reached a conclusion and then they search and put together a basis for -- that supports their conclusion.  They have reached the conclusion without actually looking at the facts of the law that prevent them from reaching that conclusion.

If we go to these other six various categories, deposing the AUSAs to understand their individual viewpoints as to why jurors did or didn't get struck the way they were stricken, there is no case that supports that because -- and I think the Court has really hit the nail on the head is that because the defendants can't get past the initial procedural hurdle that the focus of this 2255 is not on government

counsel's behavior.

The focus, the non-defaulted, non-procedurally defaulted issue, the only one they can raise at this point is the ineffective assistance of their own trial counsel. And that focus, whether it's through discovery or through briefing is directed at defense counsel and not through government counsel.

So if there are questions, if there is discovery to be had, it is not at the government's feet. If they are looking for items from the jurors' office, they can go and request that. If they are looking for items from underlying trial counsel, they can go and propound that from trial counsel.

The things that they are looking for from the government, though, are not appropriate in an ineffective assistance of trial counsel claim, which is the only claim that could survive given the current procedural posture of this case.

THE COURT: I'm assuming that your giving of the alleged neutral reasons doesn't waive a claim of lack of procedural --

MR. CROWELL: No, Your Honor. In fact, we've specifically reserved that.

THE COURT: Well so, the question -- what are you asking the Court?

I'll have you respond in a moment, Mr. Rosenthal.

What are you asking me to do today, Mr. Crowell?

Mr. Crowell, what are asking me to do today?

MR. CROWELL: Your Honor, I'm asking --

THE COURT: Should I deny the motion? Is that your request or should I give them leave, at least, to argue why they don't have to raise this as an ineffective assistance claim or what?

MR. CROWELL: No, Your Honor, we would ask -- because we frankly have given what they would have gotten through their interrogatories, we would ask that the remaining issues they're not entitled to get. The Court well recognizes that procedurally they're not allowed to get these documents from the government. They're not allowed to depose the government. And because of that, we would ask the Court to deny their Motion for Discovery.

There's no basis in law and there's no basis in fact for granting it. And because they procedurally defaulted on the underlying issues that they intend to raise, that they can't make out a prima facie case. Therefore, they're not entitled to discovery under Rule 6.

So they can't -- even if they briefed it up, they can't ever get to what they want from the government because they can't satisfy the Fourth Circuit prescripts related to Rule 6 and its application here. You can't get to it. No matter how much they brief it up, you can't get past that procedural hurdle.

THE COURT: Mr. Rosenthal, let me, I suppose, put the

question to you this way:  I do have some, as I say, some preliminary concerns of how I even get to the issue of whether I should allow the discovery.  And as I said, one has to do with getting past the procedural default issue, which I do think changes the focus rather considerably.

The second is to give you an opportunity, if you think there's something out there that you should -- is a case that comes close to this one where prosecutors are, basically, asked to bear their souls six years after the fact as to why they did or didn't do another act, a certain act or acts.

Now, I want to give you every opportunity to make your case, but those are serious issues.  It may be in the end that the government is correct and that I would deny the Motion to Discover, but I want you to make the broadest possible argument that you can that should allow you to go forward on this issue.

So you -- I mean, maybe you're asking me to go forward now.  I sort of have a sense that it may serve your position better if you brief the point so that I can make a specific finding about procedural default.  And then secondly, see whether there are any cases that take me where you want me to go, to give you at least that opportunity to come to me.

In fact, there may be cases that go contra that probably say that you can't.  I mean, I'm not --

Now, Mr. Crowell, you'd be invited to cite those cases that you can't depose the prosecutors down the line and ask all

these questions and get the kind of information that's sought.

I don't have that material in front of me right now, so I pose that to you, Mr. Rosenthal. I'm hesitant to try and go forward and make a ruling on whether you're entitled to discovery or not until you've had full opportunity to tell me why I get, as I say, get beyond the procedural default issue into the next question. And then why I even grant any of the specific discovery requests that you're making, even assuming that you're entitled to some discovery.

Mr. Crowell is saying, well, yes, you are, but get it from the clerk.

MR. CROWELL: The only issue, Judge, I would point out is in looking at the -- we've been dealing with this since December of last year. Defense counsel -- I mean, petitioner's counsel has had nine months. If that case isn't out there in nine months of looking for it, I'm pretty confident they're not going to find it.

I only bring that to the Court's attention if we can narrow in the amount of time we keep pushing --

THE COURT: Well, we can do that. I mean, look, this is obviously a life or death case in the end, and Mr. Lighty is not going anywhere in the meantime. I mean, there is that. It's not like we have to rush through and get a decision in the next week on this issue. This case will truck along for quite some time whatever we do here.

Mr. Rosenthal, react to what I'm saying.

MR. ROSENTHAL:  Sure.  With respect to briefing up the procedural default issue, yes, Your Honor, we'd be happy to do that.

I would say and I think I have argued before that even if you determine that the stand alone claim is procedural default, you still get -- we argue you still get discovery through ineffective assistance of counsel claim.

THE COURT:  Well, that may be a different argument that the government comes back with in response to that issue.  If I do decide and it's really hard not to decide that there was a procedural default.  I mean, maybe you've got some kind of argument out there that would turn me around otherwise, but it's hard to argue otherwise.

But then the question is, if there is going to be likely a procedural, finding of procedural default, then you really get into the cause and prejudice argument here and the government has to really focus on how you put that out there. You haven't put that argument out there yet, you haven't.  And you have to do that so the government can argue no cause and prejudice.

MR. ROSENTHAL:  Well, we have put that argument out there.  That's why we gave you counsel's declarations to show that if you're not going to rule on discovery as a stand alone claim, you've got a Motion for Discovery under the IAC claim and

that's why we've given you declarations, at least, from our perspective establishing as a prima facie matter trial counsel and appellate counsel's ineffectiveness.

So we have given that to you, but we're happy to brief the issue up further.

THE COURT:  Well, I'm not sure that the government would agree that you presented it the way that they feel it should be presented.

MR. ROSENTHAL:  In fairness, it wasn't the reply brief, so they have not had a chance to respond.

THE COURT:  Right, right, they have not.

MR. CROWELL:  Your Honor, if Mr. Rosenthal is suggesting that he would like to rest on his current record as to the cause and prejudice standard basis, again, there seems to be no reason for discovery again.

And then looking at the cause and prejudice standard, I think it speaks for itself that they can't demonstrate that as alleged in the briefings.  And we would rest on the papers and ask the Court to rule now.

I mean, they can't demonstrate prejudice based on how they've articulated it so far in their pleadings, if that's the suggestion.

THE COURT:  Well, I mean, the Court is not -- it's an interesting proposition.  Is the Court bound by trial counsel's affidavit that I overlooked it?  I mean, how do I argue that

what he did was reasonable if he says, I never thought about it.

I mean, courts would be basically prisoners to anything that trial counsel would say, which is, hey, I overlooked it. Therefore, ineffective assistance. That can't be the law, that can't be. I mean, there ought to be a way we -- it's all sort of an odd thing where you're talking about how sloppy trial counsel was and government is going to argue how good he was to try and at least show what he did was within the rule of reason.

That's another issue you need to look at. Is it enough that he just says, I overlooked it? Does that basically then require a finding of ineffective assistance? I'm sure it doesn't.

MR. ROSENTHAL: Our argument, Your Honor, is that on this particular limited issue, yes, it would require discovery because otherwise we have proven prejudice.

I mean, I understand Mr. Crowell saying, we haven't, you know, made out prejudice because we haven't even made out a prima facie case of discrimination in the jury selection. I mean, we've given you quite a bit of evidence that in our view does establish that we've made out more than a prima facie case of discrimination in jury selection based on statistics, based on comparative juror analysis, based on our analysis of the reasons the government has given.

So for all those -- and based on what happened in the

*Higgs* case as well. So for all those reasons, we think we made out more than a prima facie case of discrimination on the basis of both gender and a combination of gender and race.

And going beyond that, since we've now gotten the government's reasons, we also believe that there is cause to believe that there was discrimination against at least several jurors on the basis of religion and several other jurors who seemed to have been struck because -- for reasons that were proxies for race. And we've told you about those issues as well. And those only cropped up for the first time when we got the government's explanations.

So we do believe there is a prima facie case out there. The evidence based on the case law suggest there's far more than a prima facie case out there and that there is reason for discovery.

In addition, Your Honor, I mean, your question was, okay, all I've got is the declaration from defense counsel right now. Does that entitle Mr. Flood and Mr. Lighty relief? Well, you know, unrebutted, yes, it does, but it suggest at the very least that there ought to be a hearing on whether or not counsel was or wasn't --

THE COURT: Well, there ought to be an opportunity for the government to respond on that issue, I suppose.

MR. ROSENTHAL: Of course.

THE COURT: That goes to the ineffective assistance

claim.  I'm still back on procedural default.

And the other issue that's just out there while we're talking about it, up to answer right now is you struck two of the same people, two of the same women and you're charging the government with discrimination in striking those two people.  Somewhere along the way you're going to have to explain to me why that counts against the government.

MR. ROSENTHAL:  Well, the case law is absolutely clear that when you're taking a look at a *J.E.B. or Batson* claim, you're looking at what the government's intent was --

THE COURT:  But doesn't it sort of definitively demonstrate that there was no prejudice in the selection?

MR. ROSENTHAL:  Not at all, Your Honor.  I mean, the case law from *Batson* on down makes very clear, very clear and I can quote from *Batson* that the fact that one juror may have been seated and -- that may have been African-American or may have been a woman, and other jurors were struck does not obviate --

THE COURT:  I'm making a different point.  I'm talking about the same people you struck, your counsel struck.  Wouldn't that demonstrate that it was a race neutral decision, because the counsel found that there was something problematic with that juror, defense counsel.

