# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM-02-178 |
| | * | |
| ALEXANDER MARTIN, | * | CIVIL NO. PJM-16-1669 |
| | * | |
| Petitioner | * | |
| | * | |
| | * | |

...oOo...

## GOVERNMENT'S RESPONSE TO EMERGENCY SUPPLEMENTAL MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255

The United States, by undersigned counsel, files this response to Petitioner's Emergency Supplemental Motion to Vacate conviction under 28 U.S.C. § 2255 (ECF No. 150-1). In light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Government concedes that kidnapping under 18 U.S.C § 1201 no longer categorically qualifies as a "crime of violence" under the force clause of 18 U.S.C. § 924(c).

## BACKGROUND

On April 17, 2002, Alexander Martin ("Petitioner") was charged in a seven-count Indictment with one count of kidnapping, in violation of 18 U.S.C § 1201 (Count One); three counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two, Four and Six); two counts of witness tampering, in violation of 18 U.S.C § 1512 (Counts Three and Five); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven). ECF No. 1 (Indictment).

1

Petitioner pled guilty to Counts One and Two of the Indictment, and the remaining five counts were dismissed on the motion of the government. According to the Indictment, the § 924(c) charge at Count Two was predicated on the kidnapping charge in Count One. ECF No. 1 at 2.

This Court sentenced Petitioner to a total of 374 months' imprisonment, consisting of 290 months' imprisonment as to Count One and 84 months' imprisonment as to Count Two, consecutively. ECF No. 56. Petitioner did not file an appeal. The Court subsequently resentenced Petitioner, pursuant to Federal Rule of Criminal Procedure 35(b), to 210 months' imprisonment as to Count One, which resulted in a total amended judgment of 294 months' imprisonment. ECF 121 (Amended Judgment).

On May 26, 2016, Petitioner filed a Motion to Vacate Judgment under 28 U.S.C. § 2255, pursuant to the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 144.

On April 1, 2019, Petitioner filed another supplement to his § 2255 Motion, requesting that this Court hold his case in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). ECF No. 148.

On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the residual clause contained in the definition of "violent felony," at 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *Davis*, 139 S.Ct. at 2336. On July 15, 2019, Petitioner filed a Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 150), requesting permission to file an Emergency Supplemental Motion to Vacate under 28 U.S.C. § 2255, which was attached as ECF No. 150-1.[1]

---

[1] The Motion to Supplement has not yet been granted. The government does not oppose the

## ANALYSIS

The government submits that Petitioner is entitled to a vacatur of his conviction for using and carrying a firearm during and in relation to a crime of violence (Count Two) following the Supreme Court's decision in *Davis*.

Section 924(c) prohibits using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). According to § 924(c)(3), a crime of violence is "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." As discussed above, the Supreme Court held in *Davis* that the residual clause portion of the definition of "violent felony" – subsection (B) – is unconstitutionally vague. *Davis*, 139 S.Ct. at 2336.

Here, Petitioner's Count Two § 924(c) conviction was based on kidnapping as prohibited by 18 U.S.C § 1201. Section 1201 provides that "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds" is guilty of federal kidnapping. *Id.* The government concedes that some means of committing this crime, such as inveigling, do not involve the use, attempted use, or threatened use of physical force against the person or property of another that is necessary to qualify as a "crime of violence" under § 924(c)(3)(A).

---

request to supplement (ECF No. 150), and responds herein to the proposed supplemental motion (ECF No. 150-1).

3

Because Petitioner's § 924(c) conviction constituted a substantial portion of his sentence, the government requests that this Court exercise its authority under 28 U.S.C. § 2255 and order a resentencing on Petitioner's remaining conviction for kidnapping (Count One).

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.
>
> [. . .]
>
> If the court finds that the judgment was entered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, *the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.*

28 U.S.C. § 2255 (emphasis added).  In the event of vacatur of a previously imposed judgment or conviction, it is well-established, based upon the above-emphasized language of § 2255, that the district court has "broad and flexible" authority "to fashion an appropriate remedy." *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997); *see also United States v. Garcia*, 956 F.2d 41, 45 (4th Cir.1992).  As the Fourth Circuit explained in *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's [unlawful sentence or erroneous conviction(s)] and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, *(3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.*" *Id.* at 661; *see also Hillary*, 106 F.3d at 1171 (noting

4

that district courts, in awarding § 2255 relief, are authorized, but not required to, conduct a full resentencing on the remaining convicted counts).

Here, Petitioner pled guilty to one count of kidnapping (Count One) and one count of using and carrying a firearm during and in relation to a crime of violence (Count Two). Because Petitioner's conviction for Count One will remain intact following vacatur of his conviction for Count Two, the government urges this Court to resentence Petitioner on the non-vacated count. *See generally United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1997) (recognizing that "in most cases involving the mandatory consecutive 5-year § 924(c) sentence, vacating that portion of the sentence radically changes the sentencing package"); *Dean v. United States*, 137 S. Ct. 1170, 1172-73 (2017) ("[N]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count.").[2]

Accordingly, the government requests that this Court vacate Petitioner's Count Two conviction in light of *Davis* and order a resentencing on Petitioner's remaining Count One, pursuant to the authority provided under 28 U.S.C. § 2255.

---

[2] Petitioner's Motion, citing to both the Supreme Court's ruling in *Dean* and the Seventh Circuit's decision in *Smith*, raises no opposition to the remedy requested by the government in this regard. *See* ECF No. 139 at 2 ("The proper remedy as a matter of procedure, if the government requests it, is to vacate Mr. Martin's sentence on all counts under the sentencing package doctrine and conduct a resentencing. *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017); *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997). If the government requests this remedy, the Court should expedite the resentencing proceeding because Mr. Martin appears to have already served 210 months in prison – the sentence of imprisonment imposed on the remaining count of conviction (Count One).").

Respectfully submitted,


Robert K. Hur
United States Attorney

By:       _____/s/_____
      Ellen Cobb
      Special Assistant United States Attorney

      _____/s/_____
      David I. Salem
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2019, copy of the foregoing Response was delivered via ECF to Paresh Patel, Esquire, counsel for the Petitioner.


By:          _____/s/_____
              Ellen Cobb
              Special Assistant United States Attorney