**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) Case No. 03-cr-00457-PJM |
| | ) |
| v. | ) |
| | ) |
| KENNETH JAMAL LIGHTY, | ) |
| | ) |
| *Defendant*. | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR
RELIEF UNDER 28 U.S.C. § 2255 SEEKING TO VACATE PETITIONER'S THREE
CONVICTIONS UNDER 18 U.S.C. § 924(c) AND PETITIONER'S DEATH SENTENCE**

Mr. Lighty respectfully submits this notice of supplemental authority to alert the Court to the Supreme Court's recent decision in *Borden v. United States*, 593 U.S. ____, 2021 WL 2367312 (June 10, 2021). *Borden* bears directly on Mr. Lighty's claim to vacate his three convictions for use of a firearm "during and in relation to a crime of violence" under 18 U.S.C. § 924(c)(1)(A), and thus on his corresponding claim for a full re-sentencing based on the inherently prejudicial effect of those invalid convictions on the jury's determination of his sentence. ECF Nos. 530 (opening brief), 608 (supplemental brief) & 636 (reply brief).

The government concedes that Mr. Lighty's Section 924(c) convictions cannot be sustained under the definition of "crime of violence" in Section 924(c)'s "residual" clause, 18 U.S.C. § 924(c)(3)(B), because the Supreme Court declared the residual clause unconstitutional in *United States v. Davis*, 139 S.Ct. 2319 (2019). ECF No. 631 at 6 n.4. The government also concedes that the Section 924(c) conviction on Count Four, which is predicated solely on the crime of conspiracy to kidnap, cannot be sustained under the definition of "crime of violence" in Section 924(c)'s "force" or "elements" clause, 18 U.S.C. § 924(c)(3)(A), because the elements of

1

conspiracy to kidnap do not satisfy that definition. *Id.* at 7. However, the government contends that the Section 924(c) convictions on Counts Three and Five, which are predicated on both kidnapping resulting in death and conspiracy to kidnap, remain valid because kidnapping resulting in death does satisfy that definition. *Id.* at 8-11.

For two independent reasons, Mr. Lighty contends the government is wrong. First, the elements of kidnapping resulting in death do not categorically require "the use, attempted use or threatened use of force against the person or property of another," which is how the force clause defines "crime of violence." ECF No. 636 at 3-7; ECF No. 608 at 5-7; ECF No. 530 at 13-17. Second, this definition of "crime of violence" requires intentional conduct, and a conviction for kidnapping resulting in death may be based on reckless conduct. *Id.* at 7-9.

*Borden* conclusively validates Mr. Lighty's second argument. A majority of the Supreme Court—a four-justice plurality and Justice Thomas concurring—held that the phrase "the use, attempted use or threatened use of force against the person of another," which defines "violent felony" in the Armed Career Criminal Act ("ACCA"), requires intentional conduct. Reckless conduct, the Court held, is not enough. *Borden*, 2021 WL 2367312, at *5 (plurality), *12 (Thomas, J., concurring). The force clause in Section 924(c), of course, defines "crime of violence" the same way ACCA defines "violent felony." *See* 18 U.S.C. § 924(c)((3)(A).

Because kidnapping resulting in death may be established by reckless conduct, ECF No. 636 at 5 (citing examples), 7-9—a fact the government acknowledges in its own briefing, ECF No. 631 at 9 (kidnapping resulting in death "will virtually always require proof that intentional *or reckless* force capable of causing physical pain or injury was used during the commission of the offense") (emphasis added)—*Borden* requires Mr. Lighty's convictions on Counts Three and Five to be vacated. Further, for the reasons previously explained, the invalidation of all three of Mr.

Lighty's three Section 924(c) convictions necessitates a full re-sentencing, not a mere sentence "correction," because of the commands of 28 U.S.C. § 2255 and the Eighth Amendment. ECF No. 636 at 12-22; ECF No. 608 at 10-17; ECF No. 530 at 17-22.

DATED: June 22, 2021                              Respectfully submitted,

                                                  /s/ Julie Brain
                                                  Julie Brian
                                                  Attorney at Law
                                                  916 S. 2nd Street
                                                  Philadelphia, PA 19106
                                                  Juliebrain1@yahoo.com
                                                  (276) 639-0417

                                                  /s/ Seth Rosenthal
                                                  Seth Rosenthal
                                                  VENABLE LLP
                                                  600 Massachusetts Avenue, NW
                                                  Washington, DC 20001
                                                  SARosenthal@Venable.com
                                                  (202) 344-4741

                                                  /s/    Leane    Renée
                                                  Leane Renée
                                                  Beth Ann Muhlhauser
                                                  Capital Habeas Unit
                                                  Federal Public Defender for the
                                                    Middle District of Pennsylvania
                                                  100 Chestnut Street, Third Floor
                                                  Harrisburg, PA 17101
                                                  Leane_Renee@fd.org
                                                  (717) 782-3843