## APPENDIX

| Lighty § 2255 Petition: Motion for Evidentiary Hearing, Court's Rulings | |
| --- | --- |
| **Claim** | **Allegations** |
| **Claim II: Ineffective Assistance of Counsel at Guilt Phase** | • Failure to Investigate and Present Evidence of Tony Mathis' Guilt – **DENIED**, issue litigated on direct appeal (*see Lighty*, 616 F.3d at 375 ("[T]here was plenty of flimsy evidence concerning Mathis' role in the crimes before the jury, which the jury understandably rejected.")) <br><br> • Failure to Object to Repeated Instances of Prosecutorial Misconduct – **DENIED**, no credibility determination necessary <br><br> • Failure to Adequately Cross-Examine Charles Whitley – **DENIED**, already addressed by the Court (ECF No. 591 at 22–23) ("[T]here is simply no basis to suppose that any evidence of Whitley's cooperation in other cases would have cut in Lighty's favor with the jury. Indeed, it might have fortified Whitley's credibility.") <br><br> • (If Court Finds That Government Did Not Withhold Whitley's Informant History) Failure to Investigate and Present Evidence of Charles Whitley's History as an Informant – **DENIED**, already addressed by the Court (ECF No. 591 at 22–23) ("[T]here is simply no basis to suppose that any evidence of Whitley's cooperation in other cases would have cut in Lighty's favor with the jury. Indeed, it might have fortified Whitley's credibility.") <br><br> • Failure to Call Anthony Leftwich to Rebut the Testimony of Ebony Miller |

9

|  |  |
|---|---|
|  | – **DENIED**, no evidence of what Leftwich would have said apart from Lighty's say-so, thus pure hearsay. No reversible error given "overwhelming" evidence of Lighty's guilt (*see Lighty*, 616 F.3d at 371 ("There is overwhelming evidence of guilt in the record and any possible error did not play a role in the outcome of either phase of Lighty's trial.")).<br><br>• Failure to Argue the Proper Grounds for Exclusion of the Afton Street Shooting – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 355–56 ("[T]he Afton Street Shooting evidence simply does not come close to meeting Rule 404(b)'s necessity prong and, therefore, the admission of such evidence was an abuse of discretion. … [However,] the admission of the Afton Street Shooting evidence did not affect the judgment in Lighty's case. The evidence of guilt presented by the government was overwhelming.")).<br><br>• Failure to Investigate and Present Evidence to Mitigate the Impact of the Afton Street Shooting – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 355–56 ("[T]he Afton Street Shooting evidence simply does not come close to meeting Rule 404(b)'s necessity prong and, therefore, the admission of such evidence was an abuse of discretion. … [However,] the admission of the Afton Street Shooting evidence did not affect the judgment in Lighty's case. The evidence of guilt presented by the government was overwhelming.")). |

| | |
|---|---|
| | • Failure to Object to Admission of Evidence of Other Crimes – **DENIED**, no credibility determination necessary |
| | • Failure to Adequately Cross-Examine Antoine Forrest – **DENIED**, no credibility determination necessary |
| | • Failure to Object to the Opening Statement of James Flood's Trial Counsel – **DENIED**, no credibility determination necessary |
| | • Cumulative Effect of Errors – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 371 ("[A]lthough we recognized (and assumed) a few harmless errors, they were not widespread or prejudicial enough to have fatally infected Lighty's trial or sentencing hearing. … There is overwhelming evidence of guilt in the record and any possible error did not play a role in the outcome of either phase of Lighty's trial.")). |
| **Claim IV: Prosecutorial Misconduct; Withholding Exculpatory Evidence** | • Non-Disclosure of Charles Whitley's History as an Informant – **DENIED**, already addressed by the Court (ECF No. 591 at 22–23 ("[T]here is simply no basis to suppose that any evidence of Whitley's cooperation in other cases would have cut in Lighty's favor with the jury. Indeed, it might have fortified Whitley's credibility.")). |
| | • Improper Presentation of Conflicting Motives for the Afton Street Shooting Through Charles Whitley – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 355–56 ("[T]he Afton Street Shooting evidence simply does not come close to meeting Rule 404(b)'s necessity prong and, |

