**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff*, | ) | **Case No. 03-cr-00457-PJM** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KENNETH JAMAL LIGHTY,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**REPLY IN SUPPORT OF PETITIONER'S AMENDED MOTION FOR RELIEF
UNDER 28 U.S.C. § 2255 SEEKING TO VACATE PETITIONER'S THREE
CONVICTIONS UNDER 18 U.S.C. § 924(c) AND PETITIONER'S DEATH SENTENCE**

**INTRODUCTION**

The government concedes that each of Mr. Lighty's three convictions under 18 U.S.C. § 924(c) must be vacated because none of them is predicated on a crime of violence. ECF No. 631 (conceding the Count Four conviction is invalid because it is predicated on conspiracy to kidnap, which is not a crime of violence); ECF No. 671 (conceding the Count Three and Five convictions must be vacated because they are predicated on kidnapping resulting in death and conspiracy to kidnap, which are not crimes of violence). The only remaining question is whether Mr. Lighty is entitled to a full "resentencing" on the two remaining counts of conviction, including his conviction for capital kidnapping resulting in death, or need only have his sentence on those two counts ministerially "corrected." 28 U.SC. § 2255 (if relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or *resentence him* or grant a new trial or *correct the sentence* as may appear appropriate) (emphasis added). As explained at length in Mr. Lighty's prior briefing, Section 2255 and the Eighth Amendment require a full resentencing before a new jury because it is impossible to conclude that the original jury's vote for death was

wholly unaffected by their consideration of the invalid Section 924(c) counts. ECF No. 636 at 2-3, 12-22; ECF No. 608 at 2, 10-17; ECF No. 530 at 1-2, 17-22.

The government argues that a resentencing on Count One is unnecessary because this Court was statutorily bound to accept the jury's recommendation of death and so lacks the authority to vacate Mr. Lighty's death sentence. ECF No. 671 at 10-12. The government also argues that resentencing on Count Two is unnecessary because of the concurrent sentencing doctrine, which obviates the need to review a concurrent sentence when its invalidation cannot change the defendant's overall sentence due to the validity of a separate sentence of equal or greater duration. *Id.* at 13-14.

Both arguments are incorrect. The binding nature of the jury's penalty phase verdict has zero bearing on whether the Court may subsequently invalidate Mr. Lighty's death sentence based on a meritorious Section 2255 motion. If the government were correct, no post-conviction court could *ever* vacate a death sentence, no matter how unlawful. The concurrent sentence doctrine is also irrelevant. The only material question here is the effect of the invalidation of Mr. Lighty's invalid Section 924(c) convictions on Count One. Mr. Lighty acknowledges that, whatever his sentence on Count One—death or mandatory life—his sentence on Count Two would not affect his overall sentence.

Section 2255 requires that, once this Court vacates Mr. Lighty's sentences on Counts Three, Four, and Five, it must put him in the exact same position he would have been in had he never been charged with those three offenses. ECF No. 636 at 12-22. Correspondingly, the Eighth Amendment requires resentencing when there is a possibility that an invalid conviction influenced even a single juror to recommend death. *Id.*; ECF No. 608 at 10-14; ECF No. 530 at 14-17. The only way to put Mr. Lighty in exactly the same position he would have been in had the government

2

not charged him with three Section 924(c) offenses that were not even crimes, and to address the indisputable possibility the convictions on those three charges influenced at least one juror's penalty phase deliberations, is to "resentence" him on Count One. ECF No. 636 at 12-22; ECF No. 608 at 10-17. That requires empaneling a new jury and holding a new penalty phase trial.

I.     **The government ignores the law that requires this Court to vacate Mr. Lighty's entire sentence and hold a new sentencing hearing.**

The government first opposed Mr. Lighty's supplemental motion to vacate (ECF Nos. 530 & 608) in December 2019. ECF No. 631. In January 2020, Mr. Lighty submitted a reply brief in support of his motion, which included approximately 10 pages of briefing on why, contrary to government's arguments, the law requires this Court to vacate Mr. Lighty's sentence on Count One and grant him a full resentencing. ECF No. 636 at 12-22. Aside from conceding that all three of Mr. Lighty's Section 924(c) convictions are invalid, the government ignores everything in that reply brief.

First, the government ignores Mr. Lighty's argument that the text of Section 2255 requires this Court to "resentence" Mr. Lighty and precludes this Court from merely "correct[ing]" his overall sentence. Section 2255(b) explicitly states that this Court has two options following the invalidation of Mr. Lighty's three Section 924(c) convictions: "resentence" him or "correct" his sentence. 28 U.S.C. § 2255(b); ECF No. 636 at 12 (quoting *United States v. Hadden*, 475 F.3d 652, 661, 667 (4th Cir. 2007)); *see also* ECF No. 604 at 14. But Section 2255 requires this Court to select the option that puts Mr. Lighty in the *exact* same position he would have been in had he never been charged with, or convicted of, those three offenses. ECF No. 636 at 13-14; ECF No. 608 at 14-17. The only option that accomplishes that goal is a full resentencing due to the possibility—and indeed, probability—that at least one juror's vote for death was tainted by Mr. Lighty's three unlawful Section 924(c) convictions. ECF No. 636 at 12-20; *see* ECF No. 608 at

3

10-14; ECF No. 530 at 17-22. Shortly before rendering its verdict of death, the penalty phase jury heard all the government's guilt phase evidence on the three invalid Section 924(c) counts, it was erroneously instructed that each was predicated on "crimes of violence,"[1] it deliberated over each count, it rendered guilty verdicts on each count, and it was then instructed to consider all the guilt phase evidence during its penalty phase deliberations. ECF No. 636 at 12-20; ECF No. 608 at 12-14; ECF No. 530 at 20-21. The mere sentence correction that the government requests would require this Court to baselessly assume that *every* juror (in defiance of this Court's instructions) set all of this aside during the penalty phase deliberations. *Id.* A resentencing, therefore, is the only way to put Mr. Lighty in the *exact* position he would have been in had he never been charged with the Section 924(c) counts. ECF No. 636 at 12-20; ECF No. 608 at 10-14; ECF No. 530 at 17-22.

