

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Ellen E. Nazmy*                *Mailing Address:*                *Office Location:*                DIRECT: 301-344-4126
*Assistant United States Attorney*   *6500 Cherrywood Lane, Suite 200*   *6406 Ivy Lane, 8th Floor*   MAIN: 301-344-4433
*Ellen.Nazmy@usdoj.gov*         *Greenbelt, MD 20770-1249*       *Greenbelt, MD 20770-1249*        FAX: 301-344-4516

May 24, 2024

The Honorable Peter J. Messitte
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 21201

        Re:      <u>United States v. Kenneth Lighty, PJM-03-457 (D. Md.)</u>
                 Government's Sentencing Memorandum

Dear Judge Messitte:

I write in advance of the resentencing that has been scheduled to take place in this matter on June 6, 2024 at 11:00am, to advise the Court that the government is no longer seeking the death penalty and to ask the Court to impose the maximum sentence of incarceration – life imprisonment on both remaining counts of conviction. We respectfully set forth below a brief summary of the facts and procedure of the case, as well as discussion of the factors set forth at 18 U.S.C. § 3553(a).

At the original sentencing on February 28, 2006, the government sought the death penalty for the defendant's conviction for Count One, kidnapping resulting in death, for the cold-blooded killing of Eric Larry Hayes, II. While the sentence was initially justified by the defendant's abhorrent conduct, the government believes, upon vacatur of three counts of conviction and in light of the changed sentencing landscape, that the need to treat like cases alike militates in favor of a withdrawal of that original recommendation of death. The government respectfully requests that this Court sentence the defendant to consecutive sentences of life imprisonment on both remaining counts of conviction.

**I.      The Defendant Was Sentenced To Death for Kidnapping Resulting in Death, Life Imprisonment for Kidnapping Conspiracy, and Consecutive Terms Totaling 55 Years for Three Charges of Using A Firearm During a Crime of Violence for the Brutal Kidnapping and Murder of Eric Larry Hayes, II.**

1

On October 8, 2003, a federal grand jury returned an indictment, charging the defendant with five criminal counts. ECF 1. Specifically, the indictment charged the defendant with:

(1) the kidnapping of Eric Larry Hayes, II, which resulted in his death, in violation of 18 U.S.C. § 1201(a)(1) (Count One);

(2) kidnapping conspiracy, in violation of 18 U.S.C. § 1201(c) (Count Two);

(3) the use of a firearm in relation to the kidnapping of Eric Larry Hayes, II, in violation of 18 U.S.C. § 924(c) (Count Three);

(4) the brandishing of a firearm in relation to the kidnapping conspiracy, in violation of 18 U.S.C. § 924(c) (Count Four); and

(5) the use of a firearm in relation to the killing of Eric Larry Hayes, II, in violation of 18 U.S.C. § 924(c) (Count Five).

ECF 1.

The matter proceeded to trial. At trial, the government presented evidence showing that on the evening of January 3, 2002, the defendant and co-conspirators kidnapped Eric Larry Hayes, II, from an alley in Southwest Washington, D.C., where Hayes had offered to sell them drugs. They pointed a gun at both Hayes and Hayes' friend. They forced Hayes into the trunk of their car and drove him to a residential street in Hillcrest Heights, Maryland. There, Lighty pulled Hayes from the car and shot him execution-style in the head, face, and limbs while Hayes knelt on the ground pleading for his life.[1]

On October 21, 2005, the jury convicted the defendant on all counts. ECF 186. The case then proceeded to the sentencing phase of trial, and the same jury voted unanimously to impose the death penalty for the capital offense of kidnapping resulting in death. ECF 248.

On February 28, 2006, this Court sentenced the defendant to death for kidnapping resulting in death (Count One), life in prison for kidnapping conspiracy (Count Two), and consecutive terms totaling 55 years for three counts of using a firearm during a crime of violence under 18 U.S.C. § 924(c) (Counts Three, Four, and Five). ECF 249.

After losing his direct federal appeal, the defendant filed a motion to vacate under 28 U.S.C. § 2255. ECF 434. While this motion was pending, along with many other filings, the defendant supplemented his habeas petition with the claim that his § 924(c) convictions in Counts Three, Four, and Five were invalid because the predicate crimes (kidnapping and kidnapping resulting in death) were not proper predicate "crimes of violence" in light of the Supreme Court's decisions in *United States v. Davis*, 588 U.S. 455 (2019) and *United States v. Borden*, 593 U.S. 420 (2021). ECF Nos. 608, 649.

---

[1] The Fourth Circuit recited the facts established at trial in its opinion affirming Lighty's convictions. *See United States v. Lighty*, 616 F.3d 321 (4th Cir. 2010). These facts are also included in the Presentence Report.

On April 13, 2023, this Court entered a memorandum and order granting habeas relief. ECF Nos. 678, 679.  Specifically, this Court held that the convictions under Counts Three, Four, and Five must be vacated based on the changes in the law presented in *Davis* and *Borden*.  The Court ordered a resentencing on the remaining counts.  On May 22, 2024, the government filed a withdrawal of its notice of intention to seek the death penalty.   ECF 693.

## II.       The Relevant 3553(a) Factors Militate in Favor of the Recommended   Sentence

The government respectfully submits that, under the relevant 3553(a) factors, this Court should impose the maximum sentence of incarceration, that is, consecutive sentences of life imprisonment for the two remaining counts of conviction.

In terms of the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), the crimes described above were despicable.  The defendant abducted then murdered the victim in cold blood, shooting him execution-style while he begged for his life.  In preparation for this resentencing, the government has reached out to the victim's family.  Members of the victim's family have expressed frustration and anger that the defendant is being given a second chance whereas their loved one, Eric Larry Hayes, II, is not.  The nature and circumstances of the offense merit a serious sentence.

The history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), also militate in favor of a strong sentence.  Aside from the crimes of conviction described above, this defendant also killed Antoine Newbill in a separate drive-by shooting.   The government also acknowledges the defendant's relative youth at the time of the offense.

In addition to these facts, under *Pepper v. United States*, 562 U.S. 476 (2011), this Court may consider post-sentencing conduct in fashioning the new sentence.  The Court should therefore consider the defendant's conduct in BOP at resentencing.  While the defendant has taken some classes in BOP, the record does not show extraordinary efforts at rehabilitation. Exhibit 1 (Defendant's Programming History).  Moreover, as of January 2024, $5,353.12 in restitution to the victim's family remains outstanding.  *See id.*  The defendant's efforts are not comparable to the kind of efforts other inmates have taken to partake in BOP programming.  *See United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019) (detailing rehabilitation efforts of inmate with lengthy sentence).  Additionally, the defendant has multiple disciplinary infractions, including possession of a dangerous weapon, introduction of drugs and/or alcohol, fighting, assault, phone abuse, and disobeying orders.  Exhibit 2 (BOP Disciplinary History).

In addition to these factors, the sentence must also provide both specific and general deterrence, 18 U.S.C. § 3553(a)(2)(B), for the crimes the defendant has committed.

 The defendant here did grievous harm to his victim in this case, to the victim of the drive-by shooting, and to our community in general.  Accordingly, the government submits that the Court should impose the maximum sentence of incarceration available in lieu of the death penalty, consecutive sentences of life imprisonment on both remaining counts of conviction.

Very truly yours,

Erek L. Barron
United States Attorney

By:    \_\_\_\_/s/_____
Ellen E. Nazmy
Assistant United States Attorney

4