MR. ROSENTHAL:  No, Your Honor, because again it comes down to what the government -- the defense's intent is irrelevant to examining the government's intent.  It's the

government's intent that's relevant under *Batson* and *J.E.B.*

THE COURT: Okay. Well, it's a factual matter that may lead to one inference, rather than another. I don't know what you want to say about that. That's not a --

MR. CROWELL: I really don't want to say anything about that, Your Honor, because at this point all we're here is for this limited purpose of dealing with this pending discovery motion. And all that petitioner's arguments have made clear today is that they don't need what they're asking for to push forward on this ineffective assistance as to their own client's trial counsel.

And to the extent that they sought interrogatories, the categories of information they were seeking, they are complaining now because they got what they wanted, which was -- the government articulated what they would have gotten had there been a timely *Batson*, a timely *Batson* challenge.

Again, it kind of goes back to, what are we here for? Procedurally, we're here for dealing with a discovery motion under Rule 6 in a habeas petition where they have failed to demonstrate a need for it. And to the extent that what they have asked for, they've gotten by virtue of the government's affidavit.

THE COURT: Okay. But look, my question to you, Mr. Rosenthal, is do you want to just stand on your -- on the procedural default issue and let me rule on that, and then go to

the next issue or do you want time to brief it?

MR. ROSENTHAL:  No, Your Honor.  As I said, we would like time to brief it.  And in addition, you asked for other cases out there that said the defense is entitled to discovery in a 2250 --

THE COURT:  Well, not -- I think the answer is "yes" as to that, but the question is the kind of discovery you're seeking here.  Prosecutors, everything they know about a case six years after trial.

MR. ROSENTHAL:  That's right, yeah, and we'd like to brief up that issue as well.

Let me say this with respect to the request. Mr. Crowell is right, they have provided some of what we have requested in discovery by proffering the prosecutors' reasons for the strikes.  So for that reason, we are no longer seeking the deposition or interrogatories from the prosecutors, because they have given us those reasons.

THE COURT:  Why don't you tell me in your next pleading then what you aren't seeking anymore.

MR. ROSENTHAL:  What we are seeking or what we aren't?

THE COURT:  What you aren't seeking.  I mean, because that may be a much narrower issue.

MR. ROSENTHAL:  That's right.

THE COURT:  All right.  What do you want to do?  You want to recess and set some times on further pleading?  How much

time do you need to further brief the motion?

MR. ROSENTHAL:  We'd request 60 days, Your Honor.

THE COURT:  How many?

MR. ROSENTHAL:  Sixty days.

MR. CROWELL:  Judge, we've -- it's on the eve of October.  They've had this case since December of last year. We've kept pushing this out and pushing this out and pushing this out.  And frankly, it's a pretty narrow issue.  It's a narrow set of cases that deal with -- and the cause and prejudice standard is well-briefed in the Fourth Circuit as the Court is well aware.  It's not novel law, it's not complex law. I think 30 days is more than ample to allow petitioner's counsel to write up their brief.  Government's counsel will --

THE COURT:  Well, once they file their papers, how much time do you think you'd need to respond?  You need 30 days or more to respond?

MR. CROWELL:  No, Judge.  I'm well versed in cause and prejudice; 15 days, 15 days, Judge.

THE COURT:  And again, Mr. Rosenthal, you want?

MR. ROSENTHAL:  We'd ask for 60 days, Your Honor. And I can just tell you what my schedule is for the next --

THE COURT:  No, I'm not going to -- again, this is not a case which is going to go away in the blink of an eye.

All right.  Sixty days for the defendant to file supplementary -- supplemental pleadings relative to the point

that I've raised.  Address the issue of procedural default.
Address the issue of any specific cases that allow for the kind
of discovery you're seeking.

If there are things you're not seeking any longer from
the government, then you got to tell me so I know what you are
not seeking.  And then the government will have a chance to
respond with regard to the procedural default issue.  And also,
if there's case law that says that really there's no
precedent -- that you can't get the kind of discovery that
you're seeking here, I'd like to see that.

So 60 days -- 30 days, Mr. Crowell, for response; 15
days for reply.

MR. ROSENTHAL:  Thank you, Your Honor.  I do have one
more question.

THE COURT:  Go ahead.

MR. ROSENTHAL:  Mr. Crowell did raise a good point.  I
mean, a decent bit of the discovery that we're seeking in fact
would not come from the government, but would come for the
juror's office.  And that has to do with the strike list to the
extent they still exists and we don't know if they do.

I mean, we have asked the jury clerk directly whether
they exist and she said, unless the Court orders me to disclose
--

THE COURT:  Well, I don't think the government has any
problem with that, do you, the strike list?

MR. CROWELL:  I don't know which strike list they're --

THE COURT:  Well, are you talking about the final list?

Ella, where are those lists found, the strike lists where you get both the government strikes and the defendant strikes, and then you do the composite list.  Do those get filed back with the clerk?

THE DEPUTY CLERK:  Yes, Judge, in Baltimore.

THE COURT:  With Baltimore?

THE DEPUTY CLERK:  Yes.

THE COURT:  So the jury commissioner has them?

THE DEPUTY CLERK:  Yes.

MR. ROSENTHAL:  My understanding -- we've done a little looking into this, Judge, and my understanding is that the jury clerk typically keeps strike lists and all juror information for six years before destroying it.  The *Haynes* and *Higgs* cases, is obviously prosecuted long -- much more than six years ago, so we don't know if that stuff is there anymore.

THE COURT:  Well, I don't see any problem with your getting those list.

MR. CROWELL:  Your Honor -- honestly, Your Honor, I'm not sure which list Mr. Rosenthal is --

THE COURT:  Well, I know what you're talking about.  Both sides are given lists when you make your selections and

then there's a composite list.

MR. CROWELL:  We've given him Lighty.  I mean, he should be in possession of those.  And so with respect to cases that other people tried --

THE COURT:  You're talking about any other cases?

MR. ROSENTHAL:  We're talking about *Higgs* and *Haynes*.

THE COURT:  No, I think you better wait on that before we get to that.  I think that's part of the issue I need to look at.

That goes to the scope of what you're entitled to and I don't have any problem with you getting information relative to Lighty.  But to get into the next level of it really depends on whether there's a prima facie showing that there's something that's been done by the prosecutors that justifies that further reach.  So I'm going to hold off on that.

All right.  Is there anything else then?  We'll get 60 days for supplemental pleading by the defendant; 30 days response by the government; fifteen days for reply and we'll see about calendaring again.

Actually, when we get the defendant's motion, we'll calendar in further argument, okay.

MR. ROSENTHAL:  Thank you, Your Honor.

THE COURT:  And I would just say, once we do that, next time we come -- get together, we'd be prepared to argue procedural default and to the extent we go beyond whatever we

have to argue there.

MR. ROSENTHAL:  Yes, Your Honor.

THE COURT:  Mr. Crowell?

MR. CROWELL:  Your Honor, one of the questions we have is, does the Court want to set a schedule for the briefing of the other issues that are raised in the 2255 and set out a schedule for that so that we can --

THE COURT:  No, I think they're feeling they don't want to do it until they discover or what?

MR. ROSENTHAL:  Your Honor, it's already in the scheduling order and it's based on when the discovery motion is decided.  I think on this issue it's 45 days.

THE COURT:  I think that's right.  I think it's key to when the discovery issue is decided.

MR. CROWELL:  I've been diligently reading a stack of documents this tall.

THE COURT:  Yeah, it's a big pile.

All right.  Thank you, counsel.  We'll recess.

(Recess at 10:50 a.m.)

CERTIFICATE OF COURT REPORTER

I, Linda C. Marshall, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/
_____
Linda C. Marshall, RPR
Official Court Reporter

**/**

**/s [1]** 34/7

**0**

**03-0457 [1]** 1/4
**0417 [1]** 1/19
**0457 [2]** 1/4 3/2

**1**

**10:10 [1]** 1/6
**10:50 [1]** 33/19
**11 [1]** 16/3
**127 [1]** 1/18
**15 [3]** 29/18 29/18 30/11
**18 [1]** 13/11
**19027 [1]** 1/21
**19106 [1]** 1/18

**2**

**200 [1]** 1/12
**20004 [1]** 1/16
**2003-0457 [1]** 3/2
**2013 [1]** 1/6
**202-344-4741 [1]** 1/16
**20770 [1]** 1/13
**21202 [1]** 2/3
**215-450-3391 [1]** 1/22
**2250 [1]** 28/5
**2255 [4]** 9/12 9/22 17/25 33/6
**23 [1]** 1/6
**267-639-0417 [1]** 1/19
**2nd [1]** 1/18

**3**

**30 [4]** 29/12 29/15 30/11 32/17
**301 [1]** 1/24
**301-344-4235 [1]** 1/13
**3229 [1]** 1/24
**3391 [1]** 1/22
**344-3229 [1]** 1/24

**4**

**410-299-6966 [1]** 2/4
**4235 [1]** 1/13
**45 [1]** 33/12
**4741 [1]** 1/16

**5**

**575 [1]** 1/15

**6**

**60 [4]** 29/2 29/20 30/11 32/16
**6500 [1]** 1/12
**6966 [1]** 2/4

**8**

**8846 [1]** 1/21

**A**

**a.m [2]** 1/6 33/19
**able [2]** 11/8 11/14
**ably [1]** 15/18
**about [23]** 7/3 7/7 9/6 9/18 11/3 12/24
 13/2 14/2 14/3 20/19 24/1 24/6 25/9
 26/3 26/19 27/4 27/6 28/8 31/3 31/24