11

|  | therefore, the admission of such evidence was an abuse of discretion … [However,] the admission of the Afton Street Shooting evidence did not affect the judgment in Lighty's case. The evidence of guilt presented by the government was overwhelming.")).<br><br>• Misrepresentation of Benefits Provided to Charles Whitley – **DENIED**, already addressed by the Court (ECF No. 591 at 22–23 ("[T]here is simply no basis to suppose that any evidence of Whitley's cooperation in other cases would have cut in Lighty's favor with the jury. Indeed, it might have fortified Whitley's credibility.")).<br><br>• Misrepresenting the Record to Secure Exclusion of Tamika Hampton's Testimony – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 358–59)<br><br>• Misrepresenting the Record to Secure Admission of the Afton Street Shooting – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 355–56 ("[T]he Afton Street Shooting evidence simply does not come close to meeting Rule 404(b)'s necessity prong and, therefore, the admission of such evidence was an abuse of discretion … [However,] the admission of the Afton Street Shooting evidence did not affect the judgment in Lighty's case. The evidence of guilt presented by the government was overwhelming.")).<br><br>• Deliberately Informing the Jury That the Hayes Family Wanted Them to Impose the Death Penalty – **DENIED**, |

12

| | |
|---|---|
| | litigated on direct appeal (*see Lighty*, 616 F.3d at 359–62)<br><br>• Failure to Disclose Lorenzo Wilson's Admission Regarding the Motive for the Afton Street Shooting – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 355–56 ("[T]he Afton Street Shooting evidence simply does not come close to meeting Rule 404(b)'s necessity prong and, therefore, the admission of such evidence was an abuse of discretion … [However,] the admission of the Afton Street Shooting evidence did not affect the judgment in Lighty's case. The evidence of guilt presented by the government was overwhelming.")).<br><br>• Cumulative Effect of Errors – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 371) |
| **Claim VI: Ineffective Assistance of Counsel at Penalty Phase** | • Failure to Investigate and Present Mitigating Evidence About Lighty's Background – **DENIED**, no credibility determination necessary<br><br>• Failure to Investigate and Present Evidence of Tony Mathis' Guilt – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 375 ("[T]here was plenty of flimsy evidence concerning Mathis' role in the crimes before the jury, which the jury understandably rejected.")).<br><br>• Failure to Object to Repeated Instances of Prosecutorial Misconduct Other Than the Improper Argument Regarding the Hayes Family's Desires – **DENIED**, no credibility determination necessary |

13

|  | • Failure to Investigate and Present Evidence to Mitigate the Impact of the Afton Street Shooting – **DENIED**, litigated on direct appeal (*see Lighty*, 616 F.3d at 355–56 ("[T]he Afton Street Shooting evidence simply does not come close to meeting Rule 404(b)'s necessity prong and, therefore, the admission of such evidence was an abuse of discretion … [However,] the admission of the Afton Street Shooting evidence did not affect the judgment in Lighty's case. The evidence of guilt presented by the government was overwhelming.")).<br><br>• Failure to Adequately Cross-Examine Trial Witnesses – **DENIED**, no credibility determination necessary<br><br>• Failure to Object to Inadmissible Victim Impact Testimony – **DENIED**, no credibility determination necessary<br><br>• Failure to Object to Inadmissible Hearsay Statements Made by Lorenzo Wilson and Charles Whitley Through Law Enforcement Testimony – **DENIED**, foreclosed by precedent (*see United States v. Umana*, 750 F.3d 320, 348 (4th Cir. 2014) ("[T]he Confrontation Clause does not preclude the introduction of hearsay statements during the sentence selection phase of capital sentencing.")).<br><br>• Failure to Object to Admission of Lighty's Prior Conviction and Accompanying Case File – **DENIED**, foreclosed by statute and precedent (*see* 18 U.S.C. § 3593 ("At the sentencing hearing, information may be presented as to any matter relevant |