Second, and relatedly, the government ignores Mr. Lighty's argument that the Eighth Amendment's "special need for reliability in the determination of death" requires a full resentencing. ECF No. 608 at 10-14 (quoting *Johnson v. Mississippi*, 486 U.S. 578, 583 (1988)); ECF No. 636 at 15-16; ECF No. 530 at 17-22. Like the terms of Section 2255, the Eighth Amendment's need for reliability precludes this Court from speculating (as the government requests) that there is *no possibility* that even a single juror's penalty phase vote for death was tainted by Mr. Lighty's three unlawful Section 924(c) convictions. *Id.*

Third, and finally, the government ignores Mr. Lighty's argument that the sentencing package doctrine is a helpful analog that underscores the need for resentencing because "merely excising the mistaken sentence for one count won't put the defendant in the same position as if

---

[1] This instruction also constituted an erroneous directed verdict on one of the proportionality factors during the penalty phase. ECF No. 608 at 13-14; ECF No. 636 at 19 n.4.

no error had been made." ECF No. 636 at 21-22 (quoting *United States v. Brown*, 879 F.2d 1231, 1239 (11th Cir. 2018)); ECF No. 608 at 14-17.

**II.    It is irrelevant to the resolution of this motion that this Court was statutorily required to impose the jury's recommendation of a death sentence on Count One.**

The government contends that this Court "has no authority to discard the jury's verdict in the context of a resentencing arising from a collateral challenge of an entirely separate conviction." ECF No. 671 at 11. But the fact that 18 U.S.C. § 3594 required this Court to impose the jury's recommendation of death has nothing to do with this Court's authority to resentence Mr. Lighty on Count One. The binding nature of a capital jury's sentencing recommendation does not permanently insulate a death sentence from post-conviction review and correction. It simply prevents a court, *at the trial stage*, from imposing any sentence other than the one recommended by the jury. *United States v. Runyon*, 652 F. Supp. 2d 716, 719 (E.D. Va. 2009) ("While the statute does not provide the court discretion to impose a *contrary verdict,* the statute does not necessarily prevent the court from *vacating* the jury's verdict where the verdict is improperly reached.") (emphasis in original).

In *Runyon*, the United States District Court for the Eastern District of Virginia considered an argument very similar to the one the government makes here. The court forcefully rejected it, accurately observing that it would altogether nullify Section 2255 in federal death penalty cases:

> The United States' position, taken to its logical extreme, would leave a defendant with no post-trial remedy, other than appeal, for correction of potentially obvious, prejudicial error during the selection/penalty phase, and would leave the trial court with no opportunity to address error in a proceeding before it. The court finds no law supporting this position and finds that such a position does not comport with reason, due process, or the traditional powers of the federal courts. This court will not abandon its inherent powers, especially in a case such as this where the gravity of the selection/penalty phase beseeches the court to ensure the defendant the fullest and fairest procedures.

*Id.*

To be clear, Mr. Lighty does not ask this Court to impose any sentence on Count One other than one properly recommended by a jury empaneled under 18 U.S.C. § 3593. A district court is, of course, bound to impose a sentencing jury's *lawful* recommendation under 18 U.S.C. § 3593. But for the reasons set forth above and in Mr. Lighty's prior briefing, the invalidation of three of Mr. Lighty's five convictions renders the jury's death recommendation *unlawful*, as it is impossible to conclude that the invalid convictions did not taint the vote for death of at least one member of Mr. Lighty's jury. Therefore, this Court must vacate the sentence resulting from the jury's recommendation, empanel a new jury under Section 3593, and then impose the sentence the new jury recommends under Section 3594. *See* Section I, *supra*.

III.    **The concurrent sentence doctrine has no application here.**

The government argues that the concurrent sentence doctrine obviates the need for this Court to resentence Mr. Lighty on Count Two. ECF No. 671 at 13-14. But Mr. Lighty's life sentence on Count Two has no practical impact here. If this Court grants Mr. Lighty's request for resentencing on Count One, a newly empaneled sentencing jury will render a verdict of death, or a mandatory sentence of life imprisonment. 18 U.S.C. § 3594. Either way, Mr. Lighty's concurrent life sentence on Count Two will have no impact on his overall sentence.[2]

---

[2] While Mr. Lighty is entitled to relief, the same is true if this Court denies Mr. Lighty's request for resentencing since he would remain subject to a death sentence.

6

**CONCLUSION**

For the foregoing reasons, as well as those set forth in Mr. Lighty's prior briefing, *see* ECF Nos. 530, 608, 636, 649, the convictions and sentences on Counts Three, Four, and Five should be vacated, Mr. Lighty's judgment should be vacated and set aside, and Mr. Lighty should be granted a new sentencing hearing.

DATED: January 19, 2023                    Respectfully submitted,

/s/*Beth   Ann   Muhlhauser*
Beth Ann Muhlhauser
Leane Renée
Assistant Federal Defenders
Capital Habeas Unit
Federal Public Defender for the
Middle District of Pennsylvania
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Beth_Muhlhauser@fd.org
(717) 782-3843


/s/ *Julie Brain*
Julie Brain
Attorney at Law
916 S. 2nd Street
Philadelphia, PA 19106
Juliebrain1@yahoo.com
(276) 639-0417