32/5 32/6 32/19
**above [1]** 34/4
**above-entitled [1]** 34/4
**absolutely [2]** 15/11 26/8
**acknowledge [1]** 5/13
**act [2]** 20/10 20/10
**acted [1]** 9/10
**Action [1]** 1/3
**actions [1]** 8/18
**acts [1]** 20/10
**actual [1]** 16/7
**actually [3]** 10/17 17/16 32/20
**addition [2]** 25/16 28/3
**additional [1]** 7/2
**address [4]** 4/9 14/25 30/1 30/2
**affidavit [2]** 23/25 27/22
**African [4]** 8/11 11/5 15/13 26/16
**African-American [4]** 8/11 11/5 15/13
 26/16
**after [7]** 9/24 13/4 14/19 16/3 16/3 20/9
 28/9
**again [10]** 12/9 14/17 15/23 23/14 23/15
 26/23 27/17 29/19 29/22 32/19
**against [5]** 9/16 13/18 15/13 25/6 26/7
**ago [1]** 31/19
**agree [1]** 23/7
**ahead [3]** 9/20 14/16 30/15
**AIDED [1]** 1/24
**al [2]** 1/5 3/3
**all [29]** 3/5 3/16 4/20 6/10 7/4 8/21 9/17
 12/9 12/10 13/6 14/5 14/8 14/11 15/1
 15/21 16/17 20/25 24/6 24/25 25/1
 25/17 26/13 27/6 27/8 28/24 29/24
 31/16 32/16 33/18
**allegations [1]** 7/3
**alleged [3]** 9/15 18/17 23/18
**allow [4]** 20/3 20/15 29/12 30/2
**allowed [4]** 9/23 17/12 19/10 19/11
**alone [3]** 5/5 22/6 22/24
**along [2]** 21/24 26/6
**already [2]** 16/23 33/10
**also [5]** 3/11 5/1 9/15 25/5 30/7
**always [1]** 9/12
**AMERICA [2]** 1/3 3/3
**American [4]** 8/11 11/5 15/13 26/16
**amount [1]** 21/19
**ample [1]** 29/12
**amplified [1]** 6/19
**analysis [5]** 7/3 10/21 17/14 24/23 24/23
**another [5]** 11/23 12/1 20/10 24/10 27/3
**answer [4]** 5/1 8/13 26/3 28/6
**any [15]** 7/24 10/12 10/22 12/14 12/23
 15/19 15/22 20/20 21/7 30/2 30/4 30/24
 31/20 32/5 32/11
**anymore [3]** 7/2 28/19 31/19
**anything [5]** 3/17 10/21 24/3 27/5 32/16
**anywhere [1]** 21/22
**appeal [3]** 6/8 8/23 16/2
**APPEARANCES [2]** 1/10 2/1
**appeared [2]** 7/8 7/8
**appellant [1]** 6/8
**appellate [1]** 23/3
**application [2]** 15/11 19/22
**applies [1]** 7/6
**appropriate [1]** 18/13
**are [38]**

**aren't [3]** 28/19 28/20 28/21
**argue [10]** 3/18 12/7 19/3 22/7 22/14
 22/20 23/25 24/7 32/24 33/1
**argued [1]** 22/5
**argues [1]** 15/9
**Arguetta [1]** 17/3
**arguing [1]** 4/6
**argument [9]** 14/9 20/14 22/9 22/13
 22/17 22/19 22/22 24/14 32/21
**arguments [1]** 27/8
**around [1]** 22/13
**articulated [2]** 23/21 27/15
**as [36]**
**aside [2]** 5/3 11/23
**ask [9]** 9/5 16/7 16/8 19/6 19/8 19/12
 20/25 23/19 29/20
**asked [6]** 9/1 14/19 20/8 27/21 28/3
 30/21
**asking [9]** 4/11 4/14 16/12 18/22 18/24
 18/25 19/1 20/16 27/9
**assessment [1]** 13/2
**assistance [17]** 4/2 5/7 5/16 5/21 6/12
 6/25 8/2 8/6 14/1 18/4 18/14 19/4 22/8
 24/4 24/12 25/25 27/10
**assume [4]** 4/6 4/11 14/5 14/8
**assumed [1]** 9/8
**assuming [3]** 14/16 18/16 21/8
**at [48]**
**attention [2]** 10/10 21/18
**Attorney [1]** 1/17
**Attorneys [2]** 1/11 15/20
**AUSAs [3]** 15/8 17/8 17/20
**aware [1]** 29/11
**away [2]** 9/8 29/23

**B**

**back [6]** 15/15 16/17 22/10 26/1 27/17
 31/8
**bad [1]** 7/22
**balanced [1]** 9/13
**Baltimore [3]** 2/3 31/9 31/10
**based [9]** 5/22 9/2 23/20 24/22 24/22
 24/23 24/25 25/13 33/11
**basically [4]** 11/25 20/8 24/2 24/11
**basis [7]** 7/9 17/15 19/14 19/14 23/14
 25/2 25/7
**Batson [16]** 5/5 6/13 6/25 10/21 12/15
 13/1 13/3 16/1 16/2 16/6 26/9 26/14
 26/15 27/1 27/16 27/16
**be [32]** 4/5 4/22 4/24 6/4 6/13 10/21
 10/22 10/23 11/1 12/2 12/3 12/6 13/8
 15/15 18/7 20/12 20/22 20/24 22/3 22/9
 22/15 23/8 23/15 24/2 24/5 24/5 24/5
 25/20 25/22 28/22 32/3 32/24
**bear [3]** 5/1 10/24 20/9
**because [24]** 4/6 5/3 5/17 6/20 7/2 7/19
 8/7 8/13 15/25 17/22 17/24 19/6 19/12
 19/15 19/20 24/16 24/18 25/8 26/20
 26/23 27/6 27/14 28/16 28/21
**been [19]** 4/1 4/1 7/13 8/7 8/24 9/15
 9/23 10/20 12/18 16/5 17/7 21/13 25/8
 26/15 26/16 26/17 27/16 32/14 33/15
**before [11]** 1/8 3/3 10/7 10/13 12/24
 13/4 14/3 14/14 22/5 31/17 32/7
**behalf [2]** 3/8 3/11
**behavior [1]** 18/1

**B**

being [2] 3/22 5/12
believe [5] 5/25 6/4 25/5 25/6 25/12
bereft [2] 7/24 15/19
best [1] 16/11
better [2] 20/18 32/7
beyond [3] 21/6 25/4 32/25
big [1] 33/17
bit [2] 24/20 30/17
blind [1] 12/19
blink [1] 29/23
both [5] 12/12 14/6 25/3 31/6 31/25
bound [1] 23/24
Box [1] 1/21
Brady [1] 6/19
BRAIN [1] 1/17
Brian [1] 3/12
brief [11] 4/21 12/9 19/23 20/18 23/4
 23/10 28/1 28/3 28/11 29/1 29/13
briefed [4] 3/20 4/13 19/19 29/10
briefing [3] 18/5 22/2 33/5
briefings [1] 23/18
briefs [1] 7/7
bring [1] 21/18
broad [1] 16/4
broadest [1] 20/14
brought [1] 10/24
burden [1] 8/16
but [41]

**C**

calendar [1] 32/21
calendaring [1] 32/19
can [27] 4/15 4/19 5/10 5/11 7/4 7/25
 8/5 10/3 10/14 12/7 12/13 13/5 13/10
 13/11 13/12 13/13 18/3 18/9 18/11
 20/15 20/18 21/18 21/20 22/20 26/15
 29/21 33/7
can't [19] 6/23 7/17 7/19 8/3 15/25
 17/24 19/16 19/19 19/20 19/21 19/22
 19/23 20/23 20/25 23/17 23/20 24/4
 24/5 30/9
cannot [1] 7/17
Carl [1] 3/10
case [39]
cases [17] 10/9 10/15 11/6 11/10 15/18
 16/25 17/6 17/9 20/20 20/22 20/24 28/4
 29/9 30/2 31/18 32/3 32/5
categories [5] 15/5 15/24 16/8 17/19
 27/13
category [2] 15/21 16/4
cause [11] 5/20 5/24 6/15 10/19 22/17
 22/20 23/14 23/16 25/5 29/9 29/17
century [1] 15/17
certain [1] 20/10
certainly [2] 10/10 10/14
CERTIFICATE [1] 34/1
certify [1] 34/2
challenge [11] 5/22 6/7 6/25 7/14 12/15
 13/1 13/3 16/1 16/2 16/6 27/16
chance [3] 9/17 23/10 30/6
changes [2] 3/24 20/5
charging [1] 26/4
Cherrywood [1] 1/12
Church [1] 1/18

Circuit [5] 7/16 11/13 17/11 19/21 29/10
cite [1] 20/24
cited [1] 10/12
civil [1] 6/17
claim [21] 5/5 5/5 5/11 5/12 5/15 6/4 6/5
 6/12 8/7 10/19 13/17 18/14 18/14 18/17
 19/4 22/6 22/8 22/25 22/25 26/1 26/9
claims [2] 6/13 7/1
clarify [1] 8/25
clear [4] 26/8 26/14 26/14 27/8
clearly [1] 8/16
clerk [4] 21/11 30/21 31/8 31/16
client's [1] 27/10
close [1] 20/8
Cockrell [1] 11/10
combination [2] 5/23 25/3
come [6] 8/9 13/10 20/21 30/18 30/18
 32/24
comes [4] 3/22 20/8 22/10 26/23
coming [1] 3/25
commissioner [1] 31/12
comparative [1] 24/23
compass [1] 15/20
complaining [1] 27/14
complex [1] 29/11
composite [2] 31/7 32/1
composition [1] 13/9
COMPUTER [1] 1/24
COMPUTER-AIDED [1] 1/24
concerns [1] 20/2
conclusion [5] 17/13 17/14 17/16 17/16
 17/18
confident [1] 21/16
confronted [1] 10/7
conscious [1] 12/15
consciously [1] 12/12
considerably [1] 20/5
contemporaneous [1] 15/8
context [2] 5/4 10/4
CONTINUED [1] 2/1
contra [1] 20/22
conviction [2] 11/6 11/18
correct [4] 8/5 8/25 20/13 34/3
could [5] 6/4 11/2 13/9 14/16 18/15
counsel [54]
counsel's [4] 18/1 22/23 23/3 23/24
count [1] 9/16
counts [1] 26/7
couple [1] 17/8
course [1] 25/24
court [26] 1/1 1/24 3/4 6/7 8/1 9/4 10/13
 11/10 11/12 12/21 13/4 15/14 15/17
 16/8 17/23 18/22 19/9 19/12 23/19
 23/23 23/24 29/11 30/22 33/5 34/1 34/8
Court's [2] 11/2 21/18
courthouse [1] 15/18
courts [1] 24/2
credible [2] 13/1 13/2
criminal [2] 1/3 6/17
cropped [1] 25/10
crossed [1] 4/5
CROWELL [13] 1/10 3/7 6/10 14/25
 18/24 18/25 20/24 21/10 24/17 28/13
 30/11 30/16 33/3
current [3] 15/11 18/15 23/13