14

|  | to the sentence. … Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials."); *Umana*, 750 F.3d at 347 ("A policy full of information at sentencing, unrestricted by the rules of evidence, enhances reliability by providing the sentencing jury with more relevant evidence, whether presented by the government or the defendant.")). |
|  | • Failure to Object to Admission of Lighty's Disciplinary Infraction Report – **DENIED**, foreclosed by statute and precedent) (*see* 18 U.S.C. § 3593 ("At the sentencing hearing, information may be presented as to any matter relevant to the sentence. … Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials."); *Umana*, 750 F.3d at 347 ("A policy full of information at sentencing, unrestricted by the rules of evidence, enhances reliability by providing the sentencing jury with more relevant evidence, whether presented by the government or the defendant.")). |
|  | • Failure to Correct Misleading Information Placed Before the Jury by Randy Lighty, Sr., Regarding the Possibility of Lighty's Release – **DENIED**, no credibility determination necessary |
|  | • Failure to Properly Argue for a Mercy Instruction – **DENIED**, foreclosed by precedent (*see United States v. Caro*, 597 F.3d 608, 632–33 (4th Cir. 2010) (holding that 18 U.S.C. § 3591 requires the imposition of death after a jury finds it is justified)); also litigated |

15

| | |
|---|---|
| | on direct appeal (*see Lighty*, 616 F.3d at 366–67 ("Lighty's challenge to the district court's refusal to instruct the jury that it was never required to impose the death penalty regardless of its findings with regard to aggravating and mitigating factors is foreclosed by *Caro*.")). <br><br> • Failure to Object to Improper Jury Instructions – **DENIED**, procedurally defaulted[1] <br><br> • Cumulative Effect of Errors – **DENIED**, litigated on direct appeal (*Lighty*, 616 F.3d at 371 ("[A]lthough we recognized (and assumed) a few harmless errors, they were not widespread or prejudicial enough to have fatally infected Lighty's trial or sentencing hearing. … There is overwhelming evidence of guilt in the record and any possible error did not play a role in the outcome of either phase of Lighty's trial.")). |
| **Claim VIII: Ineffective Assistance of Counsel on Direct Appeal** | • Failure to Raise Challenges to the Composition of Lighty's Jury – **DENIED**, already addressed by the Court (ECF Nos. 538 at 61) ("In all, the record as a whole fails to persuade the Court that the Government engaged in purposeful discrimination against women or African-American |

---

[1] To be sure, a § 2255 motion, not a direct appeal, is ordinarily preferable for resolving claims of ineffective assistance of counsel. *See Masssaro*, 538 U.S. at 504 ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). However, Lighty could—and should—have raised any challenges to the Court's jury instructions on direct appeal. Therefore, the Court finds that this allegation is procedurally defaulted. *Cole v. Stevenson*, 620 F.2d 1055, 1056–57 (4th Cir. 1980). In any case, no evidentiary hearing is required as to the propriety *vel non* of the Court's instructions.

Just for the record, however, one of those grounds of objection to the Court's instructions was that the Court inadequately instructed the jury as to the degree of certainty required to impose the death penalty. But that ground is foreclosed by binding precedent. *See United States v. Runyon*, 707 F.3d 475, 516 (4th Cir. 2013) ("[T]he FDPA does not require the jury to find that the aggravating factors outweigh the mitigating factors beyond a reasonable doubt, and the jury therefore need not be so instructed."). Other objections to the Court's instructions will be addressed in the forthcoming opinion dealing with the remaining aspects of the Motion to Vacate.

| | |
|---|---|
| | women in exercising its peremptory strikes.")<br><br>• Failure to Argue the Proper Standard of Review as to the Government's Improper Penalty Phase Argument – **DENIED**, no credibility determination necessary; also litigated on direct appeal (*see Lighty*, 616 F.3d at 359-62)[2] |
| **Claim IX: Cumulative Effect of Errors** | N/A |

---

[2] The Fourth Circuit did not directly address this issue on appeal. The court did address the issue of two allegedly improper arguments the Government made in closing argument at sentencing, to the effect that the Hayes family essentially desired that the death penalty be imposed: "With regard to the propriety of the AUSA's statements, there is little doubt that the statements were improper." *Lighty*, 636 F.3d at 361. The court went on to say, however: "[W]eighing all of the relevant factors, we find that the AUSA's two improper statements did not affect Lighty's substantial rights." *Id.* at 362. Other relevant factors mentioned by the appeals court were that: (1) the remarks did not have a tendency to mislead the jury, because there was no evidence concerning what penalty the Hayes family thought was appropriate; (2) the two statements were isolated in a closing argument spanning 27 pages of trial transcript; (3) evidence of Lighty's guilt during the guilt phase of the trial was overwhelming; and (4) the district court gave a curative instruction that the jury should not consider the desires of the Hayes family.

17