**D**

D.C [1] 1/16
DAVID [1] 1/20
days [15] 29/2 29/4 29/12 29/15 29/18
 29/18 29/20 29/24 30/11 30/11 30/12
 32/17 32/17 32/18 33/12
deal [1] 29/9
dealing [3] 21/13 27/7 27/18
death [2] 16/25 21/21
DEBORAH [2] 1/11 3/8
December [2] 21/14 29/6
decent [1] 30/17
decide [3] 6/1 22/11 22/11
decided [2] 33/12 33/14
decision [3] 12/15 21/23 26/20
declaration [4] 12/24 13/21 13/24 25/17
declarations [3] 12/14 22/23 23/1
default [24] 3/21 3/23 4/21 5/9 6/2 6/13
 6/14 6/24 11/24 12/2 12/8 14/22 20/4
 20/19 21/6 22/3 22/7 22/12 22/16 26/1
 27/25 30/1 30/7 32/25
defaulted [5] 6/24 7/19 18/2 18/3 19/15
defendant [15] 1/6 1/14 2/2 3/6 3/20 4/9
 8/16 9/16 9/19 14/13 14/15 15/6 29/24
 31/6 32/17
defendant's [1] 32/20
defendants [1] 17/24
defense [12] 5/9 8/8 9/9 11/8 11/14 12/3
 12/11 18/6 21/14 25/17 26/22 28/4
defense's [1] 26/24
deficient [4] 5/10 6/8 14/2 14/4
definitively [1] 26/11
deflect [1] 8/22
demonstrate [5] 23/17 23/20 26/12
 26/20 27/20
denied [1] 13/10
deny [4] 16/8 19/2 19/12 20/13
depends [1] 32/12
depose [3] 7/10 19/11 20/25
deposed [1] 11/20
deposing [1] 17/20
deposition [1] 28/16
depositions [1] 10/6
destroying [1] 31/17
determination [2] 11/3 14/1
determinative [2] 4/22 4/23
determine [5] 6/2 6/3 13/6 13/17 22/6
determining [1] 10/18
developed [1] 11/19
did [25] 8/8 8/9 8/14 8/15 8/23 8/24 9/9
 9/10 10/5 12/3 12/4 12/4 12/4 12/7
 12/11 12/11 12/11 16/20 16/22 17/5
 17/21 20/9 24/1 24/8 30/16
didn't [8] 8/15 10/10 12/14 12/24 13/19
 16/14 17/21 20/10
different [5] 8/12 15/14 17/8 22/9 26/18
difficult [1] 4/5
digest [1] 9/17
diligently [1] 33/15
Dinkins [1] 17/4
directed [1] 18/6
directly [2] 8/23 30/21
disclose [1] 30/22
discover [2] 20/14 33/9
discovering [1] 10/4

**D**

**discovery [51]**
**discrimination [15]**  5/23 6/6 11/3 11/12 11/16 11/18 13/7 13/18 14/4 15/13 24/19 24/22 25/2 25/6 26/5
**discussion [1]**  3/19
**dispute [1]**  4/10
**district [4]**  1/1 1/1 1/9 10/13
**DIVISION [2]**  1/2 1/12
**do [50]**
**documents [4]**  15/21 15/22 19/10 33/16
**does [7]**  5/1 24/11 24/21 25/18 25/19 26/17 33/5
**doesn't [4]**  3/20 18/17 24/13 26/11
**doing [1]**  13/16
**don't [32]**  3/16 4/14 4/23 6/1 7/10 7/11 7/12 7/25 8/21 9/8 9/19 10/15 11/6 11/14 11/21 12/21 12/22 13/14 14/13 19/4 21/2 27/3 27/5 27/9 28/18 30/20 30/24 31/1 31/19 31/20 32/11 33/8
**done [8]**  6/1 9/2 9/10 11/7 11/25 13/6 31/14 32/14
**double [1]**  4/4
**down [6]**  10/4 13/14 14/18 20/25 26/14 26/24
**drawn [2]**  10/10 15/23
**during [2]**  11/7 15/22

**E**

**each [2]**  13/15 15/6
**earlier [1]**  8/7
**East [1]**  2/3
**either [1]**  14/13
**El [6]**  11/10 11/15 11/16 11/21 15/10 15/11
**Ella [1]**  31/5
**else [2]**  3/19 32/16
**end [4]**  7/1 8/5 20/12 21/21
**engaged [1]**  7/23
**enough [1]**  24/11
**entitle [1]**  25/18
**entitled [14]**  6/20 7/1 7/13 12/6 16/5 16/9 16/10 19/9 19/17 21/4 21/9 28/4 32/10 34/4
**Esquire [4]**  1/11 1/14 1/20 2/2
**essentially [1]**  5/13
**establish [2]**  11/15 24/21
**establishing [1]**  23/2
**et [2]**  1/5 3/3
**evaluate [1]**  4/25
**eve [1]**  29/5
**even [10]**  4/15 5/18 13/1 13/1 19/19 20/2 21/7 21/8 22/5 24/18
**event [1]**  12/23
**ever [3]**  10/2 15/19 19/20
**every [1]**  20/11
**everybody [1]**  16/14
**everything [3]**  10/5 11/25 28/8
**evidence [8]**  10/22 10/25 11/2 11/11 11/17 13/25 24/20 25/13
**exactly [1]**  9/6
**examining [1]**  26/25
**example [2]**  9/14 14/15
**exemplify [1]**  17/10
**exist [1]**  30/22

**exists [1]**  30/20
**expedition [1]**  6/21
**experienced [1]**  12/18
**explain [1]**  26/6
**explanations [1]**  25/11
**extant [1]**  7/9
**extent [6]**  7/21 11/1 27/12 27/20 30/20 32/25
**eye [1]**  29/23

**F**

**facie [13]**  5/1 5/21 6/5 6/15 14/4 19/17 23/2 24/19 24/21 25/2 25/12 25/14 32/13
**fact [8]**  9/23 14/20 18/19 19/14 20/9 20/22 26/15 30/17
**facts [1]**  17/17
**factual [1]**  27/2
**failed [1]**  27/19
**failing [4]**  4/2 5/11 6/6 6/7
**failure [1]**  5/22
**fairness [2]**  9/4 23/9
**faith [2]**  5/24 7/22
**far [2]**  23/21 25/13
**feel [1]**  23/7
**feeling [1]**  33/8
**feet [1]**  18/8
**female [2]**  11/4 11/5
**few [1]**  3/18
**fifteen [1]**  32/18
**Fifth [1]**  11/13
**file [3]**  12/5 29/14 29/24
**filed [1]**  31/7
**files [1]**  6/21
**filings [1]**  9/22
**final [1]**  31/3
**find [3]**  9/6 15/25 21/17
**finding [3]**  20/19 22/16 24/12
**first [16]**  4/7 4/9 4/20 5/25 6/2 7/19 8/1 8/13 9/18 12/2 12/9 14/3 14/14 15/4 15/8 25/10
**fishing [2]**  6/21 17/12
**FLOOD [6]**  2/2 3/15 12/12 12/13 14/8 25/18
**Floor [1]**  1/18
**focus [6]**  8/14 17/25 18/2 18/5 20/5 22/18
**foregoing [1]**  34/2
**forget [1]**  13/23
**forward [5]**  8/9 20/15 20/16 21/4 27/10
**found [2]**  26/21 31/5
**Fourth [4]**  7/16 17/11 19/21 29/10
**frankly [4]**  10/7 15/19 19/7 29/8
**front [5]**  7/16 13/21 13/25 14/7 21/2
**front-loaded [1]**  7/16
**full [1]**  21/5
**further [5]**  23/5 28/25 29/1 32/14 32/21

**G**

**gateway [1]**  5/7
**gave [2]**  8/17 22/23
**gender [4]**  5/23 5/23 25/3 25/3
**get [42]**
**getting [4]**  10/6 20/4 31/21 32/11
**Gilberts [1]**  17/4
**give [6]**  8/10 14/20 19/3 20/6 20/11

20/21
**given [10]**  12/13 18/15 19/7 23/1 23/4 24/20 24/24 28/17 31/25 32/2
**giving [1]**  18/16
**go [16]**  6/21 14/16 15/1 17/12 17/19 18/9 18/11 20/15 20/16 20/21 20/22 21/4 27/25 29/23 30/15 32/25
**goes [3]**  25/25 27/17 32/10
**going [13]**  4/21 7/1 9/7 21/17 21/22 22/15 22/24 24/7 25/4 26/6 29/22 29/23 32/15
**good [11]**  3/7 3/10 3/12 3/14 5/20 5/24 5/24 6/15 10/19 24/8 30/16
**got [17]**  8/20 9/13 10/11 13/2 13/7 13/21 14/6 14/11 14/14 15/1 16/20 22/12 22/25 25/10 25/17 27/14 30/5
**gotten [4]**  19/7 25/4 27/15 27/21
**government [40]**
**government's [12]**  6/21 7/10 7/12 10/23 18/8 25/5 25/11 26/10 26/25 27/1 27/21 29/13
**grant [1]**  21/7
**granting [1]**  19/15
**Greenbelt [2]**  1/5 1/13
**grounds [1]**  3/21
**guess [1]**  10/16

**H**

**habeas [2]**  6/18 27/19
**had [16]**  4/1 7/13 9/5 9/17 11/12 12/18 15/15 15/17 16/5 16/23 18/8 21/5 21/15 23/10 27/15 29/6
**hadn't [1]**  10/7
**half [1]**  15/17
**happen [1]**  13/7
**happened [3]**  7/8 16/18 24/25
**happy [3]**  12/9 22/3 23/4
**hard [2]**  22/11 22/14
**has [17]**  3/20 4/4 5/4 5/6 9/23 10/2 13/7 15/11 17/11 17/23 20/3 21/15 22/18 24/24 30/19 30/24 31/12
**hasn't [1]**  8/7
**have [68]**
**haven't [5]**  9/17 22/19 22/19 24/17 24/18
**having [2]**  3/25 6/24
**Haynes [3]**  17/2 31/17 32/6
**he [22]**  8/14 8/14 9/10 9/10 9/11 9/12 12/4 12/4 12/7 12/11 12/11 12/18 12/23 12/24 13/16 23/13 24/1 24/1 24/8 24/8 24/11 32/2
**head [1]**  17/23
**hearing [2]**  3/4 25/20
**held [2]**  10/2 10/9
**here [22]**  4/4 6/14 7/14 7/18 9/1 9/7 9/13 9/24 10/16 12/15 14/21 15/16 15/16 15/17 19/22 21/25 22/17 27/6 27/17 27/18 28/8 30/10
**here's [2]**  8/4 8/20
**hesitant [1]**  21/3
**hey [1]**  24/3
**Higgs [6]**  17/1 17/1 17/2 25/1 31/18 32/6
**him [1]**  32/2
**his [3]**  12/5 12/24 23/13
**historical [1]**  10/22
**history [1]**  11/17

## H

**hit [1]** 17/23
**hold [1]** 32/15
**honestly [1]** 31/22
**Honor [32]** 3/7 3/10 3/12 3/14 4/20 5/6 10/12 12/19 14/10 15/3 16/22 17/7 18/19 19/1 19/6 22/3 23/12 24/14 25/16 26/13 26/23 27/6 28/2 29/2 29/20 30/13 31/22 31/22 32/22 33/2 33/4 33/10
**HONORABLE [1]** 1/8
**hope [1]** 9/12
**how [15]** 4/15 9/16 11/19 11/22 12/24 19/22 20/2 22/18 23/20 23/25 24/7 24/8 28/25 29/3 29/14
**hurdle [7]** 4/4 4/7 4/7 8/1 8/2 17/25 19/24
**hurdles [1]** 7/25

## I

**I'd [5]** 4/9 10/9 14/18 14/21 30/10
**I'll [2]** 9/11 18/23
**I'm [20]** 4/15 4/16 10/1 12/6 13/23 18/16 19/1 20/23 21/3 21/16 22/1 23/6 24/12 26/1 26/18 26/18 29/17 29/22 31/22 32/15
**I've [8]** 8/20 9/13 14/11 14/14 15/1 25/17 30/1 33/15
**IAC [1]** 22/25
**identify [1]** 3/5
**if [47]**
**immediately [1]** 4/11
**impediment [1]** 14/18
**impermissible [1]** 13/7
**important [3]** 6/15 7/5 10/16
**improbable [1]** 10/2
**in [93]**
**in cause [1]** 29/17
**included [1]** 8/11
**indicates [1]** 12/5
**indicia [2]** 7/24 16/13
**individual [1]** 17/20
**ineffective [18]** 4/2 5/6 5/7 5/16 5/21 6/12 6/25 8/2 8/6 14/1 18/4 18/13 19/4 22/8 24/4 24/12 25/25 27/10
**ineffectiveness [1]** 23/3
**inference [1]** 27/3
**inform [1]** 11/2
**information [6]** 11/19 14/20 21/1 27/13 31/17 32/11
**initial [3]** 6/24 7/4 17/24
**inquiry [4]** 8/12 8/12 12/3 14/3
**instance [3]** 5/25 7/20 11/9
**intend [1]** 19/16
**intent [4]** 26/10 26/24 26/25 27/1
**interesting [1]** 23/24
**interrogatories [4]** 10/6 19/8 27/12 28/16
**into [5]** 7/4 21/7 22/17 31/15 32/12
**investigation [1]** 11/9
**invited [1]** 20/24
**irrelevant [1]** 26/25
**is [114]**
**isn't [2]** 3/25 21/15
**issue [44]**
**issues [7]** 14/14 15/14 19/8 19/16 20/12

25/9 33/6
**it [74]**
**it's [28]** 4/5 4/23 6/15 7/5 8/16 9/8 9/10 10/6 12/21 13/24 18/5 21/23 22/11 22/13 23/23 24/6 26/25 27/2 29/5 29/8 29/8 29/11 29/11 33/10 33/11 33/12 33/13 33/17
**items [2]** 18/9 18/10
**its [2]** 5/8 19/22
**itself [1]** 23/17
**IV [1]** 1/10

## J

**J.E.B [2]** 26/9 27/1
**J.E.B. [5]** 5/5 10/21 12/15 13/1 13/3
**J.E.B./Batson [5]** 5/5 10/21 12/15 13/1 13/3
**JAMES [3]** 1/10 2/2 3/7
**Jencks [1]** 6/19
**JOHNSTON [4]** 1/11 3/8 15/8 17/5
**joins [1]** 14/9
**JUDGE [9]** 1/9 6/12 14/7 21/12 29/5 29/17 29/18 31/9 31/15
**JULIE [2]** 1/17 3/12
**jump [2]** 3/18 4/5
**juror [5]** 13/18 24/23 26/15 26/22 31/16
**juror's [1]** 30/19
**jurors [8]** 8/10 11/4 11/5 15/13 17/21 25/7 25/7 26/17
**jurors' [4]** 16/11 16/12 16/13 18/9
**jury [12]** 6/6 9/13 11/16 13/4 13/9 13/13 15/23 24/19 24/22 30/21 31/12 31/16
**just [11]** 3/17 5/18 7/24 8/1 9/8 12/1 24/11 26/2 27/24 29/21 32/23
**justifies [1]** 32/14

## K

**KAHN [4]** 2/2 2/2 3/14 12/13
**KARIN [1]** 2/2
**KARL [2]** 1/20 1/20
**keep [1]** 21/19
**keeps [1]** 31/16
**KENNETH [3]** 1/5 1/15 3/3
**kept [1]** 29/7
**key [1]** 33/13
**kind [14]** 7/14 9/23 14/20 15/4 16/4 16/7 17/9 17/12 21/1 22/12 27/17 28/7 30/2 30/9
**know [27]** 3/16 4/16 4/23 8/20 9/9 9/22 10/8 10/23 11/7 11/9 11/21 11/21 12/22 13/6 13/14 14/25 15/24 17/10 24/18 25/19 27/3 28/8 30/5 30/20 31/1 31/19 31/24

## L

**lack [1]** 18/17
**large [2]** 10/7 11/24
**larger [1]** 7/14
**last [2]** 21/14 29/6
**later [2]** 9/1 16/3
**law [14]** 1/17 1/20 2/2 9/23 14/21 17/17 19/14 24/5 25/13 26/8 26/14 29/11 29/11 30/8
**Lawlor's [1]** 13/23
**lead [1]** 27/3
**least [8]** 5/4 13/20 19/3 20/21 23/1 24/8

25/6 25/20
**leave [1]** 19/3
**leaving [1]** 11/23
**legal [1]** 7/6
**lense [2]** 3/24 4/16
**let [4]** 12/1 19/25 27/25 28/12
**let's [6]** 5/3 9/5 9/6 9/11 11/5 11/9
**level [3]** 8/12 9/25 32/12
**life [1]** 21/21
**LIGHTY [13]** 1/5 1/15 3/3 3/9 3/11 3/13 5/4 12/13 16/24 21/21 25/18 32/2 32/12
**Lighty's [2]** 12/17 13/20
**like [12]** 3/20 4/9 4/20 10/10 14/19 14/22 17/13 21/23 23/13 28/3 28/10 30/10
**likelihood [1]** 7/18
**likely [2]** 7/18 22/16
**limited [3]** 7/9 24/15 27/7
**LINDA [3]** 1/24 34/2 34/8
**line [2]** 10/4 20/25
**lined [1]** 14/14
**list [10]** 16/23 16/24 30/19 30/25 31/1 31/4 31/7 31/21 31/23 32/1
**lists [4]** 31/5 31/5 31/16 31/25
**little [1]** 31/15
**LLC [1]** 2/2
**LLP [1]** 1/15
**Ln [1]** 1/12
**loaded [2]** 7/16 15/1
**long [1]** 31/18
**longer [2]** 28/15 30/4
**look [22]** 3/20 3/24 4/15 4/19 6/23 6/25 7/12 8/2 8/22 9/5 10/14 13/5 13/9 13/14 15/5 15/7 16/7 21/20 24/10 26/9 27/23 32/8
**looked [1]** 15/3
**looking [15]** 4/16 4/25 7/21 7/24 15/5 15/21 17/17 18/8 18/10 18/12 21/13 21/16 23/16 26/10 31/15

## M

**made [11]** 6/5 7/13 9/3 16/1 16/2 16/5 24/18 24/18 24/21 25/1 27/8
**make [19]** 5/22 5/24 7/2 11/14 11/15 12/14 12/15 13/1 13/2 13/9 13/10 14/12 14/16 19/17 20/11 20/14 20/18 21/4 31/25
**makes [1]** 26/14
**making [3]** 13/25 21/8 26/18
**many [1]** 29/3
**MARSHALL [3]** 1/24 34/2 34/8
**MARTA [3]** 2/2 2/2 3/14
**MARYLAND [4]** 1/1 1/5 1/13 2/3
**material [1]** 21/2
**matter [7]** 3/3 6/23 7/5 19/22 23/2 27/2 34/4
**matters [1]** 8/21
**matured [1]** 9/25
**may [13]** 4/24 8/10 8/18 9/10 20/12 20/17 20/22 22/9 26/15 26/16 26/16 27/3 28/22
**maybe [7]** 4/14 10/2 10/11 12/5 12/22 20/16 22/12
**me [28]** 3/20 3/23 4/5 4/11 4/15 8/5 8/5 8/16 12/1 14/14 14/17 14/18 18/24 18/25 19/25 20/16 20/20 20/20 20/21

## M

**me... [9]**  21/2 21/5 22/13 26/6 27/25 28/12 28/18 30/5 30/22
**mean [34]**  5/19 8/4 8/18 8/21 9/1 9/9 9/10 9/14 9/17 10/1 11/6 11/24 12/12 14/12 14/17 20/16 20/23 21/14 21/20 21/22 22/12 23/20 23/23 23/25 24/2 24/5 24/17 24/20 25/16 26/13 28/21 30/17 30/21 32/2
**meantime [1]**  21/22
**member [1]**  15/22
**meritorious [2]**  5/12 6/5
**merits [3]**  3/22 5/14 7/4
**messed [1]**  13/22
**MESSITTE [1]**  1/8
**Meyers [1]**  17/4
**might [6]**  7/3 8/24 10/20 10/21 10/22 11/1
**Miller [6]**  11/10 11/15 11/16 11/21 15/10 15/11
**Miller-El [6]**  11/10 11/15 11/16 11/21 15/10 15/11
**misconduct [1]**  15/19
**moment [1]**  18/23
**months [2]**  21/15 21/16
**moral [1]**  15/19
**more [12]**  4/14 6/20 7/13 9/5 17/1 24/21 25/2 25/14 29/12 29/16 30/14 31/18
**morning [4]**  3/7 3/10 3/12 3/14
**Moses [1]**  17/3
**motion [14]**  1/8 4/16 10/14 13/10 16/8 19/2 19/12 20/13 22/25 27/8 27/18 29/1 32/20 33/11
**motions [1]**  3/4
**Mr [7]**  3/15 12/17 13/20 13/23 16/20 24/17 27/24
**Mr. [30]**  3/9 3/11 3/13 4/18 5/4 6/10 10/8 12/12 12/13 12/13 14/8 14/25 18/23 18/24 18/25 19/25 20/24 21/3 21/10 21/21 22/1 23/12 25/18 25/18 28/13 29/19 30/11 30/16 31/23 33/3
**Mr. Crowell [10]**  6/10 14/25 18/24 18/25 20/24 21/10 28/13 30/11 30/16 33/3
**Mr. Flood [4]**  12/12 12/13 14/8 25/18
**Mr. Lighty [7]**  3/9 3/11 3/13 5/4 12/13 21/21 25/18
**Mr. Rosenthal [9]**  4/18 10/8 18/23 19/25 21/3 22/1 23/12 29/19 31/23
**Ms [4]**  12/12 17/5 17/5 17/8
**much [7]**  7/7 17/13 19/23 28/22 28/25 29/15 31/18
**Mulberry [1]**  2/3
**murder [1]**  16/3
**my [7]**  10/10 14/14 15/2 27/23 29/21 31/14 31/15
**myself [1]**  9/20

## N

**nail [1]**  17/23
**narrow [6]**  7/15 7/25 8/2 21/19 29/8 29/9
**narrower [1]**  28/22
**necessarily [1]**  13/14
**need [10]**  4/25 13/3 14/25 24/10 27/9 27/20 29/1 29/15 29/15 32/8
**neutral [4]**  8/10 8/17 18/17 26/20

**never [2]**  12/18 24/1
**next [7]**  21/7 21/24 28/1 28/18 29/21 32/12 32/24
**night [1]**  13/5
**nine [2]**  21/15 21/16
**no [27]**  1/3 4/9 5/9 5/19 8/13 9/5 15/11 15/23 16/1 17/7 17/22 18/19 19/6 19/14 19/14 19/22 22/20 23/15 26/12 26/23 28/2 28/15 29/17 29/22 30/8 32/7 33/8
**nobody [1]**  9/2
**non [2]**  18/2 18/2
**non-defaulted [1]**  18/2
**non-procedurally [1]**  18/2
**None [2]**  15/15 15/16
**nor [1]**  8/24
**not [57]**
**noted [1]**  9/14
**notes [7]**  1/24 7/12 10/6 11/20 15/8 16/4 16/12
**nothing [1]**  3/19
**novel [1]**  29/11
**now [15]**  10/16 12/24 13/5 14/7 16/4 16/24 20/11 20/17 20/24 21/2 23/19 25/4 25/18 26/3 27/14
**NW [1]**  1/15

## O

**obstacles [1]**  15/2
**obtained [1]**  15/22
**obviate [1]**  26/17
**obviously [6]**  5/19 8/21 11/11 11/14 21/21 31/18
**October [1]**  29/6
**odd [1]**  24/6
**off [1]**  32/15
**office [8]**  1/11 1/20 2/2 15/12 15/20 16/12 18/9 30/19
**office's [1]**  11/17
**OFFICIAL [2]**  1/24 34/8
**okay [5]**  14/3 25/17 27/2 27/23 32/21
**on [61]**
**on how [1]**  23/20
**once [2]**  29/14 32/23
**one [11]**  5/5 13/11 14/17 14/17 18/3 20/3 20/8 26/15 27/3 30/13 33/4
**only [7]**  4/23 8/7 18/3 18/14 21/12 21/18 25/10
**open [1]**  11/25
**opportunity [9]**  4/20 8/23 8/24 9/5 20/6 20/11 20/21 21/5 25/22
**or [39]**
**order [4]**  6/2 11/15 12/25 33/11
**orders [1]**  30/22
**other [13]**  4/4 5/6 12/4 16/25 17/8 17/19 25/7 26/2 26/17 28/3 32/4 32/5 33/6
**otherwise [3]**  22/13 22/14 24/16
**ought [4]**  10/23 24/5 25/20 25/22
**our [5]**  3/19 23/1 24/14 24/20 24/23
**out [31]**  6/5 9/6 10/25 11/2 11/5 11/14 11/15 12/7 13/3 13/11 14/21 19/17 20/7 21/12 21/15 22/13 22/18 22/19 22/22 24/18 24/18 24/21 25/2 25/12 25/14 26/2 28/4 29/7 29/7 29/8 33/6
**outcome [1]**  4/22
**over [1]**  15/4
**overcome [2]**  6/24 8/1

**overlooked [3]**  23/25 24/4 24/11
**oversight [2]**  12/16 13/22
**own [3]**  11/8 18/4 27/10

## P

**P-R-O-C-E-E-D-I-N-G-S [1]**  3/1
**P.O [1]**  1/21
**PA [2]**  1/18 1/21
**papers [5]**  5/8 6/1 10/11 23/18 29/14
**Park [1]**  1/21
**part [2]**  4/2 32/8
**particular [5]**  10/13 11/4 12/10 13/18 24/15
**pass [1]**  9/11
**past [4]**  8/3 17/24 19/23 20/4
**pattern [1]**  11/17
**penalty [1]**  16/25
**pending [1]**  27/7
**people [6]**  9/6 9/14 26/4 26/5 26/19 32/4
**performance [3]**  5/10 6/9 14/2
**perhaps [1]**  3/18
**permissible [1]**  9/21
**perspective [1]**  23/2
**PETER [1]**  1/8
**petition [1]**  27/19
**petitioner [2]**  15/7 15/25
**petitioner's [7]**  7/7 7/25 15/9 17/11 21/14 27/8 29/12
**petitioners [1]**  7/19
**Philadelphia [1]**  1/18
**pile [1]**  33/17
**PJM [2]**  1/4 3/2
**place [1]**  14/3
**pleading [3]**  28/19 28/25 32/17
**pleadings [2]**  23/21 29/25
**please [1]**  13/5
**point [16]**  4/13 5/17 6/14 7/14 9/19 9/20 14/24 15/4 16/20 18/3 20/18 21/12 26/18 27/6 29/25 30/16
**policy [1]**  15/12
**pose [1]**  21/3
**position [1]**  20/17
**possession [1]**  32/3
**possibility [1]**  9/12
**possible [2]**  9/11 20/14
**post [2]**  11/6 11/18
**post-conviction [2]**  11/6 11/18
**posture [2]**  15/5 18/15
**precedent [1]**  30/9
**prejudice [12]**  5/12 14/13 22/17 22/21 23/14 23/16 23/20 24/16 24/18 26/12 29/10 29/18
**preliminarily [1]**  3/17
**preliminary [2]**  3/19 20/2
**prepared [1]**  32/24
**prescripts [1]**  19/21
**present [1]**  15/16
**presented [2]**  23/7 23/8
**pretty [2]**  21/16 29/8
**prevent [1]**  17/17
**prima [13]**  5/1 5/21 6/5 6/15 14/4 19/17 23/2 24/19 24/21 25/2 25/12 25/14 32/13
**prisoners [1]**  24/2
**probably [1]**  20/23
**problem [5]**  3/22 8/22 30/25 31/20 32/11

## P

problematic [1]  26/21
procedural [28]  3/21 3/23 4/21 5/9 6/2 6/23 11/24 12/2 12/7 14/22 15/5 17/24 18/15 18/18 19/23 20/4 20/19 21/6 22/3 22/6 22/12 22/16 22/16 26/1 27/25 30/1 30/7 32/25
procedurally [5]  7/5 18/2 19/10 19/15 27/18
procedure [1]  12/19
proceeding [1]  6/18
proceedings [3]  1/8 11/18 34/3
process [1]  11/7
proffering [1]  28/14
proposition [4]  9/3 10/7 11/24 23/24
propound [1]  18/11
propounded [1]  16/11
prosecute [1]  17/6
prosecuted [1]  31/18
prosecuting [1]  15/18
prosecutor [1]  10/5
prosecutors [12]  7/23 9/24 11/20 11/25 12/4 14/19 15/17 20/8 20/25 28/8 28/16 32/14
prosecutors' [2]  10/17 28/14
prove [2]  5/20 5/21
proven [1]  24/16
provided [1]  28/13
proxies [1]  25/9
purpose [1]  27/7
purposes [1]  5/2
pursue [1]  8/24
push [1]  27/9
pushing [4]  21/19 29/7 29/7 29/7
put [6]  5/3 17/15 19/25 22/18 22/19 22/22

## Q

quest [1]  15/8
question [16]  7/16 8/8 8/9 8/13 8/15 12/2 14/11 14/23 18/21 20/1 21/7 22/15 25/16 27/23 28/7 30/14
questioned [1]  4/12
questionnaires [3]  16/13 16/15 16/23
questions [5]  3/18 9/6 18/7 21/1 33/4
quite [2]  21/24 24/20
quote [1]  26/15

## R

race [4]  5/23 25/3 25/9 26/20
raise [12]  4/3 5/11 6/7 6/7 9/11 9/19 9/20 10/3 18/3 19/4 19/16 30/16
raised [7]  4/1 4/10 5/4 8/7 9/25 30/1 33/6
raising [3]  5/15 5/18 8/22
rather [3]  12/3 20/5 27/3
reach [1]  32/15
reached [3]  17/13 17/14 17/16
reaching [1]  17/17
react [1]  22/1
reading [1]  33/15
ready [2]  3/17 15/1
really [13]  4/7 4/7 8/5 9/24 10/2 16/11 17/23 22/11 22/17 22/18 27/5 30/8 32/12

reason [7]  6/4 8/10 8/17 23/15 24/9 25/14 28/15
reasonable [1]  24/1
reasons [10]  10/17 10/18 10/23 18/17 24/24 25/1 25/5 25/8 28/14 28/17
recess [3]  28/25 33/18 33/19
recognize [3]  6/16 7/5 12/25
recognized [2]  12/25 15/15
recognizes [2]  8/1 19/9
reconstruct [1]  9/2
record [7]  7/9 7/10 7/23 10/17 15/18 23/13 34/3
regard [2]  9/22 30/7
regarding [1]  11/17
related [1]  19/21
relative [2]  29/25 32/11
relevant [5]  4/24 10/21 10/22 15/16 27/1
relief [2]  5/21 25/18
religion [1]  25/7
remaining [1]  19/8
reply [3]  23/9 30/12 32/18
REPORTER [3]  1/24 34/1 34/8
request [9]  3/24 10/3 14/23 16/10 17/10 18/9 19/3 28/12 29/2
requested [1]  28/14
requesting [3]  15/7 15/7 16/24
requests [1]  21/8
require [2]  24/12 24/15
reserved [1]  18/20
respect [11]  5/9 5/15 6/14 11/4 12/11 12/17 13/20 13/25 22/2 28/12 32/3
respond [8]  3/25 6/11 18/23 23/10 25/23 29/15 29/16 30/7
responded [1]  4/1
response [4]  10/11 22/10 30/11 32/18
rest [2]  23/13 23/18
result [1]  5/13
right [26]  3/5 3/16 4/5 5/13 5/16 6/10 9/8 11/13 12/23 14/5 14/8 14/11 15/25 21/2 23/11 23/11 25/17 26/3 28/10 28/13 28/23 28/24 29/24 32/16 33/13 33/18
rightly [1]  5/6
ROSENTHAL [13]  1/14 3/9 4/18 10/8 16/20 18/23 19/25 21/3 22/1 23/12 27/24 29/19 31/23
rough [1]  9/3
RPR [1]  34/8
rubric [1]  5/16
rule [12]  6/15 6/18 10/14 11/7 15/23 19/18 19/21 22/24 23/19 24/9 27/19 27/25
rules [1]  6/18
ruling [2]  14/12 21/4
run [1]  8/6
rush [1]  21/23

## S

said [8]  5/6 9/11 14/2 17/11 20/3 28/2 28/4 30/22
same [5]  6/19 6/20 26/4 26/4 26/19
satisfy [1]  19/21
say [22]  3/17 5/18 7/3 9/5 12/1 13/3 13/5 13/10 13/11 14/15 14/18 14/18 16/21 20/1 20/23 21/6 22/5 24/3 27/4 27/5 28/12 32/23
saying [6]  10/25 12/14 13/21 21/10 22/1

24/17
says [4]  5/8 24/1 24/11 30/8
schedule [3]  29/21 33/5 33/7
scheduling [1]  33/11
SCHWARTZ [3]  1/20 1/20 3/11
scope [1]  32/10
search [3]  6/22 17/12 17/15
seated [1]  26/16
second [9]  4/7 8/12 9/19 9/20 12/10 14/3 15/21 16/14 20/6
secondly [1]  20/19
see [13]  4/14 8/4 10/10 11/5 13/11 13/12 13/13 14/19 14/22 20/19 30/10 31/20 32/18
seek [1]  16/4
seeking [12]  14/20 27/13 28/8 28/15 28/19 28/20 28/21 30/3 30/4 30/6 30/10 30/17
seemed [1]  25/8
seems [5]  3/23 8/15 10/2 14/14 23/14
selected [2]  8/10 13/4
selection [5]  6/6 11/16 24/19 24/22 26/12
selections [1]  31/25
sending [1]  10/6
sense [2]  4/24 20/17
sent [1]  15/15
September [1]  1/6
series [1]  11/10
serious [2]  8/21 20/12
serve [1]  20/17
serving [1]  15/19
set [4]  28/25 29/9 33/5 33/6
SETH [2]  1/14 3/9
seven [1]  15/14
Seventh [1]  1/15
several [2]  25/6 25/7
she [2]  13/16 30/22
should [9]  12/25 13/16 19/2 19/3 20/3 20/7 20/15 23/8 32/3
show [9]  5/10 5/12 7/17 7/19 8/16 8/17 8/18 22/23 24/8
showing [3]  5/25 6/15 32/13
side's [1]  13/15
sides [1]  31/25
similar [1]  13/24
simply [3]  6/3 7/2 13/9
simultaneous [1]  12/19
since [3]  21/13 25/4 29/6
sir [1]  16/19
sit [1]  13/14
six [11]  9/1 9/24 14/19 15/14 16/2 16/3 17/19 20/9 28/9 31/17 31/18
Sixty [2]  29/4 29/24
skipped [1]  15/4
sloppy [1]  24/7
slows [1]  14/18
so [37]
some [17]  6/22 7/3 9/5 9/21 11/16 13/16 14/16 15/1 16/10 17/12 20/1 20/1 21/9 21/25 22/12 28/13 28/25
somehow [2]  3/21 7/22
something [7]  12/5 12/12 13/24 16/21 20/7 26/21 32/13
Somewhere [1]  26/6
sorry [1]  13/23

## S

**sort [6]** 10/2 12/6 15/2 20/17 24/6 26/11
**sought [3]** 9/24 21/1 27/12
**souls [1]** 20/9
**SOUTHERN [2]** 1/2 1/12
**speak [1]** 12/13
**speaks [1]** 23/17
**specific [3]** 20/18 21/8 30/2
**specifically [2]** 10/9 18/20
**speculate [1]** 12/5
**squarely [1]** 10/13
**stack [1]** 33/15
**stage [1]** 10/20
**stand [4]** 5/5 22/6 22/24 27/24
**stand-alone [1]** 5/5
**standard [5]** 4/24 7/6 23/14 23/16 29/10
**standing [1]** 15/2
**started [1]** 15/4
**STATES [6]** 1/1 1/3 1/9 1/11 3/2 3/8
**statistical [2]** 7/3 17/14
**statistics [1]** 24/22
**Ste [1]** 1/12
**STENOTYPE [1]** 1/24
**still [6]** 6/19 6/19 22/7 22/7 26/1 30/20
**Street [3]** 1/15 1/18 2/3
**stricken [1]** 17/22
**strike [7]** 16/23 16/24 30/19 30/25 31/1 31/5 31/16
**strikes [9]** 7/8 7/23 10/23 11/4 13/6 13/15 28/15 31/6 31/7
**striking [2]** 12/19 26/5
**struck [9]** 9/15 9/16 13/15 17/21 25/8 26/3 26/17 26/19 26/19
**stuff [1]** 31/19
**submit [1]** 14/6
**submitted [1]** 10/18
**subpoenaed [1]** 11/20
**substandard [3]** 8/8 8/14 8/19
**substantial [1]** 11/11
**success [1]** 7/18
**such [3]** 10/8 11/24 16/1
**suggest [3]** 7/22 25/13 25/19
**suggesting [1]** 23/13
**suggestion [1]** 23/22
**supplemental [2]** 29/25 32/17
**supplementary [1]** 29/25
**support [2]** 15/9 17/13
**supports [2]** 17/15 17/22
**suppose [3]** 4/25 19/25 25/23
**supposition [1]** 9/2
**Supreme [3]** 11/10 11/12 15/14
**sure [5]** 14/21 22/2 23/6 24/12 31/23
**survive [1]** 18/15
**sworn [1]** 13/4
**systemic [1]** 15/13

## T

**tactically [1]** 9/10
**take [6]** 11/9 13/5 13/14 13/15 13/16 20/20
**taking [3]** 8/6 10/5 26/9
**talking [8]** 7/7 24/6 26/3 26/18 31/3 31/24 32/5 32/6
**talks [1]** 12/23
**tall [1]** 33/16

**Taylor [1]** 17/3
**tell [7]** 4/15 8/5 11/13 21/5 28/18 29/21 30/5
**terms [3]** 4/24 5/12 10/18
**than [10]** 7/13 12/3 12/4 17/1 24/21 25/2 25/14 27/3 29/12 31/18
**Thank [3]** 30/13 32/22 33/18
**that [234]**
**that's [24]** 6/14 7/14 8/9 8/11 8/15 9/3 9/12 9/18 11/23 12/24 13/7 21/1 22/23 23/1 23/21 24/10 26/2 27/1 27/4 28/10 28/23 32/8 32/14 33/13
**their [16]** 6/9 10/6 10/18 10/23 11/8 11/20 17/15 17/20 18/4 19/7 19/12 20/9 23/21 27/10 29/13 29/14
**them [5]** 8/3 10/10 17/17 19/3 31/12
**then [20]** 3/6 5/12 8/2 8/7 11/5 14/22 17/14 20/19 21/7 22/15 22/16 23/16 24/12 27/25 28/19 30/5 30/6 31/7 32/1 32/16
**there [69]**
**there's [15]** 3/23 4/4 12/5 14/21 14/22 15/23 19/14 19/14 20/7 25/13 30/8 30/8 32/1 32/13 32/13
**Therefore [2]** 19/17 24/4
**these [9]** 8/21 9/6 15/2 15/24 16/13 17/10 17/19 19/10 21/1
**they [61]**
**they're [13]** 7/21 13/4 16/9 16/10 16/12 19/8 19/10 19/11 19/17 21/16 27/9 31/1 33/8
**they've [3]** 23/21 27/21 29/6
**thing [6]** 10/9 10/16 11/13 12/1 13/8 24/6
**things [5]** 7/4 14/18 15/6 18/12 30/4
**think [25]** 4/19 4/21 7/11 7/25 12/21 13/24 14/21 15/3 15/24 17/23 20/4 20/6 22/5 23/17 25/1 28/6 29/12 29/15 30/24 32/7 32/8 33/8 33/12 33/13 33/13
**thinking [2]** 10/1 12/7
**this [52]**
**thorough [1]** 13/8
**those [18]** 7/4 7/25 9/16 10/15 17/6 17/9 20/12 20/24 24/25 25/1 25/9 25/10 26/5 28/17 31/5 31/7 31/21 32/3
**though [4]** 9/22 11/19 16/11 18/13
**thought [5]** 7/11 9/13 9/18 10/5 24/1
**three [1]** 10/20
**threshold [1]** 14/1
**through [14]** 3/24 4/17 5/7 7/1 11/8 12/18 15/6 16/7 18/5 18/5 18/6 19/7 21/23 22/8
**time [13]** 4/14 9/3 12/25 13/3 13/17 21/19 21/25 25/10 28/1 28/3 29/1 29/15 32/24
**timely [4]** 7/14 16/5 27/16 27/16
**times [1]** 28/25
**today [4]** 14/12 18/24 18/25 27/9
**together [2]** 17/15 32/24
**told [1]** 25/9
**too [1]** 17/1
**took [1]** 12/1
**transcript [2]** 1/8 34/3
**TRANSCRIPTION [1]** 1/24
**treat [1]** 4/11
**trial [25]** 4/1 4/6 4/10 5/11 6/7 6/8 6/17

8/24 9/25 12/14 12/17 12/18 13/20 16/2 16/3 18/4 18/10 18/11 18/14 23/2 23/24 24/3 24/7 27/11 28/9
**tried [2]** 17/9 32/4
**truck [1]** 21/24
**true [1]** 5/25
**Trusty [1]** 17/8
**try [2]** 21/3 24/8
**turn [1]** 22/13
**turned [1]** 16/17
**twice [1]** 11/12
**two [6]** 5/4 9/14 15/17 26/3 26/4 26/5
**type [2]** 16/13 17/10
**typically [1]** 31/16

## U

**U.S [1]** 15/20
**Ulkins [1]** 1/21
**unconstitutional [2]** 7/23 13/18
**under [9]** 5/15 6/15 6/18 6/18 7/16 19/18 22/25 27/1 27/19
**underlying [4]** 6/13 6/24 18/10 19/16
**understand [5]** 4/13 9/21 10/3 17/20 24/17
**understanding [3]** 7/11 31/14 31/15
**unearthed [1]** 11/18
**UNITED [6]** 1/1 1/3 1/9 1/11 3/2 3/8
**unless [1]** 30/22
**unrebutted [1]** 25/19
**until [4]** 4/16 13/14 21/5 33/9
**unusual [2]** 12/21 15/24
**up [15]** 3/22 4/21 7/1 12/9 13/10 13/22 14/14 19/19 19/23 22/2 23/5 25/10 26/3 28/11 29/13
**us [1]** 28/17
**used [1]** 12/19
**using [1]** 5/21

## V

**various [2]** 17/9 17/19
**Venable [1]** 1/15
**venire [1]** 15/23
**versed [1]** 29/17
**versus [1]** 3/3
**very [5]** 11/1 13/8 25/19 26/14 26/14
**viable [2]** 10/20 13/17
**view [1]** 24/20
**viewpoints [1]** 17/20
**virtue [1]** 27/21

## W

**wait [2]** 16/14 32/7
**waive [1]** 18/17
**want [21]** 6/10 6/21 8/5 9/20 9/22 12/10 14/13 16/21 19/20 20/11 20/14 20/20 27/4 27/5 27/24 28/1 28/24 28/25 29/19 33/5 33/9
**wanted [1]** 27/14
**warranted [1]** 6/3
**was [41]**
**Washington [1]** 1/16
**wasn't [6]** 9/25 11/3 16/1 16/2 23/9 25/21
**way [8]** 7/11 8/4 15/2 17/21 20/1 23/7 24/5 26/6
**we [78]**

## W

**we'd [5]**  22/3 28/10 29/2 29/20 32/24
**we'll [4]**  32/16 32/18 32/20 33/18
**we're [13]**  4/6 6/17 7/24 9/1 10/20 10/25
 16/24 23/4 26/2 27/6 27/18 30/17 32/6
**we've [13]**  6/1 13/6 18/19 21/13 23/1
 24/20 24/21 25/4 25/9 29/5 29/7 31/14
 32/2
**week [1]**  21/24
**well [31]**  5/19 6/8 8/4 9/5 11/1 13/8
 14/11 18/21 19/9 21/10 21/20 22/9
 22/22 23/6 23/23 25/1 25/10 25/18
 25/22 26/8 27/2 28/6 28/11 29/10 29/11
 29/14 29/17 30/24 31/3 31/20 31/24
**well-briefed [1]**  29/10
**went [1]**  15/6
**were [14]**  4/6 6/8 6/13 6/19 7/9 9/15
 11/20 13/6 14/19 16/17 17/21 25/8
 26/17 27/13
**what [55]**
**what do [1]**  4/12
**what's [3]**  9/6 11/5 13/23
**whatever [2]**  21/25 32/25
**when [8]**  3/22 15/4 25/10 26/9 31/25
 32/20 33/11 33/14
**where [12]**  4/8 6/16 7/5 10/13 14/19
 16/1 20/8 20/20 24/6 27/19 31/5 31/6
**whether [21]**  3/16 6/2 6/3 9/22 10/19
 10/19 11/3 11/8 12/11 13/2 13/6 13/11
 13/17 14/2 18/5 20/2 20/20 21/4 25/20
 30/21 32/13
**which [16]**  3/24 4/25 5/4 9/19 15/12
 15/23 16/5 16/23 17/12 18/14 20/4 24/3
 27/14 29/23 31/1 31/23
**while [1]**  26/2
**who [4]**  9/5 13/13 13/15 25/7
**whom [1]**  13/15
**why [17]**  7/11 8/5 8/10 9/9 9/9 12/4
 12/11 15/15 17/21 19/3 20/9 21/6 21/7
 22/23 23/1 26/7 28/18
**Wilkerson [3]**  15/9 17/6 17/8
**will [6]**  8/12 13/15 13/16 21/24 29/13
 30/6
**within [1]**  24/8
**without [1]**  17/16
**woman [2]**  13/11 26/17
**women [3]**  8/11 8/11 26/4
**wondering [1]**  12/2
**words [1]**  4/4
**would [32]**  3/25 4/20 6/13 7/13 7/22
 12/3 12/6 13/8 14/6 14/17 16/7 16/8
 17/7 19/6 19/7 19/8 19/12 20/13 21/12
 22/5 22/13 23/7 23/13 23/18 24/2 24/3
 24/15 27/15 28/2 30/18 30/18 32/23
**wouldn't [2]**  16/5 26/19
**write [1]**  29/13
**wrong [1]**  4/15

## Y

**yeah [3]**  14/15 28/10 33/17
**year [2]**  21/14 29/6
**years [10]**  9/1 9/24 14/19 16/3 16/3 16/3
 20/9 28/9 31/17 31/19
**yes [16]**  4/19 10/3 14/10 16/16 16/19
 16/22 16/22 21/10 22/3 24/15 25/19

 28/6 31/9 31/11 31/13 33/2
**yet [1]**  22/19
**you [129]**
**you'd [3]**  12/2 20/24 29/15
**you're [24]**  4/10 4/14 4/25 6/20 7/1
 14/20 15/1 20/16 21/4 21/8 21/9 22/24
 24/6 26/4 26/6 26/9 26/10 28/7 30/3
 30/4 30/10 31/24 32/5 32/10
**you've [8]**  4/13 10/11 13/2 13/21 14/6
 21/5 22/12 22/25
**your [45]**
**Your Honor [20]**  3/7 3/12 3/14 4/20 5/6
 10/12 12/19 15/3 16/22 19/1 23/12
 24/14 25/16 29/2 29/20 30/13 31/22
 31/22 32/22 33/4
**yourselves [1]**  3/5